CARREA CHRISTOPHER JR.
NAME
P77287
PRISON NUMBER

5150 O'BYRNES FERRY ROAD
CURRENT ADDRESS OR PLACE OF CONFINEMENT

JAMESTOWN, CALIFORNIA, 95327
CITY, STATE, ZIP CODE

FILED

'07 NOV 16 PM 4: 19

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

CARREA CHRISTOPHER JR.,
(FULL NAME OF PETITIONER)

PETITIONER

v.

DIRECTOR OF THE STATE OF CALIF.
DEPARTMENT OF CORRECTION,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT

THE COUNTY OF SAN DIEGO and
SUPERIOR COURT

The Attorney General of the State of
California, Additional Respondent.

Civil No. '07 CV 2197 JS (NLS)
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

### PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
THE COUNTY OF SAN DIEGO, CALIFORNIA SUPERIOR COURT

2. Date of judgment of conviction: JULY 20, 2007

3. Trial court case number of the judgment of conviction being challenged: CE269321

4. Length of sentence: SEVEN YEARS

CIV 68 (Rev. Dec. 1998)                                          K:\COMMON\FORMS\CIV-68.

S153340

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

In re CHRISTOPHER CARREA on Habeas Corpus

The application for stay and petition for writ of habeas corpus are denied.

SUPREME COURT
FILED

JUL 1 8 2007

Frederick K. Ohlrich Clerk

_____
Deputy

**GEORGE**
_____
Chief Justice

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

F I L E D
Stephen M. Kelly, Clerk

MAY 1 4 2007

Court of Appeal Fourth District

| | |
|---|---|
| CARREA CHRISTOPHER, JR., | D050828 |
| Petitioner, | (San Diego County Super. Ct. No. CE 269321) |
| v. | |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

THE COURT:

The court treats petitioner's petition for writ of habeas corpus as a petition for writ of mandate. The petition has been read and considered by Presiding Justice McConnell and Associate Justices McIntyre and O'Rourke. The petition is denied.

McCONNELL, P. J.

Copies to: All parties

5. Sentence start date and projected release date: <u>MARCH 13, 2007-OCTOBER 14, 2007</u>

_____

6. Offense(s) for which you were convicted or pleaded guilty (all counts): _____

   PENAL CODE 273.5 _____

   _____

7. What was your plea? (CHECK ONE)
   (a) Not guilty    XXXXXXXXXX
   (b) Guilty        ☐
   (c) Nolo contendere   ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury      XXXX
   (b) Judge only ☐

9. Did you testify at the trial?
   ☐ Yes XXXX No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☐ Yes XXXX No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: _____
    (b) Date of result, case number and citation, if known: _____

    _____

    (c) Grounds raised on direct appeal: _____

    _____

    _____

    _____

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: _____
    (b) Date of result, case number and citation, if known: _____

    _____

    (c) Grounds raised: _____

    _____

    _____

    _____

CIV 68 (Rev. Dec. 1998)

K:\COMMON\FORMS\CIV-68.

**13.** If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a)  Result: _____

    (b)  Date of result, case number and citation, if known: _____

          _____

    (c)  Grounds raised: _____

          _____

          _____

          _____

### COLLATERAL REVIEW IN STATE COURT

**14.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?

XXX☒ Yes ☐ No

**15.** If your answer to #14 was "Yes," give the following information:

    (a)  **California Superior Court** Case Number: CE269321

    (b)  Nature of proceeding: STATE OF CALIFORNIA PENAL CODE

          1381 HEARING

    (c)  Grounds raised: PENAL CODE 1381, SIXTH AND FOURTEENTH

    AMENDMENT OF THE UNITED STATES CONSTITUTION

    _____

    _____

    (d)  Did you receive an evidentiary hearing on your petition, application or motion?

    XXX☒ Yes ☐ No

    (e)  Result: PENAL CODE 1381 DISSMISSIAL MOTION DENIED

    (f)  Date of result: APRIL 20, 2007

**16.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?

XXX☒ Yes ☐ No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number: D050828

    (b) Nature of proceeding: WRIT OF HABEAS CORPUS

    (c) Grounds raised: FIFTHE , SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND PENAL CODE 1381

    (d) Did you receive an evidentiary hearing on your petition, application or motion? XXXYes ☐ No

    (e) Result: PETITION DENIED

    (f) Date of result: MAY 14, 2007

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**? XXXYes ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number: S153340

    (b) Nature of proceeding: WRIT OF HABEAS CORPUS PETITION

    (c) Grounds raised: FIFTH, SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION VIOLATION

    (d) Did you receive an evidentiary hearing on your petition, application or motion? ☐ Yes XXXNo

    (e) Result: DENIED WITH NO REASON

    (f) Date of result: JULY 18, 2007

20.  If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

N / A _____

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

21.  Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    X X X☒ Yes ☐ No      (IF "YES" SKIP TO #22)
    (a)  If no, in what federal court was the prior action filed? _____
    (i)  What was the prior case number? _____
    (ii)  Was the prior action (CHECK ONE):
        ☐ Denied on the merits?
        ☐ Dismissed for procedural reasons?
    (iii) Date of decision: _____
    (b)  Were any of the issues in this current petition also raised in the prior federal petition?
        ☐ Yes ☐ No
    (c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☐ No

_____

CAUTION:
  ●  **Exhaustion of State Court Remedies:**  In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

  ●  **Single Petition:**  If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

  ●**Factual Specificity:**  You must state facts, not conclusions, in support of your grounds.  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do.  A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

_____

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

   (a) **GROUND ONE**: THE DENIAL OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUION EQUAL PROTECTION OF THE LAW, DUE TO THE SPEEDY TRIAL RIGHTS VIOLATION AND PURPOSEFUL DISCRIMINATION

   Supporting FACTS (state *briefly* without citing cases or law) THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT REQUIRES THAT STATUTES OR REGULATIONS BE SUFFICIENTLY SPECIFIC TO PROVIDE FAIR NOTICE OF WHAT THEY PROSCRIBE. A STATUTE WHICH EITHER FORBIDS OR REQUIRES THE DOING OF AN ACT IN TERMS SO VAGUE THAT MEN OF COMMON INTELLIGENCE MUST NECESSARILY GUESS AT ITS MEANING AND DIFFER AS TO ITS APPLITION, VIOLATES THE FIRST ESSENTIAL ELEMENT OF DUE PROCESS AND SHOULD BE VOID.(SEE CONNALLY V. GENERAL CONSTRUCTION CO., 269 U.S. 385, 391, 46 S. CT. 126, 127)

     THE STATE OF CALIFORNIA IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION EQUAL PROTECTION OF THE LAW, ALLOWS WHITE INDIVDUALS THE SPEEDY TRIAL STATUTE, (PENAL CODE 1381)BUT DOES NOT ALLOW MINORITIES SUCH AS THE PETITIONER, CARREA CHRISTOPHER JR., THE SAME SPEEDY TRIAL RIGHS, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUION, 42 USC 1981, 42 USC 1983, 42 USC 1985, 42 USC 1986 AND EQUAL PROTECTION LAW. NO WHITE MAN HAS EVER CAME TO THIS COURT FOR A PETITION FOR A SPEEDY TRIAL VIOLATION WHO HAS PRESENTED THE DISTRICT ATTORNEY WITH A DEMAND FOR SPEEDY TRIAL AS THE PETITIONER HAS, RECIEVED A LETTER OF ACKNOWLEDGMENT FROM THE

(SEE ATTACHED GROUND ONE ATTACHMENT)
FOR CONTINUATION OF GROUND ONE

   Did you raise **GROUND ONE** in the California Supreme Court?
XX☒ Yes ☐ No.

1  DISTRICT ATTORNEY THEY RECIEVED THE DEMAND, AS THE PETITIONER OF

2  THIS CASE DID AND STILL BE SENT TO TRIAL TWICE THE REQUIRED

3  AMOUNT OF TIME AS THE PETITONER,  CARREA CHRISTOPHER JR.,  HAS

4  IN THIS CASE,  BECAUSE 90 DAYS AFTER A WHITE INDIVDUALS SENDS

5  A DEMAND FOR TRIAL THE CASEW GETS DISMISSED,  BUT IF YOU ARE A

6  MINORITY IN SAN DIEGO COUNTY AS THE PETITIONER,  THE CASE DOES

7  NOT.

8         THE FACT THE STATE OF CALIFORNIA,  PROVIDES PENAL CODE

9  1381 STATUTE OF CALIFORNIA TO PROTECT ALL CALIFORNIA CITIZEN

10  SPEEDY TRIAL RIGHT.  ALL CALIFORNIA CITIZEN MUST HAVE THIS RIGHT,

11  DUE TO THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

12  EQUAL PROTECTION CLAUSE.(SEE ALSO 42USC 1981 AND 42 USC 1983)

13  THE PETITIONER, CARREA CHRISTOPHER JR.,  WAS DENIED THE PROTECTION

14  OF THE STATE OF CALIFORNIA PENAL CODE 1381 IN VIOLATION OF THE

15  EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED

16  STATES CONSTITUTION.  THE STATE OF CALIFORNIA PENAL CODE 1381

17  CONTAINS REQUISITE PREDICATES AND EXPLICITLY MANDATORY LANGUAGE

18  AND THERE IS A DEPRIVATION OF SUBSTANTIVE RIGHTS PROTECTED BY THE

19  FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.  THE

20  RIGHT TO SPEEDY TRIAL AND THE DUE PROCESS CLAUSES ARE FUNDAMENTAL

21  RIGHTS GUARANTEED BY THE FOURTEENTHJ AMENDMENT OF THE UNITED

22  STATES CONSTITUTION.  THE LENGHTH OF DELAY IN THIS CASE WAS BAD

23  FAITH AND NEGLIGENCE.  THE INVESTIGATION OF THE POLICE DEPT.

24  WAS COMPLETED IN DECEMBER 2006,  BUT THE DISTRICT ATTORNEY

25  OFFICE REFUSED TO FILE, DESPITE A SPEEDY TRIAL DEMAND UNTIL

26  MARCH 22, 2007,  DESPITE A DECEMBER  5,  2006 ARREST.  THE

27  PROSECUTION,  REFUSES TO GIVE A  REASON FOR THE DELAY.  THE

28  PETITIONER ASSERTED HIS SPEEDY TRIAL RIGHTS OVER AND OVER AGAIN.

                    PAGE ONE OF GROUND ONE ATTACHMENT

1    THE DELAY CAUSED SERIOUS PREJUDICE TO THE PETITIONER. THERE WAS

2    MEMORY LOSS WITH ALL WITNESSES.  THE PETITIONER, WAS DENIED THE

3    VIDEO OF THE ALLEGED INCIDENT, DUE TO THE VIDEO BEING KEPT ONLY

4    TWO WEEKS IN ALL CASES.  MOST WITNESSES HAD MOVED.  DURING THE

5    TRIAL MOST WITNESSES COULD NOT REMEMBER THE INCIDENT IT WAS SO

6    LONG.  THE WITNESS LYRIE KYLE WHO WAS FOUND COULD NOT EVEN

7    REMEMBER WHY SHE WAS THERE.

8        THE PETTTIONER, CHRISTOPHER CARREA JR., WAS ARRESTED AND

9    CHARGED WITH PENAL CODE 273.5, 236 AND 422, DECEMBER 5, 2006.

10    (SEE SAN DIEGO COUNTY SHERIFF DEPARTMENT BOOKING SHEET EXHIBIT A)

11    THE PTITIONER, FILED A 1381 NOTICE OF DEMAND FOR TRIAL

12    DECEMBER 20, 2006.(SEE EXHIBIT B, PENAL CODE 1381, NOTICE AND

13    DEMAND FOR TRIAL)  THE COUNTY OF SAN DIEGO DISTRICT ATTORNEY

14    OFFICE RECIEVED THE 1381 NOTICE OF DEMAND FOR TRIAL AND SENT

15    A LETTER OF ACKNOWLEDGMENT.(SEE EXHIBIT C, THE LETTER OF THE

16    ACKNOWLEDGMENT FROM THE DISTRICT ATTORNEY OFFICE)  THE PETITIONER,

17    MOTION THE COURT AFTER 90 DAYS, PURSUANT TO PENAL CODE SECTION

18    1381 TO DISMISS, APRIL 5, 2007.(SEE EXHIBIT D, THE PRELIMINARY

19    HEARING AND 1381 MOTION HEARING)  THE COURT DECIDED THE

20    PROSECUTION WAS NOT SERVED, THEREFORE MADE COPIES OF THE MOTION

21    AND SERVED THE DISTRICT ATTORNEY IN COURT AND DENIED THE MOTION

22    WITHOUT PREJUDICE, AND SET A HEARING DATE FOR THE MOTION OF APRIL

23    20, 2007.(SEE EXHIBIT D, THE 1381 FIRST HEARING ON THE FOLLOWING

24    PAGES 2-5 AND 45-47)

25        THE COURT STATED SO WHAT IF WE ARE BRAKING OUR OWN LAWS

26    BY BEING OVER 90 DAYS, WE ARE MOVING ALONG NOW. (SEE EXHIBIT E

27    THE SECOND 1381 HEARING, APRIL 20, 2007)  THE COURT MISSTATED

28    THE LAW OF 1381 TO DELIBERATELY WITH DELIBRATE INDIFRENCE DENY

PAGE TWO OF GROUND ONE ATTACHMENT

1   THE PETITIONER, CHRISTOPHER CARREA JR., THE EQUAL PROTECTION OF

2   THE LAW, THE FOURTEENTH AMENDMENT OF THE UNITED STATES

3   CONSTITUTION AND THE INTENT OF THE STATE LEGISLATURE. THE COURT

4   STATED THE PEOPLE VS. ELDRIDGE 52 CAL. 4TH, STATED A CASE MUST

5   BE FILED PRIOR TO A 1381 MOTION. HOWEVER, THE PEOPLE VS.

6   ELDRIDGE CASE DOES NOT STATE A CASE MUST BE FILED. IT ONLY STATE

7   THE ELDRIDGE CASE HAD TO, BECAUSE ELDRIDGE ALREADY HAD HIS CASE

8   DISMISSED, DUE TO PENAL CODE SECTION 1381 AND THERE WAS NO NEW

9   ARREST, SO THE ONLY WAY TO START TOLLOING IN THAT CASE DUE TO

10  PENAL CODE SECTION 1387 WAS FOR IT TO BE REFILLED AFTER A PENAL

11  CODE SECTION 1381 DISMISSIAL OF THE CASE. THE COURT AT THE 1381

12  HEARING EVEN TRIED TO MAKE IT SEEM AS IF THE PETITIONER HAD

13  INTERUPTED HIM, DESPITE THE FACT THE RECORD WILL REFLECT THE

14  PETITIONER ONLY SPOKE WHEN ASKED TO. IT WAS ANOTHER METHOD OF

15  THE COURT TO JUSTIFY THE DENIAL OF THE EQUAL PROTECTION OF THE

16  LAW. UNDER CALIFORNIA CONSTITUION ARTICLE 1*15, A PERSON

17  BECOMES AN ACCUSATORY PLEADING IS FILED OR ON ARREST, WHICH EVER

18  OCCURES FIRST. AN ACCUSATORY PLEADING INCLUDES FELONY AND

19  MISDEMEANER COMPLAINTS, INFORMATIONS, AND INDICTMENTS.(PEOPLE

20  V. HANNON(1977) 19 C3D 588, 604)(PENAL CODE 691(C); SEE

21  ATTACHED EXHIBIT E, THE APRIL 20, 2007 1381 HEARING)

22        THE PETITIONER FILED HIS NOTICE OF DEMAND AFTER ALL POLICE

23  INVESTIGATION WAS COMPLETED. THE FINAL INVESTIGATION REPORT

24  WAS COMPLETED DECEMBER 27, 2006. THE DEMAND FOR TRIAL WAS FILE

25  WITH THE SAN DIEGO COUNTY DISTRICT ATTORNEY, DECEMBER 29, 2006.

26  THERE WAS NO LEGITIMATE JUSTIFICATION FOR DELAYS AFTER DECEMBER

27  27, 2006. AN UNREASONABLE POST COMPLAINT DELAY CONSTITUTES A

28  DENIAL OF ONE'S RIGHT TO ASPEEDY TRIAL. THE CALIFORNIA PENAL

PAGE THREE OF GROUND ONE ATTACHMENT

1  CODE SECTION 1381, CANNOT BE EXCUSED BY A SHOWING OF GOOD CAUSE

2  FOR THE DELAY. WHEN THE PENAL CODE 1381 WAS LEGISLATED, THE

3  LEGISLATURE COULD HAVE EASY WRITTEN THAT PENDING IS ONLY AFTER

4  FILING, IF THE LEGISLATURE HAD WANTED TO PROVIDE FOR THE

5  PROVIDE FOR THE COMMENCMENT OF THE 90 DAYS PERIOD BY SOME FIXED

6  OR DETERMINABLE EVENT OR BY THE PASSAGE OF A REASONABLE TIME UNER

7  SOME CONDITION OTHER THEN PRESENTLY PROVIDED IN THE STATUTE, IT

8  COULD EASILY HAVE DONE SO. THE COURT IN THIS CASE GAVE A CRAMP

9  VIEW AND READING OF THE OPINION OF THE ELDRIDGE CASE WHICH WAS

10  AN ENCROACHMENT OF PENAL CODE 1381. JUDICIAL ESTABLISHMENT OF

11  SUCH A DECISION THAT THE TRIAL COURT MADE IN THIS CASE WOULD BE

12  AN ENCROACHMENT ON THE LEGISLATIVE POWER AND WISHES.

13      THE PETITIONER SHOWED PREJUDICE BY THE DELAY. THE

14  PETITIONER, SHOWED SUBSTANTIAL IRREPRABLE PREJUDICE, ACTUAL AND

15  SUBSTANTIAL PREJUDICE, DUE TO ABSENCE OF WITNESSES, LOSS OF

16  MEMORY BY THE PROSECUTION WITNESSES, LOSS OF EVIDENCE AND

17  DIFICULTY IN LOCATING ALIBI WITNESSES AND WITNESSES. ONCE THE

18  PETITIONER, HAS SHOWN PREJUDICE, THE BURDEN SHIFTS TO THE STATE

19  TO SHOW ON THE RECORD THAT THE PREJUDICE IS NOT THERE. ONCE THE

20  PETITIONER, MADE A PRIMA FACIA SHOWING OF PREJUDICE AND THE

21  PETITIONER, DID,(SEE THE PENAL CODE 1381 HEARING, EXHIBIT E)

22  THE PROSECUTION HAD THE BURDEN TO EITHER REBUT THE SHOWING OR TO

23  SHOW A LEGITIMATE REASON FOR THE DELAY. IF THE PROSECUTION WANTED

24  TO, THEY HAD THE OPPORTUNITY, BUT FAILED TO DO SO.(SEE PEOPLE

25  V. CAVE(1978)81 CAL. APP. 3D 957)

26      THE VOID-FOR-VAGUENESS ARGUMENT, THE DUE PROCESS CLAUSE

27  OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

28  REQUIRES THAT STATUTES OR REGULATIONS BE SUFFICIENTLY SPECIFIC

TO PROVIDE FAIR NOTICE OF WHAT THEY PROSCRIBE.(SEE BRASSLETH V.

PAGE FOUR OF GROUND ONE ATTACHMENT

1   COTA 761 F2D 827, 838)THE STATUTE MUST DEFINE THE CRIMINAL OFFESE

2   WITH SUFFICIENTDEFINTENESS,   THAT ORDINARY PEOPLE CAN UNDERSTAND

3   WHAT CONDUCT IS PROHIBITED AND IN A MANNER THAT DOES NOT

4   ENCOURAGE ARBITRARY AND DISCRIMINATORY ENFORCEMENT.(LOVE V.

5   BUTLER 952 F2D 10, 14;   UNITED STATES V. MARQUARDO 149 F3D 36,

6   41)

7           NONETHELESS THE SUPREME COURT HAS HELD THAT AN

8   INDIVIDUAL MAY STATE A "CLASS OF ONE"  EQUAL PROTECTION CLAIM

9   IF ONE HAS BEEN INTENTIONALLY TREATED DIFFRENTLY FROM OTHERS

10  SIMILRILY SITUATED AND THAT THERE IS NO RATIONAL BASIS FOR THE

11  DIFFRENCE IN TREATMENT.(SEE VILLAGE OF WILLOWBROOK V.OLECH

12  120 S. CT. 1073) AN EQUAL PROTECTION CLAIM FOCUSES ON THE DENIAL

13  OF PERSON OF A FUNDAMENTAL RIGHT OR DISPARATE TREATMENT OF

14  PERSONS OF A PROTECTED CLASSIFICATION.   THE PETITIONER IS A

15  MINORITY.   TYPICALLY THEN THE EXAMINER OF SUCH CLAIMS ARE UNDER

16  A MORE EXACTING STRICT SCRUTINY TEST.(SEE MARTIN V. GRESHAM SCHOOL

17  DISTRICT 295 F3D 701; DAVID V. LANE 839 F2D 1265,  1270)

18

19

20

21

22

23

24

25

26

27

28  PAGE FIVE OF GROUND ONE ATTACHMENT

(b) **GROUND TWO:** THE PETITIONER, CARREA CHRISTOPHER JR, WAS DENIED THE SIXTH AMENDMENT RIGHT OF THE UNITED STATES CONSTITUION, TO HAVE AN IMPARTIAL JUDGE, A JUDGE THAT WOULD NOT DEPRIVE HIM OF LIBERTY, WITHOUT DUE PROCESS OF LAW AND THE EQUAL PROTECTION OF LAW, THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

Supporting FACTS (state *briefly* without citing cases or law): _____

THE FACT THE STATE OF CALIFORNIA LAW, PENAL CODE 1381 OF CALIFORNIA, LEGISLATED BY THE STATE OF CALIFORNIA CONTAINS MANDATORY LANGUAGE, DUE TO THE DEPRIVATION OF A SUBSTANTIVE RIGHT PROTECTED BY THE UNITED STATES CONSTITUTION SPEEDY TRIAL RIGHT. THE FACT THAT THE TRIAL JUDGES AND APPELLATE JUDGES OF CALIFORNIA IGNORED MANDATORY, AND STATUTORY LAW, THEY DENIED THE PETITIONER, THE FIFTH AND FOURTEETH AMENDMENT OF THE UNITED STATES CONSTITUTION, EQUAL PROTECTION AND DUE PROCESS OF THE LAW, WHICH IS THE VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION, FOR THE PETITIONER, TO HAVE AN IMPARTIAL JUDGE. THE TRIAL JUDGES AND STATE APPELLATE JUDGES IN THIS CASE IGNORED STATUTORY AND MANDATORY STATE AND FEDERAL LAWS AND REFUSED TO GIVE ANY REASON FOR IT. IT WAS AS IF THERE WAS NO JUDGE IN THE COURT ROOMS.

THE STATE OF CALIFORNIA PENAL CODE 1381, ENCOURAGES ARBITRARY AND DISCRIMINATORY ENFORCMENT. IN A HABEAS CASE BROUGHT UNDER 28 USC 2254, WHERE THE HIGHEST STATE COURT GAVE NO REASENED EXPLANATION OF ITS DECISION AS IN THIS CASE OF THE PETITIONER FEDERAL CLAIM, AND THERE IS NO REASONED LOWER COURT DECISION ON THE CLAIM, A REVIEW OF THE RECORD IS THE ONLY MEANS OF DECIDING WHETHER THE STATE DECISION WAS OBJECTIVELY REASONABLE. WHEN CONFRONTE WITH SUCH A DECISION, A FEDERAL COURT CONDUCTS "AN INDEPENDENT REVIEW OF THE RECORD" TO DETERMINE WHETHER THE STATE COURT'S DECISION WAS AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW. EQUAL

(SEE ATTACHED GROUND TWO ATTACHMENTS)

Did you raise **GROUND TWO** in the California Supreme Court?
XXXXes ☐ No.

1  PROTECTION OF THE LAW IS CLEARLY ESTABLISHED LAW.  DUE PROCESS OF

2  THE LAW IS CLEARLY ESTABLISHED LAW.  IN THIS CASE THE STATE

3  VIOLATED BOTHE CLEARLY ESTABLISHED FEDERAL LAW AND STATE LAW.

4  (PENAL CODE 1381 AND THE STATE CONSTITUTION) THEY VIOLATED BOTH

5  FEDERAL AND STATE LAW IN DELIBRATE INDIFFRENCE OF THE PETITIONER,

6  CARREA CHRISTOPHER JR,  AND DID NOT GIVE A REASON FOR IT.

7      WHERE,  AS HERE,  THE HIGHEST STATE COURT GIVES NO REASON

8  OR EXPLANATION OF ITS DECISION OF THE PETITIONER FEDERAL CLAIMS,

9  AND THERE IS NO REASONED LOWER COURT DECISION ON THE CLAIM.  A

10 REVIEW OF THE RECORD IS THE ONLY MEANS OF DECIDING WHETHER THE

11 STATEA COURT'S DECISION WAS OBJECTIVELY REASONABLE.(SEE HIMES

12 V. THOMPSON, 336, F3D 848,  853(9 TH CIR. 2003)

13      A TRIPARITE RUBRIC FOR EVALUATING EQUAL PROTECTION

14 CHALLENGES TO LEGISLATION WHEN A STATUTE BURDENS CERTAIN

15 FUNDAMENTAL RIGHTS SUCH AS SPEEDY TRIAL RIGHTS,  THE REVIEWING

16 COURT SHOULD STRICTLY SCRUTINIZE THAT STATUTE UPHOLDING IT ONLY

17 IF THE GOVERNMENT CAN CLEARLY DEMONSTRATE A COMPELLING INTREST

18 OF BEING SERVED BY LESS INTRUSIVE MEANS. THE COURT SHOULD NOT

19 UPHOLD RACISM AS WAS IMPLEMENTED IN THIS CASE.(SEE KITTERY

20 MOTERCYCLE INC. V. ROWE (2003) 320 F3D 42;  ATTORNEY GENERAL OF

21 NEW YORK V. SOTO-LOPEZ 106 S. CT.2317)

22      FIRST THE NOTICE AND PURPOSE OF THE FAIR NOTICE REQUIRMENT

23 IS TO ENABLE THE ORDINARY CITIZEN TO CONFORM HIS OR HERS CONDUCT

24 TO THE LAW. "NO ONE MAY BE REQUIRED AT THE PERIL OF LIFE,  LIBERTY,

25 OR PROPERTY TO SPECULATE AS TOTHE MEANING OF A PENAL STATUTE.(SEE

26 LANZETTA V. NEW JERSEY, 306, U.S. 451, 59 S. CT. 618)

27      IT IS ESTABLISHED THAT A LAW FAILS TO MEET THE REQUIRMENTS

28 OF THE DUE PROCESS CLAUSE IF IT IS SO VAGUE AND STANDARDLESS

(PAGE ONE OF GROUND TWO ATTACHMENT)

1    THAT IT LEAVES THE PUBLIC UNCERTAIN AS TO THE CONDUCT IT PROHIBITS.

2    (SEE GIACCIO V. PENNSYLVANIA 382 UNITED STATES 399, 86 S. CT.518)

3              A LEGISLATURE IS REQUIRED TO ESTABLISH MINIMUM

4    STANDARDS AND GUIDLINES TO GOVERN.  VAGUENESS MAY INVALIDATE A

5    CRIMINAL LAW FOR EITHER OF TWO INDEPENDENT REASONS.  FIRST,  IT

6    MAY FAIL TO PROVIDE THE KIND OF NOTICE THAT ENABLES ORDINARY

7    PEOPLE TO UNDERSTAND WHAT CONDUCT IT PROHIBITS; SECOND IT MAY

8    AUTHORIZE AND EVEN ENCOURAGE ARBITRARY AND DISCRIMINATORY

9    ENFORCEMENT.

28    PAGE TWO OF GROUND TWO ATTACHMENT)

(c) **GROUND THREE**: THE DELIBERATE VIOLATION OF CONSTITUTIONAL RIGHS
BY THE SAN DIEGO COUNTY DISTRICT ATTORNEY AND THE STATE OF
CALIFORNIA STATE ATTORNEY GENERAL

**Supporting FACTS** (state *briefly* without citing cases or law): THE STATE ATTORNEY
GENERAL AND THE COUNTY OF SAN DIEGO DISTRICT ATTORNEY BOTH
KNEW THE PETITIONER, WAS TAKEN BEYOND THE STATE LIMIT AND
DUE PROCESS AND EQUAL PROTECTION OF THE LAW BY TAKING THE
PETITIONER TO TRIAL AFTER THE 90 DAYS LIMIT, BUT STILL TRIED
TO JUSTIFY IT. THEY KNEW BY TAKING THAT LONG IT WOULD BE AND
WAS MEMORY LOSS, WITNESS LOSS AND THE VIDEO WOULD NOT BE ABLE
TO BE OBTAINED AFTER TWO WEEKS. IN ADDITION THIS CIRCUIT HAS
HELD THAT A CLAIM OF MALICIOUS PROSECUTION IS COGNIZABLE UNDER
SECTION 42 USC 1983 IF THE PROSECUTION IS CONDUCTED WITH THE
INTENT TO DEPRIVE A PERSON OF EQUAL PROTECTION OF THE LAWS AND
DUE PROCESS.(SEE USHER V. LOS ANGELES, 828 F2D 556, 562 (9TH
CIR. 1987); BRETZ, 773 F2D AT 1031)

**Did you raise GROUND THREE in the California Supreme Court?**
XXⓍⓍXYes ☐ No.

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes ☒ No

**24.** If your answer to #23 is "Yes," give the following information:

(a) Name of Court: _____

(b) Case Number: _____

(c) Date action filed: _____

(d) Nature of proceeding: _____

_____

(e) Grounds raised: _____

_____

_____

_____

_____

(f) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☐ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: __PRO PER_____

_____

(b) At arraignment and plea: __PRO PER_____

_____

(c) At trial: __PRO PER_____

_____

(d) At sentencing: __PRO PER_____

_____

(e) On appeal: _____

(f) In any post-conviction proceeding: __PRO PER_____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding: __PRO PER____

_____

**26.** Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes ☒ No

**27.** Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes ☒ No

   (a) If so, give name and location of court that imposed sentence to be served in the future:

_____

   (b) Give date and length of the future sentence: _____

_____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
☐ Yes ☒ No

**28.** Date you are mailing (or handing to a correctional officer) this Petition to this court: _____
    **NOVEMBER 1, 2007**

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

**november 1, 2007**
    (DATE)

_____
SIGNATURE OF PETITIONER

CHRISTOPHER  CARREA JR.
P77287          15-12
5150 O'BYRNES FERRY ROAD
JAMESTOWN, CALIFORNIA
            95327


ID NUMBER:  P77287

(SAN DIEGO SUPERIOR COURT- CE269321)
(COURT OF APPEALS-4TH APPELLATE DISTRICT-DIVISION ONE-D050828)
(STATE SUPREME COURT-S153340)


UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA


EXHIBITS A-G

# TABLE OF CONTENT

1.  THE PROOF OF ARREAST ON THE PRESENT CHARGES
    THE SAN DIEGO COUNTY BOOKING SHEET ..........EXHIBIT A

2.  THE NOTICE AND DEMAND FOR TRIAL AND THE PROOF OF
    SERVICE                 ....................EXHIBIT B

3.  THE LETTER OF ACKNOWLEDGMENT OF THE DISTRICT ATTORNEY
    RECIEVING THEDEMAND FOR TRIAL.............   EXHIBIT C

4.  THE FIRST 1381 HEARING AND DENIAL ........   EXHIBIT D

5.  THE SECOND 1381 HEARING AND DENIAL........   EXHIBIT E

6.  THEAPPEAL COURT PETITION AND DENIAL.......   EXHIBIT F

7.  THE SUPREME COURT PETITION AND DENIAL.....   EXHIBIT G

# EXHIBIT A

# San Diego Sheriff's Department
## Inmate Detail Report

### PERSONAL

**Last:** CHRISTOPHER
**First:** CARREA
**Middle:**
**Sex:** M
**DOB:** 01/31/1954
**Age:** 52
**Birth Place:** TUCSON, AZ
**SSN:** 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
**RI System #:** 56037-000214
**Gang Flag:**
**Inmate Loc.:** --------
**DNA Status:** Completed

**JIM#:** 100054610
**BK#:** 6459813
**CLASS:**

**Arr. Agency:** San Diego Police Department
**Arr. Location:** BEAT 437
**Officer:** ROSS
**Officer ID:** 6095
**Arr. Date:** 12/05/2006
**Custody Days:** 14
**Booking Date:** 12/05/2006
**Booking Time:** 15:04:21
**Jail:**
**Area/HU/Cell:** //
**Holds:**
**Arrest Type:** FIELD ARREST
**Date Released:** 12/18/2006 13:11:00
**Release Type:** DOC
**Early Release Date:**

**Citizenship:** UNITED STATES
**English Ability:** Excellent
**Height:** 6' 00"
**Race:** BLACK
**Hair:** BLACK
**Remarks (1st Arr.):**

**Language:** ENGLISH
**Foreign Notify:** N
**Weight:** 250 lbs.
**Eyes:** BROWN
**Total Bail:** $0.00

### CHARGES

| Arr# | Arrest Date | Chg | Section Code | Description | Court Case | Bail Amount | Dispo Type | Dispo. Date/Time | ROC |
|---|---|---|---|---|---|---|---|---|---|
| 3 | 12/07/2006 | 1 | 3056 PC | VIOLATION OF PAROLE:FEL | P77287 | $0.00 | DOC | 12/18/2006 01:06. | |
| 2 | 12/05/2006 | 1 | HOLD | Rel Dt/Tm: 12-07-2006 2332 Agenc SDPD | | $0.00 | RBHD | 12/07/2006 23:26 | |
| 1 | 12/05/2006 | 1 | 273.5 PC | INFLICT CRPL INJ SP/COHAB | | $0.00 | 825 | 12/07/2006 23:25 | ARR |
| 1 | 12/05/2006 | 2 | 236 PC | FALSE IMPRISON W/VIOLENCE | | $0.00 | 825 | 12/07/2006 23:25 | ARR |
| 1 | 12/05/2006 | 3 | 422 PC | THREAT CRIME CAUSE DEATH/GBI | | $0.00 | 825 | 12/07/2006 23:25 | ARR |

### COURT

| Appearance | Destination Court | Date | Time | Arrest |
|---|---|---|---|---|
| | | | | |

000071



# San Diego County
# SHERIFF'S DEPARTMENT
## BOOKING INTAKE / PERSONAL PROPERTY INVENTORY

# 0.8774

**FIRST TWO BOXES TO BE COMPLETED BY JAIL STAFF**

| Jail Booking Number Assigned | Pre-Intake Clerk ID # | Agency Case # |
|---|---|---|

## PERSONAL INFORMATION

**PROPER COMPLETION OF THIS FORM WILL EXPEDITE YOUR BOOKING**

Name: Last, First Middle _____ Suffix

| | Race | Sex | Age | Date of Birth (mm/dd/yyyy) |
|---|---|---|---|---|
| Alias Names: Last, First Middle _____ Suffix | S | M | 51 | |

Passport #

| Height | Weight | Hair | Eyes | Place of Birth: City / State / Country |
|---|---|---|---|---|
| 60 | 350 | BLK | BRN | Tucson, AZ |

Citizenship (Country): US

Home Address _____ Street _____ City _____ State _____ Zip

Home Phone ( )

Employer Name _____ Street _____ City _____ State _____ Zip

Work Phone ( )

Social Security Number: 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

DL, State ID or Other ID Number _____ License State _____ ARREST REMARKS:

## ARREST INFORMATION

| Arresting Agency | Arrest Date / Time | Billing Agency | Location of Arrest (Beat # or Street Address and City) | Court Destination: (Circle) |
|---|---|---|---|---|
| SDPD | 12-5-06/0315 | SDPD | 437 | SD   ELC   SBCV   NCV |

Arresting Officer: Name & ID: ROSS 6095

Transporting Officer & ID#: ROSS 6095

☐ Left At Scene   Vehicle Location:

☐ Towed By:

TOTAL BAIL AMOUNT:

### ARREST #1 (Field Charges or Warrant Information)

| | Section | Code | Description |
|---|---|---|---|
| 1 | 273.5 PC | | Felon Dv Batter |
| 2 | 236 PC | | False Imprisonment |
| 3 | 422 PC | | Criminal Threats |
| 4 | 3056 PC | | Parole Violation |
| 5 | | | |

### ARREST #2 (Additional Warrants or Additional Charges)

| | Section | Code | Description |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

## PERSONAL PROPERTY INVENTORY

HOLDS: ☐ FEDERAL   ☐ STATE PAROLE   ☐ IMMIGRATION

PREBOOK ARJIS     BOOK ARJIS

**Cash Accounting (USA Currency Only)**

| | | |
|---|---|---|
| _____ x $1 = $_____ |
| _____ x $2 = $_____ |
| _____ x $5 = $_____ |
| _____ x $10 = $_____ |
| _____ x $20 = $_____ |
| _____ x $50 = $_____ |
| _____ x $100 = $_____ |

TOTAL $ 0.—

| WALLET: Y___ N___ ✓ | BELT: Y___ N___ ✓ | KEYS: Y___ N___ ✓ | SHOES: Y___ N___ ✓ | MEDICATIONS: Y___ N___ ✓ |
|---|---|---|---|---|
| PURSE: Y___ N___ ✓ | GLASSES: Y___ N___ ✓ | | | |
| CELL PHONE: Y___ N___ ✓ | | | | |

| WATCH: Y___ N___ ✓ | RING: Y___ N___ ✓ | NECKLACE: Y___ N___ ✓ | EARRING: Y___ N___ ✓ |
|---|---|---|---|
| ___YM | ___YM | ___YM | ___YM |
| ___WM | ___WM | ___WM | ___WM |
| ___OTHER | ___OTHER | ___OTHER | ___OTHER |

ADDITIONAL PROPERTY REMARKS:

Sealed Bag w/Inmate Property Delivered to Jail   YES ☑   NO ☐

Inmate's Signature: refused

Arresting Officer's Signature: _____

J-15 10/04

**DISTRIBUTION: WHITE–BOOKING    YELLOW–INTAKE DEPUTY    PINK–ARRESTING OFFICER    GOLDENROD–INMATE**

000100

# **EXHIBIT B**

STATE OF CALIFORNIA

**NOTICE AND DEMAND FOR TRIAL**                                        DEPARTMENT OF CORRECTION

CDC 643 (8/93)

TO THE DISTRICT ATTORNEY, **SAN DIEGO**

_____ COUNTY, State of California:

Please take notice that I, **CARREA CHRISTOPHER / CHRISTOPHER CARREA**, Inmate # **P77287**

(PRINT NAME IN FULL)

of **R. J. DONOVAN**, was convicted of the crime of **PAROLE VIOLATION**

(NAME OF FACILITY WHERE INCARCERATED)

in **SAN DIEGO** County, **CALIFORNIA**, and was sentenced by said

(STATE)

on or about **DECEMBER 20, 2006** to a term of **FIVE MONTHS ACTUAL DA**

with a Tentative Release Date / Minimum Eligible Parole Date of **MAY 5, 2007**

I have reason to believe that the following criminal action is now pending against me in **SAN DIEGO** County.

CHARGES: **TRAFFIC / MISDEMEANOR / FELONY**                              WARRANT #: _____

COURT (Location): **SAN DIEGO**          ARRESTING AGENCY: **SAN DIEGO COUNTY AND CITY**

I HEREBY DEMAND A HEARING AND TRIAL OF SAID CRIMINAL ACTION AS PRESCRIBED BY SECTION 1381 OF THE CALIFORNIA PENAL CODE.

| DATE OF BIRTH | SEX | RACE | HEIGHT | WEIGHT | HAIR COLOR | EYE COLOR |
|---|---|---|---|---|---|---|
| 01-31-54 | MALE | BLACK | 6'0 | 238 | BLACK | BROWN |

| FACILITY NAME AND ADDRESS WHERE INCARCERATED | OTHER NAMES (Aliases) USED: |
|---|---|
| R. J. DONOVAN, STATE OF CALIFORNIA DEPARTMENT OF CORRECTION 480 ALTA ROAD SAN DIEGO CALIF. 92179 | |

I CERTIFY (OR DECLARE) UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

| INMATE'S SIGNATURE | DATE | CII NUMBER: |
|---|---|---|
| | DEC. 20, 2006 | |

**THIS PORTION IS TO BE DETACHED BY THE DISTRICT ATTORNEY'S OFFICE AND RETURNED TO THE CASE RECORDS OFFICE OF THE FACILITY WHERE INMATE IS INCARCERATED.**

County of _____ District Attorney of the

_____, State of California, do hereby acknowledge receipt

NOTICE AND DEMAND FOR TRIAL, dated _____, by _____

Inmate # _____, of _____

DISTRICT ATTORNEY

| | STATE OF CALIFORNIA, COUNTY OF | DATE |
|---|---|---|
| | | |

RECEIPT TO BE RETURNED TO:      CASE RECORDS OFFICE

NAME OF FACILITY: _____

ADDRESS: _____

_____

_____

## VERIFICATION

## STATE OF CALIFORNIA
## COUNTY OF SAN DIEGO

( C.C.P. SEC. 446 & 2015.5; 28 U.S.C. SEC. 1746 )

I, _Dennis Miller_ DECLARE UNDER THE PENALTY OF PERJURY
THAT: I AM THE Declarant/Prisoner IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS __20__ DAY OF _DECEmBER 2006_ AT R.J.D.
STATE PRISON, 480 Alta Road, San Diego, CA 92179

(SIGNATURE) _____
(DECLARANT/PRISONER)

---

## PROOF OF SERVICE BY MAIL

(C.C.P. SEC. 1013 (a) & 2015.5; 28 U.S.C. SEC. 1746 )

I, _____, AM A RESIDENT OF _R.J.D._ STATE PRISON, IN THE COUNTY
OF S.D. STATE OF CALIFORNIA; I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM IAM
NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: _480 ALTA ROAD_
_SAN DIEGO CALIF, 92179_

ON _12-20-06_, I SERVED THE FOREGOING:

_NOTICE AND DEMAND FOR TRIAL_

(SET FORTH EXACT TITLE OF DOCUMENTIS SERVED)
ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE
(S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO
PROVIDED AT Richad J. Donovan Correctional Facility

_SAN DIEGO DISTRICT ATTORNEY_
_330 WEST BROADWAY_
_SAN DIEGO CALIFORNIA_
_92101_

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO
ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE:_____    _____
(DECLARANT/PRISONER)

# **EXHIBIT C**

OFFICE OF

# THE DISTRICT ATTORNEY
COUNTY OF SAN DIEGO

JESSE RODRIGUEZ
ASSISTANT DISTRICT ATTORNEY

San Diego
330 West Broadway
San Diego, CA 92101
(619) 531-4040

http://www.sandiegoda.com

**BONNIE M. DUMANIS**
**DISTRICT ATTORNEY**

January 5, 2007

Christopher Carrea
CDC#P-77287
Richard J. Donovan
Correctional Facility
P. O. Box 799004
San Diego, CA  92179-9004

**RE:    DEMAND FOR TRIAL 1381**

Dear Mr. Carrea:

This is to acknowledge your Demand for Trial letter date December 20, 2006, was received by this office on December 29, 2006.

Your letter, along with a copy of this letter are being forwarded to the City Attorney's Office as the pending case(s) were handled by that office.

Sincerely,

JANE VIA
Deputy District Attorney, Case Issuing
and Extraditions Division

JV:ac

cc:    City Attorney's Office, 1200 Third Avenue, Suite 700, San Diego, CA  92101
      Records Case Manager #P-77287, RJD, P. O. Box  799004, San Diego, CA 92179

# **EXHIBIT D**

*Full Prob Order*
*Exp - 3/22/2010*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

PEOPLE vs. *Christopher, Carre*    ☐ Central Division  ☐ East County Division  ☐ North County Division  ☐ South County Division    Waivers: ☐ Time ☐

CASE # *CE269321-D*    PROS. #    STATUS: $ *200 MC*    ☐ CUST  ☐ CB (Y/N)  ☐ NL  ☐ Cite ☐ OR

DATE: *4/5/07* AT *9:57* DEPT. # *16*    DOB: *01/3/54*  BKG # *0615988*    CTS *36* days ____ hrs

JUDGE:  **Louis R. Hanoian, Judge**    INTERPRETER:    ☐ Spanish  ☐ Sworn  ☐ Oath on File

CLERK:  **M. Aguilar, Deputy**    REPORTER - CSR #  **THOMAS McPHAIL**

CHARGE(S): *Ct. 1 PC 273.5 (a) / 273.5 (e)(1), Ct. 2 PC 422 ,*    Reporters Address: P.O. Box 120126  CSR # 12544

*Ct. 3 PC 236 / 237 (a) , 2 Prison Prs*    *ProPer*

___*C. Grasso*___
Attorney for the People (DDA)    Defendant present with Counsel ( PD / APD / PCC / Retained / Counseling )

**Case called for Preliminary Examination** ☐ Parties waive right to a ☐ continuous ☐ preliminary hearing. ☐ Stipulate to bindover.
☐ People's motion to designate _____
☐ People's ☐ Defendant's ☐ Joint motion to exclude ☐ witnesses ☐ public: ☐ granted ☐ denied.    as the investigating Officer: ☐ granted ☐ denied.
☐ Counsel stipulate    ☐ Witnesses admonished by the Court.

☐ Counsel stipulate that _____
☐ Stipulation for preliminary hearing and motions only. _____ is deemed to have testified to certain matters recited in the record.

| | | WITNESSES SWORN AND EXAMINED | | ☒ EXHIBITS AS LISTED BELOW:  ☒ SEE ATTACHED EXHIBIT LIST | | |
|---|---|---|---|---|---|---|
| PED | DEF | | NO. | EXHIBIT DESCRIPTION: | MRKD | RECD |
| ☒ | ☐ | *Samuel Ross, SDPD* | 1 | *Color copy of photo of victim* | ☒ | ☒ |
| ☐ | ☐ | | 2 | *Color copy of photo of victim* | ☒ | ☒ |
| ☐ | ☐ | | 3 | *Certified copy of MVR prior* | ☒ | ☒ |

☒ The People rest ☒ No affirmative evidence presented by Defense ☐ Defense rests. ☒ Arguments by counsel. ☐ Submitted.

**MOTIONS/WAIVERS:** ☐ People's ☒ Defendant's ☐ Joint motion *To Dismiss per PC 1385*  ☐ granted ☒ denied.
☐ Defendant's motion to suppress evidence pursuant to PC1538.5 is ☐ granted ☐ denied.    *W/out*
☐ Defendant's motion to reduce to misdemeanor - PC 17(b)(5) pursuant to the Esteybar case is ☐ granted ☐ denied.    *Prejudice*
☐ Complaint is amended by interlineation as follows:    *to renew*

**FINDINGS OF THE COURT:** Defendant **HELD TO ANSWER** on the following counts:
*Ct. 1 PC 273.5 (a) / 273.5 (e)(1), Ct. 2 PC 422*

Defendant **DISCHARGED** as to the following counts which are **DISMISSED** for insufficiency of evidence:
*Ct. 3 PC 236 - 237 (a)*

**ARRAIGNMENT** ☒ Counsel stipulate that the complaint is deemed to be the Information.
☒ Defendant is duly arraigned, furnished with a copy of Information. ☐ Transcript waived for arraignment. ☐ Appt. of counsel reaffirmed.
☒ Defendant pleads not guilty and denies all allegations.
☐ Defendant waives statutory time for trial. ☒ Fingerprint form filed.    ☒ *remains as proPer*

**HEARINGS**
☐ Preliminary Exam. to resume _____
☒ Arraignment on Information _____    at _____ in Dept. _____
☐ Bail Review _____    at _____ in Dept. ___ MA
☒ Readiness Conference    *5-8-07*    at *1:30 AM* in Dept. *11*
☒ Jury Trial    *5-21-07*    at *9:30 AM* in Dept. *11*    Days left *14*
☒ Motions due:    *4-19-07*    at *9 AM* in Dept. *11*
**OTHER**
☐ Counsel stipulate that if a motion is filed, the readiness conference date may be advanced/continued to the motion hearing date.
☐ Exhibits released to offering party by stipulation.
☐ The following witnesses are ordered to return on _____  _____
_____

**CUSTODY STATUS** ☒ Deft. REMANDED to custody of Sheriff, bail $ *200,000*
☐ Increased ☐ reduced    ☐ Bail Unit Report Ordered re: SOR    ☐ WITHOUT BAIL  ☐ Per PC1275 ☒ as set
☐ Deft. RELEASED: ☐ on bail previously posted ☐ case dismissed ☐ OR/SOR
☐ to: _____
**BAIL STATUS** Bail is ☐ exonerated ☐ Declaration of non-collusion/ reassumption of liability filed.
☐ Bail forfeiture set aside and bond reinstated/exonerated ☐ upon payment of court cost $ _____
☐ Bond #: _____  Bond $ _____  Bond Co. _____    within 30 days ☐ cost waived

_____
**JUDGE OF THE SUPERIOR COURT**
☐ CMS  / TRAFFIC
☐ DMV by TSS

test a true copy

Dated: _____

stribution by: _____ on _____ to: Jail  Deft.  Other: _____    CLERK, by _____, Deputy Clerk

:SC - CRM151(Rev. 10-04)    **PRELIMINARY EXAMINATION –Single Defendant**

1

1        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2           IN AND FOR THE COUNTY OF SAN DIEGO

3               EAST COUNTY DIVISION

4

5   DEPARTMENT NO. 16       HON. LOUIS HANOIAN, JUDGE

6

7   ————————————————————————

8   THE PEOPLE OF THE STATE OF   )
     CALIFORNIA,               )

9              PLAINTIFF,    )
                         )  NO. SCE269321DV

10          VS.            )

11                        )READINESS: 05/08/07
   CARRE CHRISTOPHER,       )TRIAL:    05/21/07

12                       )
             DEFENDANT.    )

13   ————————————————————————

14

15                 APRIL 5, 2007

16        PRELIMINARY EXAMINATION PROCEEDINGS

17            PAGES 1 THROUGH 47

18

19           A P P E A R A N C E S:

20

21   FOR THE PLAINTIFF:       BONNIE DUMANIS
                         DISTRICT ATTORNEY

22                      BY:  CLAUDIO GRASSO
                         DEPUTY DISTRICT ATTORNEY

23                      250 EAST MAIN STREET
                         EL CAJON, CALIFORNIA 92020

24   FOR THE DEFENDANT:       CARRE CHRISTOPHER
                         PRO PER

25

26

27   REPORTED BY:            THOMAS MCPHAIL, CSR 12544
                         OFFICIAL COURT REPORTER

28                      SAN DIEGO SUPERIOR COURT

1  PEOPLE V. CHRISTOPHER (SCE269321)

2  PRELIMINARY HEARING PROCEEDINGS

3  APRIL 5, 2007

4

5                        I N D E X

6               PEOPLE'S WITNESSES

7

8                    DIRECT   CROSS   REDIRECT   RECROSS

9  SAMUEL ROSS         10      22       --         --

10

11

12               PEOPLE'S EXHIBITS

13

14  EXH. NO.        DESCRIPTION              I.D.   RECEIVED

15    1      PHOTOGRAPH OF VICTIM            20       35

16    2      PHOTOGRAPH OF VICTIM            21       35

17    3      PRIOR DOMESTIC VIOLENCE
           CONVICTION.
18                                                    7

19

20

21

22

23

24

25

26

27

28

1    EL CAJON, CALIFORNIA; APRIL 5, 2007, 9:53 A.M.

2

3

4          THE COURT:  PEOPLE VERSUS CHRISTOPHER CARRE.

5    CE 269321.

6          MS. GRASSO:  DEPUTY DISTRICT ATTORNEY CLAUDIA

7    GRASSO FOR THE PEOPLE.

8          THE COURT:  MR. CARRE, ARE YOU REPRESENTING

9    YOURSELF?

10          MR. CHRISTOPHER:  YES.

11          THE COURT:  DO YOU STILL WANT TO DO THAT?

12          MR. CHRISTOPHER:  YES.

13          THE COURT:  OKAY.  YOU HAVE BEEN ADVISED ON

14    THE HAZARDS OF SELF REPRESENTATION, CORRECT?

15          MR. CHRISTOPHER:  YES.

16          THE COURT:  OKAY.  LET'S SEE.  MR. CARRE HAS

17    BEEN CHARGED IN THE COMPLAINT FILED ON THE 7TH OF MARCH,

18    2007, IN COUNT 1 WITH INFLICTING CORPORAL INJURY TO A

19    SPOUSE OR ROOMMATE, VIOLATION 273.5 OF THE PENAL CODE,

20    WITH A PRIOR CONVICTION FOR 273.5 WITHIN SEVEN YEARS; IN

21    COUNT 2 WITH MAKING A CRIMINAL THREAT, A VIOLATION OF

22    PENAL CODE 422; COUNT 3, WITH FALSE IMPRISONMENT BY

23    VIOLENCE, MENACE, FRAUD OR DECEIT, PENAL CODE SECTIONS

24    236 AND 237.

25          TWO PRISON PRIORS WITHIN THE MEANING OF 667.5

26    (B) AND 668.

27          MR. CARRE WAS ARRAIGNED ON THE 22ND OF MARCH;

28    STATES THAT HIS TRUE NAME IS ON THE COMPLAINT, ENTERS

1  NOT GUILTY PLEAS, AND DENIES THE ALLEGATIONS.

2          YOU HAVE HAD AN INVESTIGATOR AND A RUNNER

3  APPOINTED TO ASSIST YOU, MR. CARRE?

4          MR. CHRISTOPHER:  I HAD AN INVESTIGATOR.  THE

5  RUNNER HASN'T APPEARED.  I HAVE A MOTION THAT I HAVE TO

6  SUBMIT TO THE COURTS, BUT I NEED A COPY OF IT.

7          THE COURT:  WHAT IS THE MOTION ABOUT, SIR?

8          MR. CHRISTOPHER:  THE MOTION IS A 1381 MOTION

9  FOR DISMISSAL.  I SERVED THE DISTRICT ATTORNEY WITH THE

10  NOTICE AND DEMAND FOR SPEEDY TRIAL DECEMBER THE 20TH.  I

11  WAS CHARGED AND BOOKED UNDER THESE CHARGES DECEMBER THE

12  5TH.

13          THE COURT:  OKAY.

14          MR. CHRISTOPHER:  THE DISTRICT ATTORNEY'S

15  OFFICE SENT ME A RECEIPT AND ACKNOWLEDGMENT OF RECEIVING

16  THE DEMAND FOR SPEEDY TRIAL DECEMBER THE 29TH.  I SHOULD

17  HAVE BEEN IN TRIAL BY THE 29TH OF LAST MONTH.

18          THE COURT:  WELL, YOU WEREN'T EVEN ARRAIGNED

19  ON THIS CASE UNTIL LAST MONTH.

20          MR. CHRISTOPHER:  EXACTLY.

21          THE COURT:  WERE YOU IN CUSTODY THEN?

22          MR. CHRISTOPHER:  YES, I HAVE BEEN IN CUSTODY

23  SINCE I WAS ARRESTED ON THESE CHARGES ON DECEMBER THE

24  5TH, 2006.

25          THE COURT:  WELL, LET ME -- DID YOU WANT TO

26  FILE YOUR MOTION?

27          MR. CHRISTOPHER:  OH, YES, I NEED IT FILED.

28          THE COURT:  OKAY.

1        MR. CHRISTOPHER:  I NEED TWO COPIES.  I NEED A

2  COPY AND THE DISTRICT ATTORNEY NEEDS A COPY.

3        MS. GRASSO:  YOUR HONOR, FOR THE COURT'S

4  INFORMATION, WE ARGUED THIS ISSUE.  WE BROUGHT THIS

5  ISSUE UP IN FRONT OF JUDGE COOKSON AT THE READINESS.

6  AND JUDGE COOKSON ACKNOWLEDGED THAT MR. CHRISTOPHER WAS

7  ARRESTED IN EARLY DECEMBER, AND HE WAS VIOLATED ON

8  PAROLE.  SO THE CUSTODY HE WAS SERVING WAS A PAROLE

9  VIOLATION.  WE DID NOT FILE UNTIL FEBRUARY 26TH, THE

10  CHARGES ON OUR END.

11        MR. CHRISTOPHER:  THERE ARE EXHIBITS IN

12  THERE -- I TOLD THE JUDGE THEN THAT I WAS GOING TO FILE

13  A MOTION.  AND THE DISTRICT ATTORNEY DENIED THE FACT

14  THAT I HAD SERVED THEM WITH A NOTICE FOR DEMAND FOR

15  TRIAL, BUT IT IS IN THERE, AND THE DISTRICT ATTORNEY

16  SENT ME A LETTER ACKNOWLEDGING THAT THEY HAD RECEIVED

17  IT.  THAT IS IN THE MOTION ALSO.

18        THE COURT:  WELL --

19        MR. CHRISTOPHER:  AND, ALSO, I WAS BOOKED AND

20  CHARGED WITH THE CHARGES THAT I AM PRESENTLY CHARGED

21  WITH ON DECEMBER THE 5TH, 2006.

22        THE COURT:  LET ME ASK THIS, FIRST THINGS

23  FIRST, AND THAT IS WHAT IS YOUR TRUE NAME?

24        MR. CHRISTOPHER:  CARRE CHRISTOPHER.

25        THE COURT:  I AM SORRY, BECAUSE I WAS

26  REFERRING TO YOU AS CHRISTOPHER CARRE.

27        MR. CHRISTOPHER:  I KNOW IT.  THEY CHANGED MY

28  NAME.

4

1    THE COURT:  WELL.  AND IS IT JUNIOR?

2    MR. CHRISTOPHER:  YES.

3    THE COURT:  DATE OF BIRTH?

4    MR. CHRISTOPHER:  01-31-54.

5    THE COURT:  THAT IS CORRECT ON THE COMPLAINT.

6    AND THE COMPLAINT WASN'T FILED UNTIL MARCH 7TH.

7    MR. CHRISTOPHER:  TRUE.  BUT UNDER 1381, IF I

8    AM INCARCERATED, AND THERE ARE PENDING CHARGES, WHICH

9    THERE WAS, THEY HAVE 90 DAYS UPON NOTICE AND DEMAND FOR

10   SPEEDY TRIAL.

11   THE COURT:  OKAY.  PEOPLE WANT TO RESPOND?

12   MS. GRASSO:  YOUR HONOR, AGAIN WE FILED

13   CHARGES ON FEBRUARY THE 26TH, AND I SHOW THAT BEFORE WE

14   EVEN GOT THE CASE, MR. CHRISTOPHER WAS VIOLATED ON

15   PAROLE AND GIVEN SOME TIME FROM PAROLE, GIVEN HIS PRIOR

16   RECORD AND PRIOR TIME HANGING OVER HIM.  SO I THINK THE

17   TIME HE WAS SERVING BEFORE WE EVEN GOT THE CASE WAS ON

18   THE PAROLE END.  AND THEN WHEN WE RECEIVED THE FILE FROM

19   THE PEACE OFFICERS, WE PROMPTLY FILED THE CHARGES, BUT,

20   AGAIN, NOT UNTIL FEBRUARY 26TH.

21   MR. CHRISTOPHER:  YOUR HONOR, UNDER PENAL

22   CODE -- THAT IS WHAT PENAL CODE 1381 COVERS.  I DO NOT

23   HAVE TO BE CHARGED.  ACTUALLY, THE CHARGES DO NOT HAVE

24   TO BE FILED, BUT IT DOES HAVE TO BE PENDING.  AND THE

25   FACT THAT I WAS ARRESTED ON -- IN MY EXHIBIT I SHOW YOU

26   WHERE I WAS BOOKED IN THE COUNTY JAIL UNDER THESE THREE

27   CHARGES, I WAS BOOKED; THEREFORE, THE CHARGES WERE

28   PENDING.  PENAL CODE 1381 COVERS PENDING CHARGES.  PENAL

1   CODE 1382 COVERS FILED CHARGES.  WHAT THE DISTRICT

2   ATTORNEY IS TALKING ABOUT, THAT COVERS FILED CHARGES.

3   PENAL CODE 1381 COVERS PENDING CHARGES, CHARGES THAT ARE

4   NOT ACTUALLY FILED BUT ARE PENDING.

5           I MEAN, THE COURT HAS TO CONSTRUE THESE

6   CHARGES AS PENDING IF I WAS ACTUALLY ARRESTED AND BOOKED

7   UNDER THESE CHARGES, AND I SUBMITTED IT IN MY EXHIBITS.

8           THE COURT:  NO, SIR, IT IS NOT REQUIRED TO DO

9   THAT.  WHAT I AM GOING TO DO IS THIS, I AM GOING TO DENY

10  THE MOTION WITHOUT PREJUDICE FOR YOU TO RENEW IT.  I

11  MEAN, AS YOU ALREADY ACKNOWLEDGED, YOU HAVEN'T MADE

12  COPIES OF THIS AND SERVED IT WITH ANYBODY YET.

13          WHAT I WILL DO IS I WILL HAVE A COPY OF THIS

14  MADE, GIVEN BACK TO YOU, WE WILL FILE THIS IN THE COURT

15  FILE.  WE WILL FILE STAMP IT AS OF THIS DATE FILED IN

16  THE COURT FILE.  IF THIS CASE GETS BEYOND THE

17  PRELIMINARY HEARING STAGE, WE WILL BE SETTING A MOTION

18  DATE, AND THAT WILL BE THE DATE FOR YOU TO RENEW THIS

19  PARTICULAR MOTION IN FRONT OF THE JUDGE IN DEPARTMENT

20  11.

21          MR. CHRISTOPHER:  THANK YOU, SIR.

22          THE COURT:  AND THAT WILL GIVE YOU THE

23  OPPORTUNITY TO HAVE EVERYBODY HAVE BRIEFED THAT ISSUE,

24  AND YOU NEED TO GET -- OF COURSE YOU NEED TO GET IT

25  SERVED TO THE DA'S OFFICE AND THEN SERVED TO US.

26          MR. CHRISTOPHER:  YOU ARE GOING TO GIVE ME A

27  COPY BACK?

28          THE COURT:  I AM.  WE'RE NOT GOING TO DO THAT

1 RIGHT THIS MINUTE, BUT BEFORE YOU LEAVE HERE TODAY, YOU

2 WILL HAVE A COPY OF THIS.

3          MR. CHRISTOPHER:  OKAY.

4          THE COURT:  ALL RIGHT.  FIRST WITNESS.

5          MS. GRASSO:  THANK YOU, YOUR HONOR.  BEFORE I

6 CALL MY FIRST AND ONLY WITNESS, OFFICER ROSS, TO THE

7 STAND, I DO HAVE A CERTIFIED COPY OF MR. CHRISTOPHER'S

8 PRIOR DOMESTIC VIOLENCE CONVICTION, WHICH HAS BEEN

9 PREVIOUSLY MARKED PEOPLE'S EXHIBIT 3.

10          THE COURT:  HAVE YOU SEEN A COPY OF THAT

11 MR. CHRISTOPHER?

12          MR. CHRISTOPHER:  NO.  THIS IS YOUR COPY?

13          THE COURT:  THAT'S THE COURT'S COPY.

14          MR. CHRISTOPHER:  THIS IS THE COURT'S COPY.  I

15 WOULD LIKE TO STATE, FOR THE RECORD, I DON'T HAVE A

16 COPY.  I HAVE SEEN IT.  I REVIEWED IT.

17          THE COURT:  ALL RIGHT.  YOU ARE MOVING THAT

18 INTO EVIDENCE?

19          MS. GRASSO:  YES, YOUR HONOR.

20          THE COURT:  ANY OBJECTION TO THAT BEING

21 RECEIVED?

22          MR. CHRISTOPHER:  YES, I DON'T HAVE A COPY.

23          THE COURT:  THAT IS NOT A VALID OBJECTION.

24          MR. CHRISTOPHER:  I UNDERSTAND, BUT THAT IS MY

25 OBJECTION.

26          THE COURT:  THE OBJECTION IS OVERRULED.  THAT

27 WILL BE RECEIVED.

28          (PEOPLE'S EXHIBIT NUMBER 3 WAS

1    RECEIVED INTO EVIDENCE.)

2         THE COURT:  THE COURT WILL -- THIS IS A

3    CERTIFIED COPY OF AN OFFICIAL COURT RECORD AND,

4    CONSEQUENTLY, I AM GOING TO ACCEPT IT AS AN EXCEPTION TO

5    THE HEARSAY RULE AND WILL TAKE JUDICIAL NOTICE OF THIS

6    COURT'S OWN RECORDS, IS WHAT THIS IS.  SO, CALL YOUR

7    WITNESS.

8         MS. GRASSO:  THANK YOU, YOUR HONOR.  AND WE

9    PROVIDED DISCOVERY TO MR. CHRISTOPHER OF EVERYTHING WE

10   HAVE, INCLUDING THESE PICTURES, BUT I WANT TO SHOW HIM

11   WHAT WE'RE GOING TO USE AS EVIDENCE.

12        THE COURT:  DID YOU NOT GIVE HIM A COPY OF THE

13   PRIOR?

14        MS. GRASSO:  NO, HE HAS A COPY.

15        MR. CHRISTOPHER:  I HAVE MY DISCOVERY HERE; IT

16   IS NOT IN THERE.

17        MS. GRASSO:  YES, HE HAS COPIES OF ALL THESE

18   RECORDS.

19        MR. CHRISTOPHER:  AND I DON'T HAVE A COLOR

20   PHOTO -- I DON'T HAVE THAT.  I HAVE A BLACK AND WHITE

21   PHOTO.  I DO HAVE A COPY OF THAT, BUT IT IS IN BLACK AND

22   WHITE.

23        THE COURT:  OKAY.

24        MR. CHRISTOPHER:  I SHOULD HAVE IT IN COLOR AS

25   WELL.

26        THE COURT:  WHY?

27        MR. CHRISTOPHER:  WHY?  BECAUSE THE DISTRICT

28   ATTORNEY HAS IT.

1      THE COURT:  WELL, THAT DOESN'T MEAN YOU HAVE

2  TO HAVE IT IN COLOR.

3      MR. CHRISTOPHER:  I MEAN, THERE MAY BE

4  SOMETHING MISSING THROUGH THE COLOR, YOU KNOW.

5      THE COURT:  WELL, EXPLAIN TO ME WHAT THAT IS,

6  AND I WILL MAKE SURE THEY GET YOU A COLOR COPY.  IF I

7  HAVE SOME IDEA OF WHAT THE DIFFERENCE IS BETWEEN A COLOR

8  PHOTOGRAPH AND A BLACK AND WHITE PHOTOGRAPH.

9      MR. CHRISTOPHER:  YOUR HONOR, I JUST BELIEVE

10  THAT I SHOULD HAVE THE SAME EVIDENCE THAT THE DISTRICT

11  ATTORNEY HAS.  LIKE, IF IT'S A HARDSHIP ON THE DISTRICT

12  ATTORNEY'S OFFICE, I CAN UNDERSTAND.  BUT TO PROVIDE ME

13  WITH A COLOR COPY THAT THEY HAVE, IT IS NOT A HARDSHIP.

14      MS. GRASSO:  YOUR HONOR, WE JUST PUT OUT FOR

15  DISCOVERY A DISK PROVIDED TO US FROM SAN DIEGO PD.  WE

16  PUT IT OUT FOR MR. CHRISTOPHER'S -- I DON'T KNOW WHO IS

17  PICKING UP HIS THINGS, AN INVESTIGATOR, I BELIEVE, THE

18  PHOTOS ARE ON HERE, ASIDE FROM THE BLACK AND WHITE.

19      THE COURT:  SO ALL OF THE PHOTOS THAT WERE

20  GENERATED THROUGH THE PD HAVE BEEN PLACED ONTO A DISK,

21  THAT HAS BEEN GIVEN TO THE DISTRICT ATTORNEY'S OFFICE;

22  YOU HAVE MADE A COPY OF THAT AND THAT HAS BEEN MADE

23  AVAILABLE TO MR. CHRISTOPHER'S RUNNER?

24      MS. GRASSO:  RIGHT.  HE SAYS HE DOESN'T HAVE A

25  RUNNER, BUT WE SHOW --

26      THE COURT:  ONE HAS BEEN APPOINTED.

27      MS. GRASSO:  SOMEBODY IS PICKING UP HIS ITEMS,

28  SO.

1     MR. CHRISTOPHER:  IN FACT, THE COURT, WHEN I

2 WAS ARRAIGNED, ORDERED THAT I BE PROVIDED AN

3 INVESTIGATOR AND A RUNNER.

4     THE COURT:  YES.

5     MR. CHRISTOPHER:  AND A WEEK AFTER THAT, I WAS

6 STILL NOT PROVIDED AN INVESTIGATOR AND A RUNNER, AND THE

7 COURT HAD TO CALL PCC AGAIN.

8     THE COURT:  OKAY.

9     MR. CHRISTOPHER:  PCC SENT A LETTER TO THE

10 COURT STATING TO THE COURT THAT THEY WERE UNAWARE OF ANY

11 COURT ORDER FOR ME TO BE PROVIDED A RUNNER AND AN

12 INVESTIGATOR.

13     THE COURT:  OKAY, BUT NOW --

14     MR. CHRISTOPHER:  AS OF THIS DATE, I HAVE NOT

15 SEEN THE RUNNER.  I WOULD LIKE TO STATE THAT FOR THE

16 RECORD.

17     THE COURT:  OKAY.  HOW WERE YOU GIVEN THE

18 DISCOVERY THEN?

19     MR. CHRISTOPHER:  THE LAW LIBRARY AT THE

20 CENTRAL COUNTY JAIL GAVE ME THIS DISCOVERY.

21     THE COURT:  WELL, HOW DID THEY GET IT?

22     MR. CHRISTOPHER:  I DON'T KNOW.

23     MS. GRASSO:  YOUR HONOR, WE HAVE RECEIPTS THAT

24 THERE IS AN INVESTIGATOR THAT HAS BEEN PICKING UP

25 MR. CHRISTOPHER'S ITEMS, AND WE HAVE BEEN PERSONALLY

26 CALLING THAT INVESTIGATOR WHEN WE HAVE SOMETHING TO PUT

27 OUT.

28     THE COURT:  WELL, MR. CHRISTOPHER, IT SOUNDS

1   LIKE YOU HAVE AN INVESTIGATOR AND/OR A RUNNER, DEPENDING

2   ON WHETHER THE INVESTIGATOR NEEDS THAT.  AND B, IT

3   SOUNDS LIKE THEY HAVE ALREADY PROVIDED YOU WITH A DISK

4   THAT HAS THE COLOR PHOTOGRAPHS ON THERE; THAT MEANS THAT

5   YOU HAVE EVERYTHING THAT THEY HAVE.  SO CALL YOUR

6   WITNESS.

7        MS. GRASSO:  THANK YOU, YOUR HONOR.  OFFICER

8   ROSS.

9

10               **SAMUEL ROSS,**

11   CALLED AS A WITNESS BY AND ON BEHALF OF THE PEOPLE,

12   HAVING BEEN FIRST DULY SWORN, TESTIFIED AS FOLLOWS:

13

14              DIRECT EXAMINATION

15   BY MS. GRASSO:

16     Q.   GOOD MORNING.  WOULD YOU PLEASE STATE YOUR

17   FIRST AND LAST NAME AND SPELL THAT FOR THE RECORD.

18     A.   SAMUEL ROSS.  R-O-S-S.

19     Q.   WHAT DO YOU DO FOR A LIVING?

20     A.   I CURRENTLY AM EMPLOYED WITH THE SAN DIEGO

21   POLICE DEPARTMENT.

22     Q.   AND HOW LONG HAVE YOU BEEN A SWORN PEACE

23   OFFICER?

24     A.   ABOUT TWO AND A HALF YEARS.

25     Q.   AND, BRIEFLY, WOULD YOU STATE YOUR TRAINING TO

26   BECOME A PEACE OFFICER?

27     A.   I WENT THROUGH A SIX-MONTH REGIONAL ACADEMY,

28   ACQUIRED MY POST CERTIFICATE.

1          THE COURT:  MR. ROSS, YOU HAVE TO SPEAK LOUDER

2    AND IN THE MICROPHONE SO THAT EVERYBODY CAN HEAR.

3          THE WITNESS:  SORRY.  WENT THROUGH A SIX-MONTH

4    REGIONAL TRAINING, POLICE TRAINING AND ACQUIRED MY POST

5    CERTIFICATE.  THEREAFTER, I WENT THROUGH FOUR MONTHS OF

6    PHASE TRAINING WITH AN EXPERIENCED TRAINING OFFICER, AND

7    SINCE THEN HAVE BEEN ON PATROL IN SOUTH EAST DIVISION

8    SDPD.

9    BY MS. GRASSO:

10          Q.    AND DID YOUR TRAINING ENCOMPASS, AND YOUR

11   CERTIFICATE ENCOMPASS, TESTIFYING AT PRELIMINARY HEARING

12   UNDER PROPOSITION 115?

13          A.    YES.

14          Q.    WERE YOU ON DUTY ON DECEMBER 5TH OF 2006 AT

15   ABOUT 1:15 P.M.?

16          A.    YES, I WAS.

17          Q.    AND DID YOU RECEIVE A DISPATCH TO RESPOND TO

18   THE SCENE AT ABOUT THAT TIME AT 398 SOUTH MEADOWBROOKE

19   DRIVE, NUMBER 44C, IN SAN DIEGO?

20          A.    YES, I WAS.

21          Q.    AND THAT IS IN SAN DIEGO COUNTY?

22          A.    CORRECT.

23          Q.    THANK YOU.  NOW, WHAT TYPE OF RESIDENCE WAS

24   398 SOUTH MEADOWBROOKE DRIVE?

25          A.    IT'S AN APARTMENT COMPLEX.

26          Q.    AND WHOM DID YOU MEET UPON ARRIVAL?

27          A.    I MET THE VICTIM, BARBARA BROWN, I BELIEVE IT

28   WAS.

1    Q.    AND DID YOU GET A STATEMENT FROM MS. BROWN?

2    A.    YES, I DID.

3    Q.    NOW, LET ME ASK YOU THIS, DID YOU ULTIMATELY

4    ARREST SOMEONE AT THE LOCATION 398 SOUTH MEADOWBROOKE

5    DRIVE IN CONNECTION WITH THIS INVESTIGATION?

6    A.    YES, I DID.

7    Q.    AND DO YOU SEE THAT PERSON IN THE COURTROOM

8    HERE TODAY?

9    A.    YES, I DO.

10    Q.    WOULD YOU PLEASE POINT TO WHERE THAT PERSON IS

11    SEATED AND DESCRIBE SOMETHING HE OR SHE IS WEARING?

12    A.    SITTING OVER HERE IN THE BLUE SHIRT.

13    MS. GRASSO:  MAY THE RECORD REFLECT THE

14    WITNESS HAS IDENTIFIED THE DEFENDANT?

15    THE COURT:  YES.

16    MS. GRASSO:  THANK YOU, YOUR HONOR.

17    BY MS. GRASSO:

18    Q.    NOW, OFFICER ROSS, YOU SAID THAT YOU GOT A

19    STATEMENT FROM MS. BROWN; IS THAT CORRECT?

20    A.    YES.

21    Q.    DID SHE TELL YOU WHETHER SHE KNEW THE

22    DEFENDANT?

23    A.    YES, SHE DID.

24    Q.    AND HOW DID SHE KNOW THE DEFENDANT?

25    A.    THEY WERE IN A DATING RELATIONSHIP.

26    Q.    AND DID SHE CALL 911 FOR HELP?

27    A.    YES, SHE DID.

28    Q.    DID SHE TELL YOU WHY?

1    A.    SHE SAID SHE HAD BEEN IN AN INCIDENT WITH HER

2  BOYFRIEND INVOLVING DOMESTIC VIOLENCE.

3    Q.    LET'S START FROM THE BEGINNING.  ACCORDING TO

4  MS. BROWN'S STATEMENT, WHEN DID THIS ALLEGED INCIDENT

5  TAKE PLACE?

6    A.    IT TOOK PLACE THE DAY BEFORE SHE CALLED, THE

7  EVENING OF THE 4TH.

8    Q.    DECEMBER 4TH, '06?

9    A.    YES.

10    Q.    AND WHERE DID SHE SAY THE INCIDENT TOOK PLACE?

11    A.    IT TOOK PLACE IN HER VEHICLE, I BELIEVE IT

12  WAS, ON THE 125 HEADING TOWARDS THE 8.

13    Q.    DID SHE SAY WHAT CITY THEY WERE IN?

14    A.    I BELIEVE IT IS THE BORDER FOR SAN DIEGO AND

15  SPRING VALLEY; I AM NOT SURE WHICH JURISDICTION IT WOULD

16  FALL UNDER.

17    Q.    BUT STILL IN SAN DIEGO COUNTY?

18    A.    YES.

19    Q.    AND WHOM DID SHE TELL YOU WAS IN THE CAR?

20    A.    HER BOYFRIEND, I BELIEVE IT WAS, CHRISTOPHER

21  CARRE OR THE OTHER WAY AROUND.  I AM NOT SURE WHICH ONE

22  IT CAME OUT TO BE.

23    Q.    HER BOYFRIEND, THE DEFENDANT?

24    A.    YES.

25    Q.    NOW, WHO WAS DRIVING, ACCORDING TO HER

26  STATEMENT?

27    A.    CHRISTOPHER.

28    Q.    AND WHERE WAS SHE SEATED?

```
1        A.   SHE WAS IN THE FRONT PASSENGER'S SEAT.

2        Q.   ANYBODY ELSE IN THE CAR?

3        A.   NO.

4        Q.   AND DID MS. BROWN TELL YOU HOW THE INCIDENT

5   BEGAN?

6        A.   I REMEMBER IT WAS A HEATED ARGUMENT.

7             THE COURT:  IT'S A YES OR NO QUESTION.  DID

8   SHE TELL YOU HOW IT BEGAN?

9             THE WITNESS:  YES, SHE DID.

10  BY MS. GRASSO:

11       Q.   DO YOU RECALL WHAT SHE TOLD YOU?

12       A.   NOT OFF THE TOP OF MY HEAD.

13       Q.   BUT YOU MENTIONED AN ARGUMENT?

14       A.   YES.

15            MR. CHRISTOPHER:  OBJECTION.  LEADING THE

16  WITNESS.

17            THE COURT:  OVERRULED.

18  BY MS. GRASSO:

19       Q.   DURING THE ARGUMENT, DID MS. BROWN TELL YOU

20  WHAT HAPPENED NEXT?

21       A.   YES, SHE SAID DURING THE ARGUMENT CHRISTOPHER

22  REACHED OVER AND PUNCHED HER IN HER EYE; IT WAS HER LEFT

23  EYE.

24       Q.   DID SHE SAY WHAT HAND MR. CHRISTOPHER USED?

25       A.   I BELIEVE IT WAS HIS RIGHT HAND.

26       Q.   AND YOU SAID HER LEFT EYE?

27       A.   HER LEFT EYE, CORRECT.

28       Q.   DID THE DEFENDANT SAY ANYTHING TO MS. BROWN,
```

1    ACCORDING TO HER STATEMENT, AS HE PUNCHED HER IN THE

2    EYE?

3        A.    I BELIEVE THERE IS A QUOTE IN THERE OF, "I AM

4    GOING TO KILL YOU, BITCH."

5        Q.    AND WHERE DID THE DEFENDANT ULTIMATELY DRIVE

6    TO?

7        A.    BACK TO THE RESIDENCE OF 398 SOUTH

8    MEADOWBROOKE.

9        Q.    NOW, ACCORDING TO HER STATEMENTS, OTHER THAN,

10   I BELIEVE YOU SAID, "I AM GOING TO KILL YOU BITCH,"

11   OTHER THAN THAT STATEMENT, AFTER PUNCHING HER IN THE

12   EYE, DID, ACCORDING TO HER STATEMENT TO YOU AND MS.

13   BROWN, DID MR. CHRISTOPHER SAY ANYTHING ELSE TO HER?

14       A.    LATER ON HE SAID SOMETHING TO THE EFFECT OF I

15   AM NOT GOING TO LET YOU GO TO WORK; I DON'T REMEMBER THE

16   EXACT QUOTE.

17       Q.    ACCORDING TO MS. BROWN'S STATEMENT WAS THE

18   QUOTE, "I AM GOING TO KILL YOU, BITCH," WAS THAT THE

19   ONLY TIME MR. CHRISTOPHER THREATENED HER?

20       A.    THIS DATE OR IN THE RELATIONSHIP?

21       Q.    NO, WE ARE REFERRING JUST TO THE INCIDENT?

22       A.    OKAY.   YES.

23       Q.    THAT WAS THE ONLY TIME?

24             MR. CHRISTOPHER:   OBJECTION.   ASKED AND

25   ANSWERED.

26             THE COURT:   WELL, THE LAST ANSWER HAS BEEN

27   ALREADY ANSWERED, SO.

28             MR. CHRISTOPHER:   YES.

```
 1          THE COURT:  SO TO THAT QUESTION, IT IS NOT
 2   TIMELY AND THE OBJECTION IS OVERRULED.  AND I DON'T KNOW
 3   WHAT THE NEXT QUESTION IS YET, SO YOU MIGHT BE PREMATURE
 4   ON THE OBJECTION.
 5          MR. CHRISTOPHER:  ALL RIGHT.
 6   BY MS. GRASSO:
 7      Q.   OFFICER ROSS, LET ME ASK YOU THIS, AFTER THE
 8   INCIDENT, WHILE YOU WERE TAKING MS. BROWN'S STATEMENT,
 9   DID YOU TAKE ANY NOTES?
10      A.   DURING THE STATEMENTS, YES.
11      Q.   AND DID YOU ULTIMATELY WRITE A REPORT
12   REGARDING THIS INCIDENT?
13      A.   YES, I DID.
14      Q.   DID YOU WRITE THAT REPORT WHEN THE INCIDENT
15   WAS STILL FRESH IN YOUR MIND?
16      A.   YES, I DID.
17      Q.   AND WOULD LOOKING AT YOUR REPORT REFRESH YOUR
18   RECOLLECTION AS FAR AS WHETHER MR. CHRISTOPHER FURTHER
19   THREATENED MS. BROWN?
20      A.   YES, IT WOULD.
21      Q.   AND FOR THE RECORD, I AM REFERRING TO PAGES 9
22   AND 10 OF THE REPORT.  IF YOU COULD READ THE STATEMENT
23   FROM MS. BROWN AND LOOK UP.  IF YOU COULD READ IT
24   SILENTLY TO YOURSELF AND LOOK UP WHEN YOU ARE DONE,
25   PLEASE.
26      A.   OKAY.
27      Q.   ACCORDING TO MS. BROWN'S STATEMENT TO YOU,
28   AFTER MR. CHRISTOPHER PUNCHED HER AND MADE THE INITIAL
```

1    THREAT, DID HE THREATEN HER AGAIN ANY TIME LATER THAT

2    DAY OR THE FOLLOWING MORNING?

3        A.    YES, HE CONTINUED THREATENING HER ON THE WAY

4    BACK TO THE RESIDENCE.

5        Q.    DID MS. BROWN SPECIFY WHAT EXACTLY

6    MR. CHRISTOPHER SAID?

7        A.    NO, SHE DIDN'T.

8        Q.    WHAT DID SHE SAY HAPPENED ONCE THEY ARRIVED AT

9    HOME?    "THEY" MEANING MR. CHRISTOPHER AND MS. BROWN.

10       A.    THEY WENT BACK INTO THE APARTMENT, AND I

11   BELIEVE THEY WENT TO BED.

12       Q.    SHE DID NOT CALL THE POLICE ON THE NIGHT OF

13   THE 4TH?

14       A.    NO, SHE DIDN'T, NO.

15       Q.    AND WHAT HAPPENED THE NEXT MORNING, ACCORDING

16   TO HER STATEMENT?

17       A.    THE NEXT MORNING THEY WOKE UP IN THE MORNING.

18            MR. CHRISTOPHER:    OBJECTION.    ASKED AND

19   ANSWERED.

20            THE COURT:    OVERRULED.    GO AHEAD.

21            THE WITNESS:    THEY WOKE UP IN THE MORNING, AND

22   I BELIEVE SHE WAS SUPPOSED TO GO TO WORK; HE WOULD NOT

23   ALLOW HER TO GO TO WORK.

24   BY MS. GRASSO:

25       Q.    I AM SORRY, I MISSED THAT STATEMENT.    SHE WAS

26   SUPPOSED TO GO TO WORK AND?

27       A.    HE WOULD NOT ALLOW HER TO GO TO WORK.

28       Q.    MEANING MR. CHRISTOPHER?

1    A.    CORRECT.  I BELIEVE SHE WAITED FOR HIM TO GO

2  BACK TO SLEEP.  SHE WAS UNABLE TO ALL THE POLICE, SHE

3  DIDN'T HAVE A PHONE IN THE APARTMENT.  SHE HAD TO GO TO

4  THE RENTAL OFFICE TO MAKE THE CALL.  SHE HAD TO WAIT FOR

5  HIM TO GO BACK TO SLEEP LATER THAT MORNING UNTIL SHE

6  COULD GET OUT OF THE APARTMENT TO MAKE THAT CALL.

7    Q.    LET ME BACK UP A LITTLE BIT.  YOU SAID THAT

8  MS. BROWN HAD TO -- OR WAS DUE TO BE AT WORK?

9    A.    CORRECT.

10    Q.    AND MR. CHRISTOPHER WOULD NOT LET HER?

11    A.    CORRECT.

12        MR. CHRISTOPHER:  OBJECTION.  LEADING THE

13  WITNESS.

14        THE COURT:  NOT YET.  BUT I DON'T WANT YOU TO

15  LEAD HIM ON THIS QUESTION.

16  BY MS. GRASSO:

17    Q.    WHAT, SPECIFICALLY, DID MS. BROWN SAY?

18        MR. CHRISTOPHER:  OBJECTION.  FOUNDATION.

19        THE COURT:  OVERRULED.

20  BY MS. GRASSO:

21    Q.    THAT LED HER TO BELIEVE SHE WAS NOT ALLOWED TO

22  GO TO WORK?

23    A.    HE SAID, I BELIEVE THE QUOTE WAS, "YOU ARE NOT

24  GOING TO WORK, YOU STUPID BITCH."

25        MR. CHRISTOPHER:  I DIDN'T UNDERSTAND WHAT HE

26  SAID.

27        (RECORD READ BY THE REPORTER.)

28

1    BY MS. GRASSO:

2        Q.    AND YOU ALSO MENTIONED THERE WAS NO PHONE IN

3    THE APARTMENT; IS THAT CORRECT?

4        A.    CORRECT.

5        Q.    NOW, DID MS. BROWN DESCRIBE FOR YOU WHAT HER

6    REACTION TO MR. CHRISTOPHER'S THREATS WERE?

7        A.    SHE BELIEVED THAT THE THREATS COULD AND WOULD

8    BE CARRIED OUT BASED ON PREVIOUS ASSAULTS.

9        Q.    NOW, YOU ALSO STATED THAT SHE, MS. BROWN,

10    WAITED FOR MR. CHRISTOPHER TO FALL ASLEEP AND THEN WHAT

11    HAPPENED, ACCORDING TO HER STATEMENT?

12            MR. CHRISTOPHER:  OBJECTION.  ASKED AND

13    ANSWERED.

14            THE COURT:  OVERRULED.

15            THE WITNESS:  AFTER HE FELL ASLEEP, SHE WAITED

16    A COUPLE OF HOURS TO MAKE SURE HE WAS SOUND ASLEEP, AND

17    SHE LEFT THE APARTMENT, WENT OVER TO THE RENTAL OFFICE

18    OF THE APARTMENT COMPLEX, AND THAT IS WHERE SHE CALLED

19    THE POLICE.

20    BY MS. GRASSO:

21        Q.    OFFICER ROSS, LET ME ASK YOU THIS, WHEN YOU

22    SPOKE TO MS. BROWN, DO YOU RECALL WHAT HER DEMEANOR WAS?

23        A.    SHE WAS SCARED, CRYING, ANGRY.

24        Q.    DID SHE HAVE ANY INJURIES ON HER PERSON THAT

25    YOU COULD SEE?

26        A.    YES, SHE DID.

27        Q.    AND COULD YOU DESCRIBE THOSE INJURIES?

28        A.    HER LEFT EYE, I BELIEVE IT WAS BELOW HER EYE,

1    WAS VERY SWOLLEN AND PURPLE TO THE POINT WHERE THE EYE

2    WAS ALMOST SWOLLEN SHUT.

3        Q.    DID YOU PHOTOGRAPH HER INJURIES?

4        A.    YES, I DID.

5            MS. GRASSO:  YOUR HONOR, MAY I APPROACH?

6            THE COURT:  YES.

7    BY MS. GRASSO:

8        Q.    THANK YOU.  I HAVE WHAT HAS BEEN PREVIOUSLY

9    MARKED PEOPLE'S EXHIBIT 1.

10           (PEOPLE'S EXHIBIT NUMBER 1

11           MARKED FOR IDENTIFICATION.)

12           THE COURT:  AND THESE ARE THE PHOTOGRAPHS YOU

13   WERE REFERRING TO BEFORE, MR. CHRISTOPHER?

14           MR. CHRISTOPHER:  YES, SIR.

15   BY MS. GRASSO:

16       Q.    OKAY.  MR. ROSS, DO YOU RECOGNIZE THAT

17   PHOTOGRAPH?

18       A.    YES, I DO.

19       Q.    AND HOW DO YOU RECOGNIZE IT?

20       A.    I REMEMBER THE CLOTHING SHE WAS WEARING.  I

21   REMEMBER HER IN PERSON FROM WHEN I SPOKE TO HER THAT

22   DAY.

23       Q.    IS IT A PHOTOGRAPH THAT YOU PERSONALLY TOOK?

24       A.    YES.

25       Q.    AND DOES THAT PHOTOGRAPH CORRECTLY SHOW THE

26   APPEARANCE -- MS. BROWN'S APPEARANCE AS YOU SAW HER ON,

27   I BELIEVE, DECEMBER 5TH?

28       A.    YES.

1    Q.  AND I ALSO HAVE PEOPLE'S -- WHAT HAS BEEN

2  PREVIOUSLY MARKED PEOPLE'S EXHIBIT 2.  DO YOU RECOGNIZE

3  THAT PHOTOGRAPH, OFFICER ROSS?

4         (PEOPLE'S EXHIBIT NUMBER 2

5         MARKED FOR IDENTIFICATION.)

6         THE WITNESS:  YES, I DO.

7  BY MS. GRASSO:

8    Q.  AND HOW DO YOU RECOGNIZE THAT PHOTOGRAPH?

9    A.  THE SAME, THE CLOTHING SHE WAS WEARING.  I

10  REMEMBER HER IN PERSON FROM THE MEETING.

11    Q.  AND YOU PERSONALLY TOOK THAT PHOTOGRAPH?

12    A.  YES, I DID.

13    Q.  AND THAT PHOTOGRAPH ACCURATELY SHOWS WHAT SHE

14  LOOKED LIKE WHEN YOU MET WITH HER ON DECEMBER 5TH?

15    A.  YES.

16    Q.  "HER" MEANING MS. BROWN?

17    A.  YES.

18    Q.  THANK YOU.  OFFICER, WHEN YOU ARRESTED

19  MR. CHRISTOPHER, DID HE HAVE ANYTHING ON HIS PERSON?

20    A.  YES, I BELIEVE HE HAD A SCISSORS AND MS.

21  BROWN'S VEHICLE KEYS IN HIS POCKET.

22    Q.  HOW DO YOU KNOW THAT THOSE KEYS BELONGED TO

23  MS. BROWN?

24    A.  BEFORE I CONTACTED CHRISTOPHER SHE HAD

25  STATED -- WHEN I MET HER, SHE WAS IN FRONT OF THE

26  APARTMENT COMPLEX.  SHE STATED SHE WAS WAITING THERE

27  BECAUSE HE HAD HER CAR KEYS AND SHE WANTED TO MAKE SURE

28  HE DIDN'T LEAVE IN HER VEHICLE.  I CONFIRMED AFTERWARDS

1    THOSE WERE HER KEYS.

2        Q.    DID SHE SAY WHETHER THIS WAS A VEHICLE THAT

3    SHE AND MR. CHRISTOPHER SHARED?

4        A.    I DON'T RECALL.

5        Q.    BUT SHE DID REFER TO IT AS HER KEYS?

6        A.    YES.

7        Q.    LET ME ASK YOU THIS, DID MS. BROWN STATE

8    WHETHER THEY LIVED TOGETHER, HER AND MR. CHRISTOPHER

9    LIVED TOGETHER, OR IN SEPARATE RESIDENCE?

10        A.    THEY LIVED TOGETHER.

11        Q.    AND DID MS. BROWN INDICATE TO YOU WHETHER SHE

12    FELT, AFTER HEARING MR. CHRISTOPHER'S THREATS, WHETHER

13    SHE FELT THAT SHE COULD LEAVE THE APARTMENT?

14        A.    SHE FELT LIKE SHE COULD NOT LEAVE THE

15    APARTMENT AFTER THOSE THREATS.

16            MS. GRASSO:    THANK YOU, YOUR HONOR.    NOTHING

17    FURTHER.

18            THE COURT:    MR. CHRISTOPHER, YOU MAY

19    CROSS-EXAMINE.

20

21                    CROSS-EXAMINATION

22    BY MR. CHRISTOPHER:

23        Q.    SAMUEL ROSS; IS THAT CORRECT?

24        A.    YES.

25        Q.    YOU STATED YOU HAD LESS THAN FIVE YEARS

26    EXPERIENCE WITH THE SAN DIEGO POLICE?

27        A.    THAT IS CORRECT.

28        Q.    YOU STATED YOUR TRAINING WAS SIX MONTHS

1    REGIONAL TRAINING?

2        A.    YES.

3        Q.    AND FOUR MONTHS OF BASIC TRAINING?

4        A.    CORRECT.

5        Q.    DO YOU HAVE ANY INVESTIGATIVE TRAINING?  HOW

6    MANY MONTHS?  MAYBE I SHOULD REPHRASE IT.  WAS THERE A

7    COURSE ENTITLED "INVESTIGATIVE TRAINING"?

8        A.    THERE WAS A COURSE IN INVESTIGATIVE WRITING

9    THROUGH THE REGIONAL ACADEMY.

10       Q.    WAS THERE A COURSE, SIR, YES OR NO, WAS THERE

11   A COURSE, INVESTIGATIVE TRAINING?  WAS THAT WHAT YOU ARE

12   TALKING ABOUT INCLUDED IN YOUR BASIC TRAINING?

13       A.    YES.

14       Q.    HOW MANY MONTHS WAS THIS COURSE THAT YOU TOOK

15   IN INVESTIGATIVE TRAINING?

16       A.    I BELIEVE ABOUT TWO MONTHS WAS THAT PORTION OF

17   THE COURSE.

18       Q.    THE PROSECUTOR ASKED YOU ABOUT YOUR TRAINING,

19   WHY DID YOU NOT MENTION THE TWO MONTH'S INVESTIGATIVE

20   TRAINING?

21       A.    THAT IS JUST A BASIC CURRICULUM OF THE SAN

22   DIEGO REGIONAL TRAINING ACADEMY.

23       Q.    DO YOU HAVE A CERTIFICATE FOR PROPOSITION 115

24   TESTIMONY?

25       A.    I NOT KNOW IF A CERTIFICATE CAME WITH IT OR

26   NOT.

27            MR. CHRISTOPHER:  YOUR HONOR, THIS WITNESS

28   CAN'T TESTIFY.

1          THE COURT:  NO, THERE IS NO REQUIREMENT THAT

2    THERE BE A CERTIFICATE, MR. CHRISTOPHER.  HE HAS

3    TESTIFIED HE DID THE POST CERTIFIED PROP 115 TEST, OR A

4    CLASS AND THAT HE HAS PASSED THE CLASS.  I DON'T HAVE TO

5    SEE A CERTIFICATE TO ALLOW HIM TO TESTIFY.

6          MR. CHRISTOPHER:  BUT, YOUR HONOR, I BEG TO

7    DIFFER.  HE SAID HE HAD SIX MONTHS REGIONAL TRAINING.

8          THE COURT:  RIGHT.

9          MR. CHRISTOPHER:  HE SAID HE HAD FOUR MONTHS

10   BASIC TRAINING.  UPON ME CROSS-EXAMINING THE WITNESS,

11   THE WITNESS SAID HE HAD TWO MONTHS OF INVESTIGATIVE

12   TRAINING.  I MEAN, IN THE TRAINING, IT MAY HAVE

13   MENTIONED PROP 115, BUT HE DID NOT HAVE A SPECIFIC

14   COURSE FOR PROP 115.

15          THE COURT:  DID YOU HAVE A SPECIFIC COURSE FOR

16   TESTIFYING AT PRELIMINARY HEARINGS UNDER PROP 115?

17          THE WITNESS:  YES, YOUR HONOR.

18   BY MR. CHRISTOPHER:

19      Q.   HOW MANY MONTHS WAS IT?  HOW MANY WEEKS?  HOW

20   MANY HOURS WAS IT?

21      A.   I DON'T RECALL.  JUST A COUPLE OF HOURS.  IT

22   WAS A ONE-DAY COURSE.

23          THE COURT:  SO YOU HAD TWO HOURS OF PROP 115

24   HEARING TRAINING?

25          THE WITNESS:  YES.

26          MR. CHRISTOPHER:  YOUR HONOR, ARE YOU

27   ACCEPTING THAT AS --

28          THE COURT:  THAT IS ALL THE LAW REQUIRES, THAT

1    HE COMPLETE THE POLICE OFFICER'S STANDARDS AND TRAINING

2    PROP 115 COURSE, HOWEVER LONG THAT IS.  I DIDN'T APPROVE

3    THE CURRICULUM, THAT IS --

4          MR. CHRISTOPHER:  TWO HOURS IS.  BUT IT IS ON

5    THE RECORD.

6          THE COURT:  OKAY.

7          MR. CHRISTOPHER:  THANK YOU.

8    BY MR. CHRISTOPHER:

9     Q.    GOING BACK TO YOUR POLICE REPORT, CAN YOU GO

10   TO PAGE 4.

11         MS. GRASSO:  OBJECTION, YOUR HONOR.

12         THE COURT:  YOU PROBABLY NEED TO ASK A

13   QUESTION FIRST.

14   BY MR. CHRISTOPHER:

15    Q.    OKAY.  YOU STATED THAT BARBARA BROWN TOLD YOU

16   I WAS LIVING WITH HER; IS THAT CORRECT?

17    A.    YES.

18    Q.    FOR HOW LONG?

19    A.    I DON'T KNOW ABOUT THE LIVING PART.

20    Q.    BACK IN YOUR REPORT SHE STATED I WASN'T LIVING

21   WITH HER AT ALL.  I MEAN, IS YOUR REPORT CORRECT,

22   FACTUAL?

23    A.    YES.

24    Q.    ALSO, IN YOUR REPORT IT SAYS RELATIONSHIP

25   BETWEEN VICTIM AND SUSPECT, THERE IS A BOX, SQUARE BOX

26   FOR SPOUSE, AND SQUARE BOX FOR COHABITANT, AND A SQUARE

27   BOX FOR ENGAGED, A SQUARE BOX FOR SAME SEX, AND THERE IS

28   A SQUARE BOX FOR DATING.  WHICH BOX DID YOU MARK?

```
1       A.    I BELIEVE IT WAS A DATING RELATIONSHIP.

2       Q.    YOU DID NOT CHECK SPOUSE?

3       A.    NO, I DON'T BELIEVE SO.

4       Q.    CAN YOU GO TO PAGE 4, SIR.

5       A.    I DON'T HAVE PAGE 4.

6             THE COURT:  DO YOU HAVE YOUR REPORT WITH YOU?

7             THE WITNESS:  I JUST HAVE PAGE 9 AND 10, SIR.

8             THE COURT:  NOW WE ARE GOING TO NEED THE

9    PROSECUTOR TO LEND YOU HER COPY, BECAUSE MR. CHRISTOPHER

10   IS NOT GOING TO BE APPROACHING THE WITNESS.

11            THE WITNESS:  OKAY.  PAGE 4.

12   BY MR. CHRISTOPHER:

13      Q.    PAGE 4.  SIR, SHOULD I REPEAT THE QUESTION?

14            THE COURT:  YES.

15   BY MR. CHRISTOPHER:

16      Q.    YOU SEE RELATIONSHIP BETWEEN VICTIM AND

17   SUSPECT?

18            THE COURT:  DO YOU SEE THAT?

19            THE WITNESS:  YES.

20   BY MR. CHRISTOPHER:

21      Q.    OKAY.  YOU HAVE A BOX SPOUSE THAT YOU COULD

22   HAVE CHECKED; YOU HAVE A BOX COHABITANTS THAT YOU COULD

23   HAVE CHECKED; YOU HAVE BOX ENGAGED THAT YOU COULD HAVE

24   CHECKED; YOU HAVE BOX SAME SEX WHICH YOU COULD HAVE

25   CHECKED; YOU HAVE A BOX DATING THAT YOU COULD HAVE

26   CHECKED.  THE BOX THAT YOU CHECKED WAS DATING; IS THAT

27   CORRECT?

28      A.    CORRECT.
```

1    Q.    YOU DID NOT CHECK SPOUSE; IS THAT CORRECT?

2    A.    CORRECT.

3    Q.    DID BARBARA BROWN EVER TELL YOU I WAS HER

4    SPOUSE?

5    A.    NO.

6    Q.    BARBARA BROWN TOLD YOU THE RELATIONSHIP ME AND

7    HER HAD WAS DATING OR A SPOUSE?

8    A.    DATING.

9    Q.    WHERE DID THE ALLEGED, YOU SAY SPOUSAL ABUSE

10   OCCUR?

11   A.    FROM THE INJURY; IT WAS IN THE VEHICLE.

12   Q.    NO, WHERE WAS THE VEHICLE WHEN THE INJURY

13   OCCURRED?  MAYBE I SHOULD REPHRASE THAT.

14   A.    IT WAS ON THE 125 BEFORE THE 8, WHILE YOU WERE

15   HEADED TO EL CAJON.  I BELIEVE IT WAS NORTHBOUND 125

16   BEFORE THE 8.

17   Q.    IT WAS ON NORTHBOUND 125.  YOU STATED WHEN THE

18   PROSECUTOR HAD EXAMINED YOU ON THIS, YOU STATED WE WERE

19   HEADED TOWARDS HOME WHEN IT HAPPENED; AM I CORRECT?

20   A.    NO, YOU ENDED UP BACK AT HOME.

21   Q.    OKAY.  NORTHBOUND 125.  WHERE ON NORTHBOUND

22   125?

23   A.    I DO NOT KNOW.

24   Q.    MS. BROWN DIDN'T TELL YOU WHERE ON 125?

25   A.    NO, NOT SPECIFICALLY.

26   Q.    YOU SAID YOU HAD INVESTIGATIVE TRAINING.

27   A.    YES.

28   Q.    YOU DID A LOT OF POLICE REPORTS, I WOULD TAKE

1   IT; AM I CORRECT?

2       A.   YES.

3       Q.   IN YOUR EXPERIENCE, ONE THAT HAS BEEN STRUCK

4   OR GOT IN A FIGHT OR SOMETHING, DO THEY FORGET WHERE IT

5   HAPPENED?

6       A.   SOMETIMES.

7       Q.   WITHIN A 24-HOUR PERIOD?

8       A.   NOT REALLY A TIME FRAME.

9       Q.   I SAID -- WELL, WITHIN AN EIGHT-HOUR PERIOD,

10   DOES AN INDIVIDUAL FORGET WHERE THEY WERE STRUCK?

11       A.   SOMETIMES.

12       Q.   HAVE YOU EVER IN YOUR LIFE GOT INTO A FIGHT?

13           MS. GRASSO:  OBJECTION, YOUR HONOR.

14           THE COURT:  SUSTAINED.

15   BY MR. CHRISTOPHER:

16       Q.   DO YOU BELIEVE IT IS POSSIBLE FOR AN

17   INDIVIDUAL TO FORGET WHERE THEY HAD AN ARGUMENT OR A

18   FIGHT FOUR HOURS PRIOR TO IT?

19           MS. GRASSO:  OBJECTION, YOUR HONOR, RELEVANCE.

20           THE COURT:  IT CALLS FOR SPECULATION AS TO

21   WHAT HE THINKS ABOUT OTHER PEOPLE.

22           MR. CHRISTOPHER:  YES, OKAY.

23   BY MR. CHRISTOPHER:

24       Q.   DID BARBARA BROWN TELL YOU THAT I DENIED HER

25   GOING TO THE TELEPHONE?

26       A.   I AM SORRY, I COULDN'T HEAR THE FULL QUESTION.

27       Q.   YOU MADE A STATEMENT THAT BARBARA BROWN SAID

28   THAT I SAID THAT SHE SHOULDN'T GO TO WORK?

1        A.    CORRECT.

2        Q.    DID SHE TELL YOU THAT I SAID SHE COULD NOT USE

3   THE TELEPHONE?

4        A.    THERE WAS NO TELEPHONE IN THE APARTMENT.

5        Q.    THAT IS NOT THE QUESTION, SIR.

6        A.    IN THE STATEMENT THAT SHE GAVE, SHE IMPLIED

7   THAT YOU WOULD NOT LET HER GO TO --

8             THE COURT:  SHE WHAT?  DID YOU SAY SHE IMPLIED

9   OR DID YOU SAY SHE SAID SOMETHING?

10            THE WITNESS:  SHE STATED THAT CHRISTOPHER

11   WOULD NOT LET HER LEAVE THE APARTMENT, IN THAT QUOTE.

12   BY MR. CHRISTOPHER:

13        Q.    THAT IS NOT IN YOUR REPORT THOUGH, SIR.

14            THE COURT:  THAT IS A QUESTION.  IS THAT IN

15   YOUR REPORT?

16   BY MR. CHRISTOPHER:

17        Q.    IS THAT IN YOUR REPORT, THAT SHE STATED SHE

18   COULD NOT USE THE TELEPHONE?

19            MS. GRASSO:  OBJECTION.  MISSTATES THE ANSWER.

20   THAT IS NOT WHAT THE OFFICER JUST SAID.

21            THE COURT:  WELL, IT'S A DIFFERENT QUESTION.

22   IS IT IN THE REPORT THAT HE STOPPED HER FROM USING THE

23   PHONE?

24            THE WITNESS:  SPECIFICALLY NOT TO USE THE

25   PHONE, NO.

26   BY MR. CHRISTOPHER:

27        Q.    IS IT IN YOUR REPORT THAT SHE STATED I STATED

28   SHE COULD NOT LEAVE THE HOUSE?

1    A.    YES.

2    Q.    WHERE?

3    A.    I WOULD HAVE TO LOOK AT MY REPORT.

4          THE COURT:  GO AHEAD.

5          MR. CHRISTOPHER:  HE DOESN'T HAVE THE REPORT?

6          THE COURT:  NO, HE HAS IT.  HE JUST HAS TO

7    LOOK AT IT.

8          THE WITNESS:  SPECIFICALLY, SHE DID NOT SAY

9    YOU WOULD NOT LET HER LEAVE.  THROUGH HER STATEMENTS

10   THAT I -- THE STATEMENT THAT SHE COULD NOT GET OUT, I

11   BELIEVE THAT SHE WAS, I BELIEVED SHE WAS UNABLE TO

12   LEAVE.

13   BY MR. CHRISTOPHER:

14   Q.    SIR, THE QUESTION IS, DID SHE STATE THAT I

15   STATED SHE COULD NOT LEAVE THE HOUSE?

16   A.    NO.

17   Q.    DID SHE?

18   A.    NO.

19   Q.    WHAT TIME OF NIGHT WAS THIS SUPPOSED TO HAVE

20   HAPPENED?  WHAT TIME DURING THE DAY, MORNING OR

21   AFTERNOON WAS THIS SUPPOSED TO HAVE HAPPENED?

22         MS. GRASSO:  OBJECTION.  COMPOUND.

23         THE COURT:  OVERRULED.  WHAT TIME WAS THIS

24   STATEMENT MADE?

25         THE WITNESS:  THIS STATEMENT OF?

26         THE COURT:  OF NOT BEING ABLE TO GO -- NOT

27   BEING ABLE TO LEAVE THE APARTMENT OR NOT BEING ABLE TO

28   GO TO WORK.  I THINK YOU ARE TALKING ABOUT THE NOT BEING

1  ABLE TO GO TO WORK, RIGHT?

2          MR. CHRISTOPHER:  YES.

3          THE COURT:  WHEN DID SHE TELL YOU.

4  BY MR. CHRISTOPHER:

5      Q.  WHAT TIME DID SHE SAY THIS?

6      A.  SPECIFICALLY, I AM NOT SURE.  AFTER 9:00 A.M.

7  WHEN YOU GUYS WOKE UP, AND BEFORE YOU WENT BACK TO

8  SLEEP.

9      Q.  WHAT TIME DID SHE SAY THE STATEMENT WAS MADE?

10     A.  SHE DID NOT SAY EXACTLY WHEN THE STATEMENT WAS

11  MADE.

12     Q.  I AM BEING CHARGED WITH A FELONY.  I SHOULD

13  SAY THE DEFENDANT IS BEING CHARGED WITH A FELONY,

14  SPOUSAL ABUSE, WHICH STATES THAT IT WAS A SERIOUS

15  INJURY, TRAUMATIC INJURY.  DID YOU CALL PARAMEDICS?

16     A.  PARAMEDICS WERE DISPATCHED WITH THE CALL.

17     Q.  DID THE PARAMEDICS TAKE BARBARA BROWN TO THE

18  HOSPITAL?

19     A.  NO, THEY DID NOT.

20     Q.  DID THEY BELIEVE SHE SHOULD GO TO THE

21  HOSPITAL?

22     A.  WHAT IS THAT?

23     Q.  DID THE PARAMEDICS, AS YOU REMEMBER, BELIEVE

24  THAT SHE SHOULD HAVE BEEN TRANSPORTED TO THE HOSPITAL?

25          MS. GRASSO:  OBJECTION.  SPECULATION.

26          THE COURT:  SUSTAINED.

27  BY MR. CHRISTOPHER:

28     Q.  WAS BARBARA BROWN TRANSPORTED TO THE HOSPITAL?

1    A.    NO, SHE WASN'T.

2    Q.    IF IT WAS A SERIOUS INJURY, WOULD SHE HAVE

3    BEEN TRANSPORTED TO THE HOSPITAL?

4    A.    SHE CAN DENY TRANSPORT.

5    Q.    WHAT YEAR AND MONTH DID YOU HAVE THE PROP 115

6    TRAINING?

7             MS. GRASSO:  OBJECTION.  RELEVANCE.

8             THE COURT:  OVERRULED.  YOU CAN ANSWER IT, IF

9    YOU REMEMBER.

10             THE WITNESS:  I DON'T REMEMBER WHAT MONTH,

11    JUST TIME FRAME.

12             THE COURT:  OKAY.

13             THE WITNESS:  BETWEEN JANUARY OF '05 AND JULY

14    OF '05.

15    BY MR. CHRISTOPHER:

16    Q.    BETWEEN JANUARY AND JULY OF '05, YOU HAD TWO

17    HOURS OF PROP 115 TRAINING; IS THAT WHAT YOU SAID?

18    A.    YES.

19    Q.    WAS IT PART OF ANOTHER COURSE OR WAS IT

20    SPECIFICALLY TITLED PROP 115 TRAINING?

21    A.    IT WAS SPECIFICALLY TITLED PROP 115.

22    Q.    THE SAN DIEGO POLICE, IS THAT THE SAME AMOUNT

23    OF TIME THAT THEY GIVE INVESTIGATORS FOR PROP 115

24    TRAINING?

25    A.    INVESTIGATORS START OUT AS PATROL OFFICERS

26    THROUGH THE ACADEMY.

27    Q.    AND THEY -- TO YOUR KNOWLEDGE EVERYONE

28    RECEIVED ONLY TWO HOURS?

1      A.    CORRECT.

2      Q.    IF YOU ARE ON THE FORCE 10 YEARS, YOU ONLY

3  RECEIVE TWO HOURS OF PROP 115 TRAINING?

4      A.    IN GENERAL.

5      Q.    IS THAT STATE MANDATED?

6      A.    I DO NOT KNOW.

7      Q.    WHY DID YOU CHARGE ME WITH SPOUSAL ABUSE IF

8  THE VICTIM STATED I WASN'T HER SPOUSE?

9          MS. GRASSO:   OBJECTION, YOUR HONOR,

10 ARGUMENTATIVE.   CALLS FOR LEGAL CONCLUSION.

11          THE COURT:   FOR ONE REASON, HE DOESN'T DECIDE

12 WHAT YOU ARE CHARGED WITH, SO THE OBJECTION IS

13 SUSTAINED.

14 BY MR. CHRISTOPHER:

15     Q.    OKAY.   WHY DID YOU SUBMIT I NEEDED TO BE

16 CHARGED WITH SPOUSAL ABUSE KNOWING THAT I WASN'T THE

17 VICTIM'S, ALLEGED VICTIM'S SPOUSE?

18          MS. GRASSO:   OBJECTION, YOUR HONOR.

19          THE COURT:   IRRELEVANT.   SUSTAINED.   OBJECTION

20 IS SUSTAINED.

21 BY MR. CHRISTOPHER:

22     Q.    COULD YOU HAVE CHARGED ME WITH ANOTHER CHARGE

23 OTHER THAN SPOUSAL ABUSE?

24          MS. GRASSO:   OBJECTION.   THIS OFFICER DOESN'T

25 CHARGE.

26          THE COURT:   SUSTAINED.

27 BY MR. CHRISTOPHER:

28     Q.    IN THE SAME BOX, RELATIONSHIP BETWEEN VICTIM

1     AND SUSPECT, YOU TALK ABOUT MINOR AND SERIOUS INCIDENT

2     ON A SCALE OF 1 TO 10.  WHAT WAS THE INJURY?

3           MS. GRASSO:  OBJECTION, YOUR HONOR.  CALLS FOR

4     MEDICAL CONCLUSION.

5           MR. CHRISTOPHER:  THE SAN DIEGO POLICE

6     OFFICER.

7           THE COURT:  I DIDN'T ASK FOR AN ARGUMENT,

8     MR. CHRISTOPHER.  IF I NEED ARGUMENT, I WILL ASK FOR IT.

9     I DON'T NEED AN ARGUMENT ON THIS PARTICULAR QUESTION.

10    AND IT IS, WE ARE NOT LOOKING FOR A MEDICAL OPINION, WE

11    ARE LOOKING FOR JUST, SORT OF, LIKE, YOUR BALLPARK.  AND

12    IT IS NOT PARTICULARLY RELEVANT, I WILL TELL YOU THAT,

13    MR. CHRISTOPHER.  I WILL ALLOW HIM TO ANSWER THE

14    QUESTION.

15          THE WITNESS:  OKAY.  WHAT WAS THE QUESTION

16    AGAIN?

17          THE COURT:  WHERE WOULD YOU PUT THE INJURY ON

18    A SCALE OF 1 TO 10?

19    BY MR. CHRISTOPHER:

20      Q.   ON 1 TO 10, WHERE WOULD YOU PUT THE INJURY?  I

21    MEAN, THE PARAMEDICS LEFT HER.  I MEAN, WHAT WOULD YOU

22    PUT IT AT FROM 1 TO 10?

23          MS. GRASSO:  OBJECTION.  ARGUMENTATIVE.

24          THE COURT:  OVERRULED.  ANSWER THE QUESTION.

25          THE WITNESS:  SEVEN.

26    BY MR. CHRISTOPHER:

27      Q.   OUT OF ALL OF THE INJURIES YOU HAVE EVER

28    SEEN --

1    THE COURT:  NOW YOU ARE GOING GETTING INTO AN

2    ARGUMENTATIVE STATE.  WHAT HE THINKS IS TOTALLY

3    IRRELEVANT ON THIS ISSUE, AND OBVIOUSLY THERE ARE FAR

4    MORE SERIOUS INJURIES THAT COULD HAVE OCCURRED HERE.

5    BUT YOU ARE ASKING FOR HIS OPINION, WHICH DOESN'T COUNT

6    FOR ANYTHING.

7    MR. CHRISTOPHER:  THANK YOU, YOUR HONOR.  I

8    HAVE NO FURTHER QUESTIONS.

9    THE COURT:  ANYTHING ELSE.

10    MS. GRASSO:  NO, YOUR HONOR.

11    THE COURT:  YOU MAY STEP DOWN.

12    MS. GRASSO:  AT THIS TIME, THE PEOPLE WOULD

13    LIKE TO SUBMIT EXHIBITS 1 AND 2.

14    THE COURT:  THOSE ARE THE PHOTOGRAPHS?

15    MS. GRASSO:  YES.

16    THE COURT:  ANY OBJECTION TO THOSE BEING

17    RECEIVED?

18    MR. CHRISTOPHER:  NO.

19    THE COURT:  ALL RIGHT.  THOSE ARE RECEIVED.

20    (PEOPLE'S EXHIBIT NUMBER 1

21    RECEIVED INTO EVIDENCE.)

22    (PEOPLE'S EXHIBIT NUMBER 2

23    RECEIVED INTO EVIDENCE.)

24    MS. GRASSO:  THANK YOU, YOUR HONOR.

25    THE COURT:  PEOPLE REST?

26    MS. GRASSO:  YES.

27    THE COURT:  WERE YOU GOING TO BE PRESENTING

28    ANY AFFIRMATIVE EVIDENCE, MR. CHRISTOPHER?

1    MR. CHRISTOPHER:  MY INVESTIGATOR SAID HE HAD

2  SUBPOENAED BARBARA BROWN, BUT FROM WHAT I UNDERSTAND, HE

3  TOLD HER SHE WOULD HAVE TO WAIT OUTSIDE, AND THERE IS NO

4  WAY FOR ME TO CHECK.

5    THE COURT:  OFFICER, COULD YOU GO OUT AND SEE

6  IF MS. BROWN IS OUT THERE.  SHE IS NOT HERE.

7    MR. CHRISTOPHER:  NO, I DON'T HAVE ANY.

8    THE COURT:  ALL RIGHT.  ARGUMENT.  MS. GRASSO?

9    MS. GRASSO:  RESERVE.

10    THE COURT:  MR. CHRISTOPHER, NOW IS THE TIME

11  FOR YOU TO EXPLAIN TO ME WHY THE PEOPLE HAVEN'T MET

12  THEIR BURDEN FOR A PRELIMINARY HEARING ON SHOWING ENOUGH

13  EVIDENCE TO BIND THESE CHARGES OVER FOR TRIAL.

14    MR. CHRISTOPHER:  AS FAR AS THE FELONY SPOUSAL

15  ABUSE, YOU HAVE TO BE A COHABITANT FOR IT TO BE DEFINED

16  AS SPOUSAL.  AND IN THEIR REPORT, THEY STATED THAT WE

17  WASN'T SPOUSES; THAT SHE WASN'T MY SPOUSE.

18    THE COURT:  RIGHT.

19    MR. CHRISTOPHER:  I DON'T SEE HOW -- AND NOT

20  ONLY WAS IT NOT IN HIS REPORT, HE HAS TESTIFIED THAT SHE

21  SAID I WASN'T HER SPOUSE EITHER.  SO I DON'T SEE HOW I

22  COULD BE CHARGED WITH SPOUSAL ABUSE.  I REALLY DON'T.

23    THE COURT:  OKAY.

24    MR. CHRISTOPHER:  AS FAR AS BEING HELD AGAINST

25  HER WILL, THERE IS NO TESTIMONY FROM HER THAT I DID NOT

26  LET HER LEAVE THE HOUSE.  IN FACT, SHE DID LEAVE THE

27  HOUSE.  SHE STATED THAT I WAS ASLEEP.  IN THE REPORT SHE

28  STATED I WAS ASLEEP MOST OF THE NIGHT.  SHE COULD HAVE

1  LEFT ANY TIME DURING THE NIGHT.  SHE LEFT -- SHE WAITED

2  UNTIL THE NEXT DAY.  IN FACT, AFTER I GOT UP, THAT IS

3  WHEN SHE LEFT, YOU KNOW.  AND SO I DON'T THINK THERE WAS

4  A HOLDING AGAINST ONE'S WILL.

5          AS FAR AS THE CRIMINAL THREAT, HE DOESN'T KNOW

6  WHAT TIME.  SHE DIDN'T HAVE ANY TIME.  I DON'T EVEN --

7  THIS IS NOT EVEN THE PROPER JURISDICTION.  I MEAN, THIS

8  IS EL CAJON.  WHY ISN'T THIS DOWNTOWN?  I MEAN, AT LEAST

9  ALLEGED IT WAS -- FROM WHERE HE STATED THAT THEY THINK,

10  WHICH IS A WIDE RANGE, THAT IS SAN DIEGO.

11          THE COURT:  WELL, THIS IS THE COUNTY OF SAN

12  DIEGO.  WE ARE ALL MEMBERS OF THE SAN DIEGO COUNTY

13  SUPERIOR COURT.  AND THE TESTIMONY WAS THAT IT OCCURRED

14  ON 125 UP NEAR THE INTERSTATE 8, AND THAT IS IN LA

15  MESA/SPRING VALLEY AREA.  AND THAT IS WITHIN THE VENUE

16  LINES FOR THIS COURT.

17          MR. CHRISTOPHER:  I SUBMIT.

18          THE COURT:  MS. GRASSO?

19          MS. GRASSO:  IN RESPONSE TO COUNT 1, THE

20  OFFICER DID TESTIFY THAT THEY WERE COHABITATING.  YOU

21  DON'T NEED TO BE SPOUSES FOR THIS CHARGE TO APPLY.  AND

22  JUST THE FACT THAT THEY BOTH WENT TO SLEEP TOGETHER,

23  THEY WERE LIVING IN THE SAME APARTMENT, AND, IN FACT,

24  THAT IS WHAT MS. BROWN'S TESTIMONY WAS.

25          AS FAR AS NOT BEING ABLE TO LEAVE, I BELIEVE

26  THAT THE FOLLOWING DAY ON THE 5TH WHEN MS. BROWN WAS DUE

27  TO GO TO WORK, THERE WAS TESTIMONY THAT MR. CHRISTOPHER

28  WOULD NOT LET HER GO TO WORK.  SHE -- THERE IS NO PHONE

1    IN THE HOUSE, SO SHE BELIEVED.

2            THE COURT:  WELL, THE TESTIMONY IS "YOU ARE

3    NOT GOING TO WORK, YOU STUPID BITCH."  THAT IS A QUOTE.

4            MR. CHRISTOPHER:  IT IS NOT A QUOTE.

5            THE COURT:  NO, NO, NO.  THAT IS WHAT WAS

6    SAID.  HOW IS THAT A FALSE IMPRISONMENT?

7            MS. GRASSO:  WELL, SHE BELIEVED THAT SHE WAS

8    NOT ABLE TO LEAVE THE PLACE.

9            THE COURT:  BASED ON WHAT?

10           MS. GRASSO:  ON HIS STATEMENT, ON HIS THREATS,

11   AND ON HIS STATEMENT THAT BASICALLY SHE WAS DUE TO GO TO

12   WORK, SHE COULD NOT GO TO WORK.  SHE WAITED UNTIL HE

13   FELL ASLEEP UNTIL SHE LEFT THE HOUSE.  BASICALLY, HER

14   ACTIONS SHOWED THAT SHE BELIEVED SHE WAS NOT ABLE TO

15   LEAVE THE HOUSE.

16           AND SO, BASED ON HER BELIEF, BASED ON THE

17   THREATS THAT SHE SAID THAT SHE TOOK SERIOUSLY, AND BASED

18   ON THE FACT THAT SHE WAS DUE TO LEAVE AND HE WOULD NOT

19   ALLOW HER TO GO TO WORK, ALSO THE FACT THAT HE HAD HER

20   CAR KEYS IN HIS POCKET AND SHE COULDN'T LEAVE.

21           THE COURT:  SHE DIDN'T EVEN TRY TO LEAVE.

22           MS. GRASSO:  SHE FELT SHE COULD NOT.

23           MR. CHRISTOPHER:  THOSE ARE --

24           THE COURT:  NO, NO, YOU HAD YOUR ARGUMENT,

25   MR. CHRISTOPHER.

26           MR. CHRISTOPHER:  I APOLOGIZE.

27           THE COURT:  IS THAT IT?

28           MS. GRASSO:  YES, YOUR HONOR.

1    THE COURT:  YES, ON COUNT 3, WHAT WE HAVE IS,

2    BASED UPON THE TESTIMONY THAT HAS BEEN PRESENTED HERE,

3    WHAT WE HAVE IS THE STATEMENT "YOU ARE NOT GOING TO

4    WORK, YOU STUPID BITCH," STANDING ALONE.  WE HAVE THE

5    CIRCUMSTANCE THAT THERE IS NO PHONE IN THE ROOM, BUT

6    THAT IS NOT -- THAT IS NOT INHERENT IN ANY FALSE

7    IMPRISONMENT, NOT A TERRIBLY MEANINGFUL THING.

8    THE FACT THAT MR. CHRISTOPHER MAY HAVE CAR

9    KEYS IN HIS POCKET, YOU KNOW, THAT SAYS VERY LITTLE.  I

10   MEAN, THAT DOESN'T MEAN SHE CAN'T GO OUT OF THE ROOM,

11   SHE CAN'T LEAVE THE ROOM AND WALK DOWN THE BLOCK.  THE

12   FACT THAT HE SAYS YOU ARE NOT GOING TO WORK DOESN'T MEAN

13   THAT HE IS PREVENTING HER FROM GOING OUT IN THE PARKING

14   LOT, GOING DOWN TO THE STARBUCKS, GOING ANYWHERE THAT

15   SHE WANTS TO GO.

16   AND THERE IS NOTHING THAT, AT LEAST THAT WAS

17   TESTIFIED TO AT THIS HEARING, THAT WAS CONTEMPORANEOUS

18   WITH THE STATEMENT THAT YOU ARE NOT GOING TO WORK THAT

19   CONSTITUTES A THREAT.  IF YOU, YOU KNOW, "YOU ARE NOT

20   GOING TO WORK, YOU STUPID BITCH, AND IF YOU TRY TO LEAVE

21   HERE I AM GOING TO KILL YOU."  OR I AM GOING TO BEAT YOU

22   OR I AM GOING TO DO SOMETHING ELSE.  NONE OF THAT IS

23   TOGETHER.  SO I THINK THAT IS MISSING ON COUNT 3.  AND I

24   AM DISCHARGING THE DEFENDANT ON COUNT 3, THE FALSE

25   IMPRISONMENT.

26   AS TO THE COUNT 1, MR. CHRISTOPHER, YOU

27   CHARACTERIZED THE OFFENSE IN THE SHORTHAND, SPOUSAL

28   ABUSE.  THE CODE DOESN'T REQUIRE THAT YOU BE SPOUSES.

1    WHAT 273.5 OF THE PENAL CODE SAYS IS ANY PERSON WHO

2    WILLFULLY INFLICTS UPON A PERSON, WHO IS HIS OR HER

3    SPOUSE, FORMER SPOUSE, COHABITANT, FORMER COHABITANT OR

4    MOTHER OR FATHER OF HIS OR HER CHILD.  SO THOSE ARE THE

5    CATEGORIES OF INDIVIDUALS THAT FALL WITHIN THE SPOUSAL

6    ABUSE STATUTE.  THAT IS JUST A SHORTHAND WAY OF

7    MISIDENTIFYING THE OFFENSE.

8              THE OFFENSE IS INFLICTING CORPORAL INJURY ON A

9    CURRENT OR FORMER SPOUSE OR COHABITANT, AND YOU WERE IN

10   THE SAME APARTMENT WITH MS. BROWN ON THIS DATE, AND THAT

11   MAKES YOU A COHABITANT.  AND SO IT IS APPLICABLE TO YOU.

12             YOUR ARGUMENT THAT I THINK YOU WANT TO MAKE,

13   YOU WERE MAKING THE POINT, I THINK, WITH THE QUESTIONING

14   OF THE OFFICER, IS TALKING ABOUT THE EXTENT OF INJURY.

15   THIS PARTICULAR OFFENSE DOES NOT REQUIRE SERIOUS INJURY.

16   IT REQUIRES A CORPORAL INJURY RESULTING IN A TRAUMATIC

17   CONDITION.  CORPORAL INJURY BASICALLY MEANS FORCE BEING

18   APPLIED THAT RESULTS IN SOME KIND OF A TRAUMA.  THERE IS

19   A PHOTO OF MS. BROWN HERE WITH A BLACK EYE; THAT IS A

20   CORPORAL INJURY.  THE BLACK EYE IS A TRAUMATIC

21   CONDITION, AND THAT FITS WITHIN 273.5, AND THERE IS

22   SUFFICIENT CAUSE TO BELIEVE THAT OFFENSE HAS OCCURRED,

23   AND SUFFICIENT CAUSE TO HOLD YOU TO ANSWER TO THAT.

24             AS FAR AS COUNT 2 GOES, "I AM GOING TO KILL

25   YOU, BITCH," THE TESTIMONY I THINK IS -- WELL, THAT IS A

26   PRETTY CLEAR STATEMENT.  IT'S A LITTLE WEAK ON A 115

27   KIND OF BASIS WITHOUT THE VICTIM ACTUALLY TELLING US HOW

28   SHE REACTED TO THAT STATEMENT, BUT I THINK IT IS THERE

1   FOR PURPOSES OF A PRELIMINARY HEARING.  BUT IT IS NOT
2   SOMETHING, WITHOUT MORE, THAT IS GOING TO GET BY AN
3   1118.1, LET ALONE BY A JURY VERDICT.  BUT FOR PURPOSES
4   OF THE PRELIMINARY HEARING, I WILL FIND THAT THERE IS
5   SUFFICIENT CAUSE TO BELIEVE THAT OFFENSE HAS OCCURRED AS
6   WELL.

7           SO THE DEFENDANT IS GOING TO BE BOUND OVER ON
8   COUNT 1 AND COUNT 2, DISCHARGED ON COUNT 3.

9           THE ENHANCEMENT ON COUNT 1, PRIOR 273.5, THERE
10  IS A PRIOR 273.5 FROM THE DOWNTOWN CASE, M909832, AND
11  THE DEFENDANT WILL BE HELD TO ANSWER.

12          AND THAT WILL BE ON THE 19TH OF APRIL AT 1:25
13  IN DEPARTMENT 11.

14          AM I RIGHT, MR. CHRISTOPHER, YOUR PAROLE HAS
15  BEEN REVOKED, SO YOU ARE BACK WITH THE DEPARTMENT OF
16  CORRECTIONS; IS THAT CORRECT?

17          MR. CHRISTOPHER:  I SHOULD BE COMPLETED MAY
18  THE 1ST OF THIS YEAR, IN ABOUT THREE WEEKS.

19          THE COURT:  BUT THERE IS NO POINT IN SETTING
20  BAIL FOR YOU NOW BECAUSE YOU ARE NOT GOING TO BE GETTING
21  ANY CREDIT BECAUSE YOU ARE A SENTENCED PRISONER, AND YOU
22  CAN'T MAKE BAIL.  EVEN IF YOU WERE TO MAKE BAIL, YOU
23  CAN'T DO IT.  YOU ARE GOING TO BE IN FRONT OF THE NEXT
24  JUDGE ON THE 19TH OF APRIL BEFORE YOUR TIME IS UP, SO
25  YOU CAN MAKE WHATEVER PITCHES YOU NEED TO MAKE THEN.

26          DO YOU WANT AN ATTORNEY?

27          MR. CHRISTOPHER:  NOT AT THIS POINT.  WHAT
28  DATE DO WE HAVE -- HAVE YOU SET FOR THE MOTION HEARING?

1     THE COURT:  WELL, THAT IS GOING BE SET ON THE
2   19TH OF APRIL.  IF WE DID AN IMMEDIATE ARRAIGNMENT OF
3   YOU NOW, THEN THE MOTION CUT OFF DATE WOULD BE APRIL
4   19TH, BUT IT WILL PROBABLY BE TWO WEEKS AFTER THE
5   ARRAIGNMENT IN DEPARTMENT 11.
6     MR. CHRISTOPHER:  I WOULD RATHER DO THE
7   ARRAIGNMENT NOW.  I DON'T WANT ANY DELAYS.
8     THE COURT:  ALL RIGHT.  DO YOU HAVE ANY
9   PROBLEM WITH DOING AN IMMEDIATE ARRAIGNMENT?
10     MS. GRASSO:  NO, YOUR HONOR.
11     THE COURT:  YOU NEED TO UNDERSTAND ALSO, MR.
12   CHRISTOPHER, WE ARE GOING TO ARRAIGN YOU ON THE --
13   BASICALLY TURN THE COMPLAINT INTO AN INFORMATION AT THIS
14   TIME, AND I AM GOING TO BLACK OUT COUNT 3 ON MY COPY;
15   THAT IS GOING TO BE IN THE COURT FILE.  BUT THE DISTRICT
16   ATTORNEY CAN REFILE THOSE CHARGES IF THEY WISH AND SEEK
17   TO HAVE A COURT UP THE LINE REINSTATE THE CHARGE ON THE
18   FALSE IMPRISONMENT IF THEY THINK THEY HAVE GOT EVIDENCE
19   FOR IT.
20     BUT AFTER YOU CONFORM THIS, MS. GRASSO, I WANT
21   YOU TO SHOW IT TO MR. CHRISTOPHER.
22     MR. CHRISTOPHER, YOU NEED TO MAKE THE
23   MODIFICATIONS ON YOUR COPY OF THE COMPLAINT.  WHAT SHE'S
24   DOING RIGHT NOW IS SHE IS GOING TO PUT AN S IN FRONT OF
25   THE NUMBER, SO IT'S AN SCE NUMBER NOW.  AND AS I
26   MENTIONED, I BLACKED OUT NUMBER 3 ON THE CHARGING FACE
27   SHEET.  AND I BLACKED OUT -- CROSSED OUT COUNT 3 IN THE
28   THING ITSELF.  I AM GOING TO DATE IT WHERE THERE IS A

1    BOX THAT SAYS INFORMATION, AND SHE IS SIGNING IT.

2              ALL RIGHT.  SO AN ARRAIGNMENT PROCESS;

3    NORMALLY WE HAVE -- THE DEFENSE ATTORNEYS WOULD BE DOING

4    THE ARRAIGNMENT FOR YOU.  I GUESS I AM GOING TO DO IT

5    MYSELF.  YOU HAVE RECEIVED NOW A COPY OF THE COMPLAINT

6    THAT HAS BEEN DEEMED TO BE AN INFORMATION?

7              MR. CHRISTOPHER:  YES.

8              THE COURT:  YOU MADE YOUR CHANGES; IS THAT

9    CORRECT?

10             MR. CHRISTOPHER:  YES, SIR.

11             THE COURT:  AND YOUR TRUE NAME APPEARS ON THE

12   COMPLAINT, ON THE INFORMATION?

13             MR. CHRISTOPHER:  AT THE TOP, YES.

14             THE COURT:  AT THE TOP.  AND THE DATE OF BIRTH

15   IS CORRECT?

16             MR. CHRISTOPHER:  YES.

17             THE COURT:  YOU HAVE BEEN PREVIOUSLY ADVISED

18   OF YOUR CONSTITUTIONAL RIGHTS; IS THAT ALSO, CORRECT?

19             MR. CHRISTOPHER:  YES.

20             THE COURT:  YOU UNDERSTAND THOSE RIGHTS?

21             MR. CHRISTOPHER:  YES.

22             THE COURT:  DO YOU WAIVE A FORMAL READING OF

23   THE INFORMATION?

24             MR. CHRISTOPHER:  YES.

25             THE COURT:  AND YOU WISH TO ENTER A PLEA OF

26   WHAT?

27             MR. CHRISTOPHER:  NOT GUILTY.

28             THE COURT:  AND YOU ARE DENYING THE ALLEGATION

1    THAT IS ATTACHED TO COUNT 1?

2            MR. CHRISTOPHER:  YES.

3            THE COURT:  AND YOU ARE NOT REQUESTING COURT

4    APPOINTED COUNSEL AT THIS TIME; YOU ARE CONTINUING YOUR

5    PRO PER STATUS?

6            MR. CHRISTOPHER:  YES.

7            THE COURT:  YOU UNDERSTAND THAT I WILL APPOINT

8    YOU COUNSEL NOW IF THAT IS YOUR DESIRE?

9            MR. CHRISTOPHER:  I WOULD ACCEPT COUNSEL IF I

10   CAN BE CO-COUNSEL.

11           THE COURT:  I AM NOT GOING TO DO THAT.

12           MR. CHRISTOPHER:  EXACTLY.  THEN I WILL REMAIN

13   PRO PER.

14           THE COURT:  NOW, DATES ARE GOING TO BE AS

15   FOLLOWS:  I THINK YOU ARE CURRENTLY IN A NO BAIL STATUS.

16   NO, YOU ARE IN BAIL STATUS, $200,000 BAIL; THAT IS GOING

17   TO REMAIN.

18           MOTION CUT OFF DATE IS APRIL 19TH; READINESS

19   DATE WILL BE MAY 8TH, THAT IS AT 9:30 IN DEPARTMENT 11;

20   TRIAL CALL WILL BE MAY 21ST AT 9:00 IN DEPARTMENT 11.

21           YOU ARE ORDERED TO APPEAR ON THE 8TH OF MAY

22   AND ON THE 21ST OF MAY IN DEPARTMENT 11.  THE TRIAL CALL

23   IS AT 9:00 A.M, AND THAT WILL LEAVE ABOUT TWO WEEKS TO

24   GET YOU OUT TO TRIAL.

25           MR. CHRISTOPHER:  TRIAL CALL, THE DATE IS MAY

26   THE WHAT NOW?

27           THE COURT:  21ST.

28           MR. CHRISTOPHER:  MAY 21ST.  OKAY.  APRIL THE

1   19TH?

2           THE COURT:  THAT IS WHEN YOU HAVE TO HAVE YOUR

3   WRITTEN MOTIONS FILED WITH THE COURT.

4           MR. CHRISTOPHER:  OKAY.  YOU DIDN'T SAY I WAS

5   ORDERED TO APPEAR ON THAT DATE.

6           THE COURT:  NO, THAT IS BECAUSE THE FILING OF

7   THOSE MOTIONS DOESN'T REQUIRE AN APPEARANCE.

8           MR. CHRISTOPHER:  OKAY.

9           THE COURT:  BUT YOU WILL NEED TO MAKE

10  ARRANGEMENTS WITH YOUR INVESTIGATOR OR YOUR RUNNER TO

11  MAKE SURE THAT --

12          MR. CHRISTOPHER:  OKAY.  THE MOTION WILL BE

13  HEARD MAY THE 8TH?

14          THE COURT:  I DON'T KNOW WHEN THE MOTION WILL

15  ACTUALLY BE HEARD.

16          MR. CHRISTOPHER:  YOU SAID THAT YOU WOULD SET

17  A MOTION HEARING DATE.

18          THE COURT:  THEY WILL SET THE DATE FOR THE

19  MOTION AFTER THE MOTION HAS BEEN FILED.  WE'RE NOT GOING

20  TO SET DATES ON MOTIONS THAT HAVEN'T BEEN FILED.

21          MR. CHRISTOPHER:  OKAY.  YOU HAVE ONE NOW.

22          THE COURT:  RIGHT, BUT THAT HASN'T BEEN SERVED

23  ON ANYONE ELSE; IT HASN'T BEEN PERFECTED.  YOU ARE NOT

24  REQUIRED TO WAIT UNTIL THE 19TH OF APRIL TO FILE YOUR

25  MOTIONS.

26          MR. CHRISTOPHER:  CORRECT.

27          THE COURT:  THAT IS THE LAST DAY YOU WILL BE

28  ABLE TO GET A MOTION FILED AND HEARD BEFORE YOUR TRIAL.

1    MR. CHRISTOPHER:  OKAY.  THE ONE THAT I GAVE

2    YOU, I WANT IT FILED TODAY, BUT I WANT A COPY BACK; THAT

3    IS ALL.

4    THE COURT:  WE ARE GOING TO GIVE YOU A COPY

5    BACK.  BUT, I MEAN, AND LIKE I SAID, WE ARE GOING TO

6    GIVE YOU A COPY BACK.  AS FAR AS A DATE GOES, I AM NOT

7    GOING TO BE GIVING THE DATE FOR THAT.

8    MR. CHRISTOPHER:  OKAY, I UNDERSTAND.

9    THE COURT:  OKAY.

10    MR. CHRISTOPHER:  I CAN'T GIVE A COPY TO THE

11    SHERIFF AND SHE SERVE THE DISTRICT ATTORNEY WHILE SHE'S

12    HERE?

13    THE COURT:  WILL YOU ACCEPT SERVICE ON THE

14    MOTION?

15    MS. GRASSO:  YOUR HONOR, I WOULD RATHER NOT,

16    BECAUSE THIS IS MS. DEMAUREGNE'S CASE; SHE'S IN TRAINING

17    ALL WEEK.  I WOULD LIKE IT TO GO THROUGH PROPER CHANNELS

18    SO SHE CAN GET IT.  IF YOUR HONOR FEELS IT IS BEST UNDER

19    THESE CONDITIONS, I WILL ACCEPT IT AND PASS IT ON TO

20    HER.

21    MR. CHRISTOPHER:  BECAUSE IT'S EXTREMELY

22    DIFFICULT AS A PRO PER.  I MEAN, AS YOU SEE, LIKE I

23    HAVEN'T EVEN RECEIVED A RUNNER YET.  SO I WOULD LIKE TO

24    DO IT, AT LEAST GET THAT DONE.

25    THE COURT:  ALL RIGHT.  WE WILL MAKE COPIES.

26    THE CLERK:  AT THE TIME THEY FILE THE MOTION

27    DOWNSTAIRS, THEY GET THE DATE; THEY GET THE DATE FOR

28    DEPARTMENT 11.

1       THE COURT:  LET'S GET THE DATE FOR THAT.  ARE

2   YOU GOING TO BE FILING ANY OTHER MOTIONS?

3       MR. CHRISTOPHER:  I HOPE SO.

4       THE COURT:  I THINK THEY ARE GOING TO WANT TO

5   TRY TO DO EVERYTHING AT ONCE.

6       MR. CHRISTOPHER:  WE WILL DO IT ALL THE SAME

7   DATE.  IF THEY GIVE ME THE DATE, I WILL MAKE SURE

8   EVERYTHING IS DONE, AND I WILL HAVE TO GET THEM SERVED

9   THE BEST WAY I CAN ON THE OTHER MOTIONS; THAT ONE I WANT

10  SERVED.

11      THE COURT:  APRIL 20TH AT 9:30 IN DEPARTMENT

12  11 WILL BE THE MOTION DATE.

13      MR. CHRISTOPHER:  JUDGE EXHAROS.

14      THE COURT:  THAT IS RIGHT.  ALL RIGHT.  WE ARE

15  DONE.  WE WILL GET YOU COPY OF THE MOTION AND SERVE THE

16  DA WITH THEIR COPY.

17      MR. CHRISTOPHER:  THANK YOU.

18

19      (WHEREUPON THE PROCEEDINGS

20      CONCLUDED AT 12:05 P.M.)

21

22

23

24

25

26

27

28

48

```
 1 | STATE OF CALIFORNIA )
   |                          SS.
 2 | COUNTY OF SAN DIEGO )
 3 |
 4 |
 5 |            I, THOMAS R. MCPHAIL, CSR NO. 12544, AN
 6 | OFFICIAL REPORTER OF THE SUPERIOR COURT OF THE STATE OF
 7 | CALIFORNIA, IN AND FOR THE COUNTY OF SAN DIEGO, DO
 8 | HEREBY CERTIFY THAT AS SUCH REPORTER, I REPORTED IN
 9 | SHORTHAND THE TESTIMONY ADDUCED AND THE PROCEEDINGS HAD
10 | AT THE HEARING OF THE ABOVE ENTITLED CAUSE, AND THAT THE
11 | FOREGOING TRANSCRIPT, CONSISTING OF PAGES NUMBERED ___
12 | THROUGH ____, INCLUSIVE, IS A FULL, TRUE AND CORRECT
13 | RECORD OF THE TESTIMONY AND EVIDENCE ADDUCED AND
14 | PROCEEDINGS HAD AT THE HEARING OF SAID CAUSE.
15 |
16 |
17 |            DATED THIS 16th DAY OF April, 2007 AT
18 | SAN DIEGO, CALIFORNIA.
19 |
20 |            _____
21 |            THOMAS MCPHAIL
22 |            CSR NO. 12544
   |            OFFICIAL REPORTER
23 |
24 |
25 |
26 |
27 |
28 |
```

# **EXHIBIT E**

SCE269321    DA    MAQ00001    **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

☐ CENTRAL    ☐ NORTH    ☒ EAST    ☐ SOUTH

DATE  04-20-07  AT  09:30  M.    06459813    OTHER MOTION HG

PRESENT: HON. HERBERT J. EXARHOS    JUDGE PRESIDING DEPARTMENT    C11
T. MENDOZA CSR# 12947

CLERK  T. Steppat    REPORTER
REPORTER'S ADDRESS: P.O. BOX 120128, SAN DIEGO, CA 92112-0128    CSR#

THE PEOPLE OF THE STATE OF CALIFORNIA    C. Grosso
VS.    DEPUTY DISTRICT ATTORNEY
CHRISTOPHER    CARRE    P - PROPER
DEFENDANT    ATTORNEY FOR DEFENDANT (APPTD/RETAINED)

VIOLATION OF  *PC273.5(A)    PC422

ALLEG(S)
PRIOR(S)  PC273.5(a) 611    ct. 1    Pris: 2    INT
LANGUAGE    ON FILE/SWRN

**L** DEFENDANT ☒ PRESENT ☐ NOT PRESENT, (TRIAL) READINESS DATE  5-8-07    REMAINS AS SET / CONFIRMED / VACATED.
☐ COUNSEL & DEFENDANT STIPULATE TO PRELIMINARY / GRAND JURY TRANSCRIPT AS FACTUAL BASIS FOR PC 995 / PC 1538.5 MOTION.
☒ DEFENDANT'S MOTION TO DISMISS PURSUANT TO PC 995 IS ☐ GRANTED ☒ DENIED ☐ TAKEN UNDER SUBMISSION.
☐ GRANTED AS TO: _____ (PC138)    with prejudice
☐ DENIED AS TO: _____

**A** ☐ DEFENDANT'S MOTION TO SUPPRESS EVIDENCE PER PC 1538.5 IS ☐ GRANTED ☐ DENIED ☐ TAKEN UNDER SUBMISSION.
**W** ☐ GRANTED AS TO: _____
☐ DENIED AS TO: _____

☐ PEOPLE'S / DEFENDANT'S MOTION FOR DISCOVERY IS ☐ GRANTED ☐ DENIED ☐ TAKEN UNDER SUBMISSION.
**&** ☐ GRANTED AS TO: _____
☐ DENIED AS TO: _____

**M** ☐ OTHER MOTION(S): _____

**O**
**T** ☐ MOTION OFF CALENDAR WITH / WITHOUT PREJUDICE.
**I**
**O** PEO. DEFT. WITNESSES SWORN & EXAMINED    P.D.C.  NO.    EXHIBIT DESCRIPTION    MRKD  RCVD
**N** [ ] [ ] _____    [ ] _____    [ ] [ ]
[ ] [ ] _____    [ ] _____    [ ] [ ]
[ ] [ ] _____    [ ] _____    [ ] [ ]
[ ] [ ] _____    [ ] _____    [ ] [ ]
[ ] [ ] _____    [ ] _____    [ ] [ ]
[ ] [ ]

**C** ☒ DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☐ WITHOUT BAIL ☒ WITH BAIL SET AT / REDUCED TO / INCREASED TO $200,000 ☐ PC1275.
**S U** ☐ DEFENDANT TO REMAIN AT LIBERTY ☐ ON BOND POSTED $_____    ☐ ON OWN/SUPERVISED RECOGNIZANCE.
**A S** ☐ DEFENDANT ORDERED RELEASED FROM CUSTODY ☐ ON OWN/SUPERVISED RECOGNIZANCE ☐ CASE DISMISSED ☐ THIS CASE ONLY.
**T T**

**F** ☐ DEFT'S WAIVER STATUTORY TIME FOR TRIAL
**E** Other Motion (CONTINUED) TO / SET FOR 4-26-07  AT  9:30 AM  IN DEPT.  11
**A U** ON MOTION OF COURT / DDA / DEFENDANT. REASON: re: pro per privileges
**T R** TRIAL DATE _____ REMAINS AS SET / CONFIRMED / VACATED.  READINESS DATE _____ REMAINS AS SET / VACATED.
**I E** READINESS CONTD. TO / SET FOR _____ AT _____ IN DEPT. _____ MOTIONS DUE _____ DAYS LEFT _____
**N S**
**G**

**B** ☐ BENCH WARRANT TO ISSUE, BAIL SET AT $_____    ☐ SERVICE FORTHWITH.  ☐ ORDERED WITHELD TO _____
**W A**
**O R** ☐ BENCH WARRANT ISSUED/ORDERED _____    IS RECALLED/RESCINDED.
**N R** ☐ BAIL IS ☐ EXONERATED ☐ FORFEITED. AMOUNT $_____    BOND NO. _____
**D A**
**S N** BOND COMPANY _____    AGENT _____
**T S**

OTHER: Other Motion set on 5-8-07 at 9:30 am in D-11
re: 911 tapes and information
of Barbara Brown's past
(case) Transcript from today's
116  proceeding to be given to the    Herbert Exarhos
JUDGE OF THE SUPERIOR COURT
deft on 4-26-07.

SDSC CRM-2D (Rev. 10/04)    CRIMINAL MINUTES -- LAW & MOTION

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

EAST COUNTY DIVISION

DEPARTMENT 11          HON. HERBERT J. EXARHOS, JUDGE

```
----------------------------------
THE PEOPLE OF THE STATE OF        )
CALIFORNIA,                       )
                                  )
            PLAINTIFF,            )
                                  )
VS.                               )   CASE NO. SCE269321
                                  )
CARRE CHRISTOPHER, JR.,           )
                                  )
            DEFENDANT.            )
----------------------------------
```

REPORTER'S TRANSCRIPT
OF PROCEEDINGS

APRIL 20, 2007

PAGES 1 THROUGH 14

APPEARANCES:

    FOR THE PLAINTIFF:     CLAUDIA GRASSO,
                            DEPUTY DISTRICT ATTORNEY

    FOR THE DEFENDANT:     CARRE CHRISTOPHER, JR.,
                            IN PROPRIA PERSONA

COPY

TERESA D. MENDOZA
CSR NO. 12947
OFFICIAL COURT REPORTER
EL CAJON, CALIFORNIA

1

<u>EL CAJON, CALIFORNIA, FRIDAY, APRIL 20, 2007</u>

THE COURT:  PEOPLE VERSUS CHRISTOPHER CARRE.

MS. GRASSO:  CARRE IS THE FIRST NAME,
CHRISTOPHER IS THE LAST NAME.

THE COURT:  ALL RIGHT.

MS. GRASSO:  CLAUDIA GRASSO FOR THE PEOPLE, YOUR
HONOR.

THE COURT:  GOOD AFTERNOON, MR. CARRE --
MR. CHRISTOPHER, I'M SORRY.

MR. CHRISTOPHER:  YES, GOOD AFTERNOON TO YOU.

THE COURT:  NOW, YOU HAVE A COUPLE OF MOTIONS
THAT ARE SET FOR HEARING, WITH THE TRIAL DATE COMING
UP OF MAY 21.

THE FIRST MOTION IS YOUR 1381, WHICH IS
BASED ON YOUR WRITTEN MOTION, WHICH I HAVE READ AND
CONSIDERED.  NOW, BY 1381 THAT MEANS RECENTLY YOU
WERE IN PRISON; IS THAT CORRECT?

MR. CHRISTOPHER:  YES.

THE COURT:  ON ANOTHER CASE?

MR. CHRISTOPHER:  YES.

THE COURT:  OKAY.

AND THEN THIS CASE, OR THESE CHARGES HAD
OCCURRED, BUT THEY HAD NOT YET BEEN FILED; IS THAT A
FAIR STATEMENT?

MR. CHRISTOPHER:  NOT EXACTLY, YOUR HONOR.  I
WAS ARRESTED ON THESE CHARGES.

THE COURT:  RIGHT.

2

MR. CHRISTOPHER:  BUT THEY WERE STILL PENDING.

THE COURT:  THEY HAD NOT FILED A COMPLAINT OR AN INFORMATION?

MR. CHRISTOPHER:  RIGHT.

THE COURT:  OKAY.

SO 1381 IS BASICALLY THE VEHICLE WHEREIN A PRISONER SAYS, "HEY, I'M IN PRISON.  I'VE GOT THIS OTHER CASE, I WANT IT HANDLED."

RIGHT?

MR. CHRISTOPHER:  RIGHT.

THE COURT:  BUT IF THERE'S NO OTHER CASE AND 1381 DOESN'T SERVE TO SAY, "USE IT OR LOSE IT, FILE IT, GET OFF THE DIME AND DO SOMETHING."  THAT'S NOT WHAT 1381 DOES.  IT JUST EXTRADITES SOMETHING THAT ALREADY EXISTS.  IT DIDN'T EXIST, SO YOU CAN'T FORCE IT TO EXIST.  I UNDERSTAND YOUR PROBLEM BECAUSE YOU WANT TO GET IT GOING, BUT -- WHAT WERE YOU IN PRISON FOR?

MR. CHRISTOPHER:  I HAD A PAROLE VIOLATION ABOUT THIS CASE.

THE COURT:  NOT ON THIS CASE?

MR. CHRISTOPHER:  YEAH, DUE TO THIS CASE.

THE COURT:  THIS WAS THE BASIS FOR THE PAROLE VIOLATION?

MR. CHRISTOPHER:  YES.

THE COURT:  OKAY.

BUT THEY HADN'T FILED THIS CASE YET, BUT THE PAROLE BOARD TOOK IT INTO CONSIDERATION AND

1    ROLLED YOU UP, FOR HOW LONG?

2        MR. CHRISTOPHER:  FOR 10 MONTHS.

3        THE COURT:  SO YOU'RE STILL DOING THAT?

4        MR. CHRISTOPHER:  YES.

5        THE COURT:  OKAY.

6            SO THERE'S NO MERIT TO YOUR 1381, IF THAT'S

7    THE FACTUAL SITUATION.  IS THAT THE FACTUAL

8    SITUATION?

9        MR. CHRISTOPHER:  THE FACTUAL SITUATION, SIR, IS

10    THAT I WAS ARRESTED ON THESE CHARGES --

11        THE COURT:  RIGHT.

12        MR. CHRISTOPHER:  -- AND BOOKED.  I SUBMITTED

13    THE SHERIFF'S DEPARTMENT'S BOOKING RECORDS.  I WAS

14    BOOKED AND ARRESTED ON THESE CHARGES.  IN FACT, THE

15    CASE SAYS "WHEN YOU ARE ARRESTED, THE CHARGES ARE

16    PENDING."  I WAS ARRESTED -- ON PEOPLE VERSUS CAVE

17    CASE SAYS WHEN YOU ARE ARRESTED -- I WAS ARRESTED ON

18    THESE CHARGE, I SUBMITTED A BOOKING SHEET TO THE

19    COURT IN MY --

20        THE COURT:  OKAY.

21        MR. CHRISTOPHER:  NOT ONLY THAT, LIKE, THE

22    WITNESSES -- MY SPEEDY TRIAL RIGHTS HAVE BEEN

23    DENIED.  I HAVE BEEN SERIOUSLY PREJUDICED DUE TO THE

24    FACT THAT THE DA HAS TAKEN SO LONG TO CHARGE THIS

25    CASE.

26        THE COURT:  ANYTHING FURTHER ON THAT ISSUE?

27        MR. CHRISTOPHER:  YEAH.  I MEAN, EVEN THE DA, IN

28    THE PRELIMINARY HEARING, IT SEEMED LIKE THE DISTRICT

4

1  ATTORNEY'S WITNESSES HAVE EVEN FORGOTTEN THINGS THAT

2  OCCURRED ON THAT DAY.  THE OFFICER TESTIFIED 10

3  TIMES DURING THE PRELIMINARY HEARING ON PAGES 18,

4  24, 14 -- 24, 25, 26, 27, 23, 28, AND ON PAGE 31,

5  THE OFFICER TESTIFIED THAT HE CANNOT RECOLLECT WHAT

6  HAD HAPPENED IN THIS CASE.  NOT ONLY THAT, I HAVE

7  LOST CONTACT WITH WITNESSES.  THE FACT THAT IT HAS

8  TAKEN SO LONG FOR THEM TO PRESS CHARGES ON THIS CASE

9  IRREPARABLY PREJUDICES ME.  NOT ONLY THAT, WHY DID

10  IT TAKE THEM SO LONG TO PRESS CHARGES -- ACTUALLY

11  FILE THE CHARGES, THE CHARGES WERE ALWAYS PENDING.

12  WHY DID IT TAKE THEM SO LONG?  I MEAN, THE

13  INVESTIGATION WAS OVER WITH IN DECEMBER.  I'VE GOT A

14  POLICE REPORT AND AN INVESTIGATOR'S REPORT, BOTH OF

15  THEM WERE OVER IN DECEMBER OF LAST YEAR.  I MEAN,

16  LIKE, WHY DID IT TAKE SO LONG?  I MEAN, HOW CAN I

17  PRESENT A TRIAL WHEN THE WITNESSES ARE GONE.

18      THE COURT:  ANYTHING ELSE ON THAT ISSUE, SIR?

19      MR. CHRISTOPHER:  NO.

20      THE COURT:  OKAY.

21          FIRST OF ALL, WE'RE TALK ABOUT DECEMBER,

22  2006.

23      MR. CHRISTOPHER:  YES.

24      THE COURT:  NO.  YOU JUST SIT AND LISTEN TO ME

25  NOW.  I DON'T INTERRUPT YOU WHEN YOU TALK.  YOU

26  DON'T INTERRUPT ME EVEN SO MUCH AS WITH A "YES" OR

27  "NO."  YOU MADE YOUR ARGUMENT.  I HAVE HEARD YOU

28  OUT.  I'M NOW GOING TO MAKE MY RULING TO TELL YOU

1   WHAT THE DECISION IS.

2           THIS HAPPENED IN DECEMBER, 2006, THIS IS

3   ALL OF APRIL, 2007.  THIS IS NOT AN INORDINATELY

4   LONG PERIOD OF TIME.  IN FACT, THE COMPLAINT WAS

5   FILED, APPARENTLY, BACK IN MARCH.  SO A LONG PERIOD

6   OF TIME HAS NOT GONE BY.  THEY HAVE -- ALTHOUGH THE

7   STATUTE OF LIMITATIONS HAS NOT RUN, THEY STILL HAVE

8   AN OBLIGATION TO PROCEED IN A REASONABLY PRUDENT

9   MANNER WITHIN THAT PERIOD OF THE STATUTE OF

10  LIMITATIONS, BUT THERE IS NOTHING ABOUT THIS PERIOD

11  OF TIME WHICH VIOLATED THAT.  THE FACT THAT YOU WERE

12  INCARCERATED FOR THAT PAROLE VIOLATION MATTERS NOT.

13  THE 1381 AND THE CASE IS SPECIFIC AND I WILL SITE IT

14  TO YOU PEOPLE VERSUS ELDRIDGE, 52 CAL.APP.4TH 91;

15  SECTION 1381.

16       MR. CHRISTOPHER:  YOUR HONOR --

17       THE COURT:  DON'T INTERRUPT ME.  THAT'S ONE

18  WAY TO LOSE YOUR PRO PER STATUS.

19       MR. CHRISTOPHER:  I NEED A PENCIL TO WRITE DOWN

20  THE CASE.

21       THE COURT:  ALL RIGHT.

22           GIVE HIM A PENCIL.  WHY DON'T YOU HAVE A

23  PENCIL?  HOW CAN YOU REPRESENT YOURSELF --

24       BAILIFF:  THEY ARE NOT ALLOWED TO HAVE ONE.  I

25  CAN GIVE HIM ONE WHEN HE COMES IN HERE.

26       MR. CHRISTOPHER:  CAN THEY -- AT LEAST, CAN THEY

27  CHAIN ME HERE SO THAT I CAN WRITE IT DOWN?

28       THE COURT:  YES.

6

BAILIFF:  NOT A PROBLEM.

MR. CHRISTOPHER:  YOU SAID THE <u>ELDRIDGE</u> CASE?

THE COURT:  <u>ELDRIDGE</u>, 52 CAL.APP.4TH 91, PAGE 91.  I'M NOT GOING TO READ IT SLOW SO THAT YOU CAN WRITE IT DOWN.  I MIGHT ORDER YOU A COPY OF THE TRANSCRIPT.  IT STATES THAT "SECTION 1381 ASSUMES THAT AN ACCUSATORY PLEADING IS ON FILE," THERE WAS NOTHING ON FILE HERE TO RESPOND TO YOUR 1381.  YOUR MOTION AS TO THAT ISSUE IS DENIED.  AS A PRACTICAL MATTER, IT'S MOVING ALONG AT A REASONABLE PACE.

YOUR NEXT MOTION HAS TO DO WITH YOUR PRO PER PRIVILEGES.  THE SHERIFF, YOU STATE, DOES NOT HAVE THE REQUIRED BOOKS, THE EVIDENCE CODE, OR A CRIMINAL PROCEDURE.  ARE YOU SAYING THAT THEY DON'T PROVIDE YOU WITH AN EVIDENCE CODE?

MR. CHRISTOPHER:  YES.  THAT'S WHAT I AM SAYING. I MEAN, BARE MINIMUM TO PREPARE A DEFENSE.  NOT ONLY THAT, THE CRIMINAL PRACTICE -- WHEN I ASKED THEM ABOUT IT THEY SAID, "WELL, SOMEONE STOLE THE BOOK A COUPLE YEARS AGO."  I'M LIKE, "A COUPLE YEARS AGO?" YOU KNOW, I SHOULD HAVE ACCESS TO A PEN.  I SHOULD HAVE ACCESS -- I SHOULD BE ABLE TO CALL TO PURSUE WITNESSES.  I MEAN, MY PRO PER -- IT'S BEING DENIED, REALLY.  THE PRIVILEGE OF BEING A PRO PER IS DELIBERATELY BEING DENIED.  I AM NOT THE ONLY ONE WITH THIS COMPLAINT.  EVERY PRO PER THERE HAS THE SAME COMPLAINT, YOUR HONOR.  IT IS UP TO THE COURT. WE ARE LETTING THE COURT KNOW WHAT IS HAPPENING.

THE COURT CAN DO SOMETHING ABOUT IT.  THE TELEPHONE, WE CAN'T CONTACT PCC.  WE'RE SUPPOSED TO BE ABLE TO CALL PCC COLLECT, TO GET IN TOUCH WITH OUR INVESTIGATORS AND OUR RUNNERS.  THE TELEPHONE HAS BEEN BROKEN TWO MONTHS, AS OF TODAY.

THE COURT:  DO YOU HAVE AN INVESTIGATOR AND A RUNNER?

MR. CHRISTOPHER:  YEAH.  I AM SUPPOSED TO HAVE A RUNNER.  THE RUNNER HAS NOT CAME TO VISIT ME YET. THE RUNNER IS SUPPOSED TO COME AND VISIT YOU.  I SHOULD BE ABLE TO TELL THE RUNNER -- IF I CANNOT MAKE A PHONE CALL, THE RUNNER SHOULD BE ABLE TO GO AND TAKE CARE OF A PHONE CALL.  I HAVE POTENTIAL WITNESSES THAT I NEED SUBPOENAED.  I HAVE AN INVESTIGATOR THAT I SHOULD BE ABLE TO SAY, "GO AND SUBPOENA THESE WITNESSES."  I SHOULD BE ABLE TO READ AN EVIDENCE CODE BOOK.

THE COURT:  I AGREE WITH THAT.

MR. CHRISTOPHER:  I SHOULD BE ABLE TO READ A PENAL CODE BOOK.

THE COURT:  CERTAINLY.  AND YOU'RE TELLING ME THEY DON'T HAVE AN EVIDENCE CODE OR A PENAL CODE BOOK?

MR. CHRISTOPHER:  THEY DON'T HAVE AN EVIDENCE CODE BOOK IN THE LAW LIBRARY.  THAT'S INSANITY, YOUR HONOR.

BAILIFF:  I'M GOING TO CALL THE PRO PER DEPUTY.

THE COURT:  OKAY.

1    THEN THEY CAN'T CALL IT A LIBRARY.

2    MR. CHRISTOPHER:  MR. LEE IS THE LAW LIBRARY,

3    THAT'S THE PERSON TO CALL.

4    THE COURT:  I'M GOING TO FIND OUT ABOUT THAT.

5    WE'RE GOING TO SORT THAT ONE OUT, MAYBE NOT TODAY.

6    MR. CHRISTOPHER:  YOU CAN CALL PCC THAT

7    THEIR PHONE IS BROKEN.  WE CANNOT CALL PCC COLLECT

8    FROM THE JAIL.

9    THE COURT:  I WILL SORT THAT ALL OUT.

10    MR. CHRISTOPHER:  WE SHOULD BE ABLE TO MAKE --

11    THE COURT:  I CAN'T ANSWER YOUR QUESTIONS RIGHT

12    NOW.  SO I WILL BUY SOME TIME.

13    MR. CHRISTOPHER:  OKAY.

14    YOUR HONOR, I JUST WANT TO ADDRESS ONE MORE

15    THING ABOUT THIS.

16    THE COURT:  OKAY.

17    MR. CHRISTOPHER:  WE SHOULD BE ABLE TO CALL

18    POTENTIAL WITNESSES.  WE SHOULD BE ABLE TO CALL --

19    I'M BEING ACCUSED OF AN INCIDENT ON A HIGHWAY.  I

20    SHOULD BE ABLE TO CALL AROUND AND FIND OUT

21    VERIFICATION THAT THERE WAS AN INCIDENT ON THE

22    HIGHWAY.  I SHOULD BE ABLE TO CALL CALIFORNIA

23    HIGHWAY DEPARTMENT.

24    THE COURT:  THEY CUT BACK ON PHONE PRIVILEGES

25    BECAUSE OF ALL THE ABUSES.  PEOPLE WERE ASKING FOR

26    PRO PER PRIVILEGES JUST SO THEY CAN GO TO THE

27    LIBRARY TO USE THE PHONE AND THE COMPUTER, SO THEY

28    CUT WAY BACK ON THAT.  YOU STILL HAVE ACCESS, EVEN

1  THOUGH IT MAY HAVE TO BE THROUGH YOUR INVESTIGATOR.

2      MR. CHRISTOPHER:  IF AN INDIVIDUAL IS PRO PER

3  AND THEY WANT TO WASTE THEIR TIME IN THE LIBRARY AND

4  GUARANTEE THE LOSS OF A BIG CASE, THAT'S ON THEM,

5  BUT THERE ARE PEOPLE LIKE ME THAT ARE FIGHTING FOR

6  THEIR LIFE.  I SHOULD HAVE IT.  YOU KNOW, BECAUSE

7  SOMEONE, YOU KNOW, MESSED UP ON THE PHONE, THAT

8  SHOULDN'T DEPRIVE ME OF IT.

9      THE COURT:  ALL RIGHT.

10      I'M DEFERRING THAT ISSUE, BECAUSE I HAVE TO

11  FIND OUT WHAT IT IS THEY HAVE AND WHAT THEY ARE

12  WILLING TO GIVE YOU.  WE'LL GET BACK TO THAT ONE.

13      THE NEXT ONE IS WHAT?  THE INFORMATION ON

14  BARBARA BROWN.

15      MR. CHRISTOPHER:  YES.  SHE HAS PSYCHOLOGICAL

16  EVALUATIONS FROM BOTH SOCIAL SECURITY DEPARTMENT AND

17  32ND STREET MEDICAL CENTER.  WE SHOULD HAVE THOSE

18  RECORDS.  SHE HAS A PROPENSITY TO CREATE DELUSIONS

19  OR WHATEVER.  I'M BEING CHARGED.  I SHOULD HAVE

20  THOSE RECORDS.  I SHOULD BE ABLE TO LET THE JURY

21  KNOW THIS.  THAT'S THE PROSECUTIONS KEY WITNESS,

22  SOMEONE THAT IS DELUSIONAL.

23      THE COURT:  THIS MOTION WAS JUST FILED --

24      MR. CHRISTOPHER:  I WAS INFORMED THEY WERE TO

25  FILE A MOTION BY THE 19TH OF THIS MONTH.

26      THE COURT:  THE PEOPLE HAVE AN OPPORTUNITY TO

27  RESPOND.  THE COURT NEEDS TO FAMILIARIZE ITSELF WITH

28  IT.  I NEED TO BUY TIME FROM YOU ON THAT BARBARA

BROWN MOTION. I NEED TO BUY TIME FROM YOU ON THE
PRO PER PRIVILEGES. WE WILL ANSWER ALL OF THOSE
QUESTIONS. I NEED TO BUY TIME FROM YOU ON THIS 911
TAPE, BECAUSE THESE HAVE JUST BEEN FILED. THERE'S
NO RESPONSE FROM THE PEOPLE. I HAVE NOT HAD THE
OPPORTUNITY TO RESEARCH THEM.

SO I'M GOING TO HAVE YOU COME BACK. I NEED
YOU TO COME BACK. THE HEARING ON THESE MOTIONS WILL
BE READY TO BE HEARD IN ABOUT TWO WEEKS. I NEED YOU
TO COME BACK SOONER THAN THAT TO RESOLVE THIS ISSUE
AS TO YOUR PRO PER PRIVILEGES.

NANCY, WHAT DID YOU FIND OUT?

BAILIFF: THE PRO PER DEPUTY IS OFF ON FRIDAYS.
SO I CAN'T GET ANYBODY UNTIL MONDAY, UNLESS YOU WANT
ME TO GO HIGHER THAN HER.

THE COURT: NANCY, THE JAIL HAS A PRO PER DEPUTY
THAT MONITORS -- WHERE ARE YOU HOUSED?

MR. CHRISTOPHER: DOWNTOWN.

THE COURT: CENTRAL.

BAILIFF: ALL PRO PERS ARE HOUSED IN THE SAME
AREA, THAT'S WHY THEY HAVE A DEPUTY THAT HANDLES
THEM ALL.

MR. CHRISTOPHER: IT'S ONLY FIVE.

THE COURT: AND THEY'RE OFF ON FRIDAYS. SO
LET'S HAVE MR. CHRISTOPHER BACK NEXT THURSDAY.

MR. CHRISTOPHER: ALSO, YOUR HONOR, I WOULD LIKE
TO, SINCE I'M COMING BACK NEXT THURSDAY, I WOULD
LIKE TO ISSUE A SUBPOENA TO THE CALIFORNIA HIGHWAY

1 DEPARTMENT REQUESTING ALL RECORDS OF ANY INCIDENT ON
2 HIGHWAY 125, WHICH THE PROSECUTION ALLEGED THIS
3 INCIDENT HAPPENED.  I'VE GOTTEN TWO SIDES OF THE
4 STORY --
5        THE COURT:  ALL RIGHT.
6            SO WHEN YOU COME BACK --
7        MR. CHRISTOPHER:  -- OF DIFFERENT SIDES OF
8 HIGHWAY 125 AND IF THIS IS THE CASE, YOU KNOW, THEN
9 IT SHOULD -- SOMEONE SHOULD HAVE CALLED AND SAID
10 SOMETHING.  I KNOW THAT'S A BUSY HIGHWAY.  SOMEONE
11 SHOULD HAVE CALLED AND SAID, "THERE'S AN INCIDENT ON
12 HIGHWAY 125."  I WANT THE RECORDS FROM 8:00,
13 DECEMBER 4TH, TO 2:00, DECEMBER 5TH.
14        THE COURT:  SO SERVE YOUR SUBPOENA.
15        MR. CHRISTOPHER:  I HAVE BEEN TOLD BY THE
16 INVESTIGATOR THAT I SHOULD MAKE OUT THE SUBPOENA AND
17 SAID THE COURT SHOULD SIGN IT.  THEY SAID THE COURT
18 HAS TO SIGN IT.
19        THE COURT:  DO YOU HAVE THE SUBPOENA READY?
20        MR. CHRISTOPHER:  I HAVE A SUBPOENA HERE.  I
21 CAN -- IT'LL TAKE ME BUT TWO SECONDS.
22        THE COURT:  WHEN YOU COME BACK ON THURSDAY.
23        MR. CHRISTOPHER:  WHEN I COME BACK THIS THURSDAY
24 I'LL BRING IT.
25        THE COURT:  OKAY.
26            SO THURSDAY, APRIL 26TH AT 9:30, YOU'LL BE
27 ON THE CALENDAR TO RESOLVE THE ISSUE OF YOUR PRO PER
28 PRIVILEGES AND TO ADDRESS THE SUBPOENA.  THEN, I'LL

1  HAVE IT ON FOR HEARING, ON YOUR MOTION, ON THE BROWN

2  RECORDS, AND THE 911 TAPES.

3    MS. GRASSO:  YOUR HONOR, I HAVE -- THOSE ARE ALL

4  SET FOR MAY 18TH.

5    THE COURT:  ARE THEY ALREADY SET FOR HEARING?

6    MS. GRASSO:  ACCORDING TO WHAT I HAVE IN FRONT

7  OF ME, YES, YOUR HONOR.

8    MR. CHRISTOPHER:  THAT WOULD BE CUTTING IT CLOSE

9  TO THE TRIAL DATE, YOUR HONOR, TO ISSUE SUBPOENAS --

10    THE COURT:  I DON'T LIKE THAT MAY 18TH DATE.  I

11  AGREE WITH THAT.  I DON'T THINK THEY SHOULD BE ON

12  THE FRIDAY CALENDAR.  I'M GOING TO PUT IT ON

13  TUESDAY, MAY 8TH, AND THAT'S THE DATE THAT'S ON

14  THESE PLEADINGS, TUESDAY, MAY 8TH AT 9:30.  WE WILL

15  HEAR THESE MOTIONS ON TUESDAY, MAY 8TH AT 9:30.

16    MR. CHRISTOPHER:  ALL RIGHT.

17    THE COURT:  WE'LL BE READY FOR YOU.

18    MR. CHRISTOPHER:  I'LL BRING THE -- IF I HAVE MY

19  INVESTIGATOR COME BY, COULD YOU SIGN IT?

20    THE COURT:  YES, WELL, IF IT'S IN PROPER FORM.

21    MR. CHRISTOPHER:  YEAH, IT IS.

22    THE COURT:  SO WE WILL DEFER THOSE ISSUES UNTIL

23  NEXT THURSDAY, THE 26TH, AND THEN THE MOTIONS UNTIL

24  MAY 8TH, ALL RIGHT?

25    MR. CHRISTOPHER:  OKAY.

26    MS. GRASSO:  YOUR HONOR, MAY I INQUIRE ONE MORE

27  THING?  THE 1381, WAS THAT DENIED WITH OR WITHOUT

28  PREJUDICE?  THIS IS THE THIRD TIME THE DEFENDANT HAS

1   BROUGHT THIS BEFORE THE COURT.

2      THE COURT:  WITH PREJUDICE.  IT'S DENIED.

3   THERE'S NO BASIS FOR IT.  I DID NOT KNOW IT WAS

4   BROUGHT BEFORE.  IT'S DENIED.

5      MS. GRASSO:  THIS IS THE THIRD COURT THAT HAS

6   HEARD IT, YOUR HONOR.

7      MR. CHRISTOPHER:  THAT'S NOT TRUE.  IT WAS JUST

8   FILED IN THE PRELIMINARY HEARING.

9      THE COURT:  I DON'T KNOW WHAT THE HISTORY OF IT

10   IS, BUT IT'S DENIED.

11      MR. CHRISTOPHER:  YOUR HONOR, CAN I ASK ONE MORE

12   THING?

13      THE COURT:  OKAY.

14      MR. CHRISTOPHER:  CAN I HAVE THE TRANSCRIPT OF

15   THIS 1381 HEARING --

16      THE COURT:  YES.

17      MR. CHRISTOPHER:  -- REPORTED TO ME BY WHEN, A

18   WEEK OR SO?

19      THE COURT:  YES.

20      MR. CHRISTOPHER:  THANK YOU.

21      THE COURT:  WE SHOULD HAVE IT READY FOR YOU NEXT

22   THURSDAY.

23      MR. CHRISTOPHER:  THANK YOU.  NEXT THURSDAY, WE

24   WILL BE BACK?

25      THE COURT:  RIGHT.  WHEN YOU COME BACK, I'LL

26   HAVE THE TRANSCRIPT OF THESE PROCEEDINGS.

27      MR. CHRISTOPHER:  THANK YOU.

28      THE COURT:  OKAY.

14

1          THANK YOU.

2    MS. GRASSO:    THANK YOU, YOUR HONOR.

3

4          (THE PROCEEDINGS WERE CONCLUDED.)

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STATE OF CALIFORNIA.                    )
COUNTY OF SAN DIEGO                     ) SS

PEOPLE VS. CARRE CHRISTOPHER, JR., CASE NO. SCE269321


I, TERESA MENDOZA, CSR NO. 12947, AN OFFICIAL REPORTER OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF SAN DIEGO, HEREBY CERTIFY THAT I REPORTED IN MACHINE SHORTHAND THE PROCEEDINGS HAD IN THE ABOVE-ENTITLED CAUSE, AND THAT THE FOREGOING TRANSCRIPT, CONSISTING OF PAGES NUMBERED 1 THROUGH 14, INCLUSIVE, IS A FULL, TRUE, AND CORRECT TRANSCRIPT OF THE SAID PROCEEDINGS HELD ON APRIL 20, 2007.


DATED AT EL CAJON, CALIFORNIA, THIS 26TH DAY OF APRIL, 2007.




TERESA MENDOZA
CSR NO. 12947

**EXHIBIT F**

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

FILED

Stephan M. Kelly, Clerk

MAY 1 4 2007

Court of Appeal Fourth District

| | |
|---|---|
| CARREA CHRISTOPHER, JR., | D050828 |
| Petitioner, | (San Diego County Super. Ct. No. CE 269321) |
| v. | |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

THE COURT:

The court treats petitioner's petition for writ of habeas corpus as a petition for writ of mandate. The petition has been read and considered by Presiding Justice McConnell and Associate Justices McIntyre and O'Rourke. The petition is denied.

McCONNELL, P. J.

Copies to:  All parties

COPY

Name  Carrea Christopher

Address  1173 Front Street

San Diego, CA 92101

CDC or ID Number  7718918

MC–275

Court of Appeal Fourth District

**FILED**

MAY – 7 2007

Stephen M. Kelly, Clerk

DEPUTY

Court of Appeal California

Fourth Appellate District – Division One
(Court)

| | |
|---|---|
| Carrea Christopher Jr.<br>Petitioner<br><br>vs.<br><br>Superior Court of California for the<br>County of San Diego County Sheriff<br>Respondent | PETITION FOR WRIT OF HABEAS CORPUS<br><br>**D 050828**<br><br>No. _____<br>*(To be supplied by the Clerk of the Court)* |

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

**PETITION FOR WRIT OF HABEAS CORPUS**

Page 1 of 6
Penal Code, § 1473 at seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

MC-275

This petition concerns:

☐ A conviction                    ☐ Parole

☐ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☒☒ Other (specify): __The denial of Penal Code Section 1381 motion__

1. Your name: __Carrea Christopher Jr.__

2. Where are you incarcerated? __San Diego County Jail__

3. Why are you in custody? ☒☒ Criminal Conviction  ☐ Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

      __Penal Code section 273.5__

   b. Penal or other code sections: __Penal Code section 273.5__

   c. Name and location of sentencing or committing court: __San Diego County Superior Court of California__

   d. Case number: __CE269321__

   e. Date convicted or committed: __December 5, 2006__

   f. Date sentenced:

   g. Length of sentence:

   h. When do you expect to be released? __Now__

   i. Were you represented by counsel in the trial court? ☐ Yes. ☒☒ No. If yes, state the attorney's name and address:

4. What was the LAST plea you entered? *(check one)*

   ☒☒ Not guilty  ☐ Guilty  ☐ Nolo Contendere  ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☐ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☒ Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

The Petitioner is entitled to a Writ of Mandate dismissing the charges due to the

Superior Court denying Petitioner the right to speedy trial pursuant to

Penal Code section 1381. The Petitioner was not in trial after a notice and

demand for speedy trial within 90 day period.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did\exactly *what* to violate your rights at what time *(when)* or place *(where).* (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

See attachment

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

United States Constitution  Fifth Amendment, Fourteen Amendment and Sixth

Amendment California State Constitution Article 1.15 State of California

Penal Code Section 1381 People v. Cave, 81 Cal.App.3d

**PETITION FOR WRIT OF HABEAS CORPUS**

## ATTACHMENT

### Carrea Christopher Jr    - CE269321

a.    Supporting facts:

The Petitioner was arrested and charged with 273.5, 236, 422 and 3056 December 5, 2006. (See San Diego County Sheriff Department booking sheet Exhibit A). The Petitioner filed a 1381 Notice of Demand for trial December 20, 2006. (See Exhibit B, Penal Code 1381 - Notice and Demand for Trial) the County of San Diego District Attorney Office received the 1381 Notice of Demand for Trial and sent a letter of acknowledgement. (See Exhibit C, the letter of acknowledgement.) The Petitioner motion the court after 90 days pursuant to Penal Code section 1381 to dismiss April 5, 2007 (See Exhibit D, the preliminary hearing and the 1381 motion hearing.

The court decided the prosecution was not served therefore made copies of the motion served the district attorney in court and denied the motion without prejudice and set a hearing date for the motion of April 20, 2007. (See Exhibit D, the preliminary hearing on the following pages 2-5 and 45-47.)

The court stated the People vs. Eldridge 52 Cal.4[th], stated a case must be filed prior to a 1381 motion. However, the People vs. Eldridge case did not state a case must be filed. It only stated the Eldridge case had to, because Eldridge already had a case dismissed due to Penal Code section 1381 and there was no new arrest so the only way to restart tolling in that case, due to Penal Code section 1387 was for it to be refilled after a Penal Code section 1381 dismissal of a case. (See attached Exhibit E, the April 20, 2007, Penal Code Section 1381 hearing.)

The Petitioner filed his Notice of Demand after all police investigation was completed. The final investigation report was completed December 27, 2006. The demand for trial was filed with the San Diego County District Attorney, December 29, 2006. There was no legitimate justification for delays after December 27, 2006. An unreasonable post complaint delay constitutes a denial of one's right to a speed trial. California Penal Code section 1381 cannot be excused by a showing of good cause for the delay. When Penal Code 1381 was legislated, the legislature could have easy written that pending is only after filing if the legislature had wanted to provide for the commencement of the 90 day period by some fixed or determinable event or by the passage of a reasonable time under some condition other than presently provided in the statute, it could easily have done so. The court in this case gave a cramp view of the opinion of the Eldridge case which was an encroachment of Penal Code 1381. Judicial establishment of such a decision that the trial court made in this case would be encroaching on the legislative power and wishes.

The Petitioner showed prejudice by the delay. The Petitioner showed substantial irreparable prejudice, actual and substantial prejudice, due to absence of witnesses, loss of memory by the prosecution witnesses, loss of evidence and difficulty in locating alibi witnesses and witnesses period. Once the Petitioner has shown prejudice, the burden shifts to the State to show on the record that the prejudice is not there. Once the Petitioner made a prima facia showing of prejudice and the Petitioner did. (See the 1381 hearing Exhibit E). The prosecution had the burden to either rebut the showing or to show a legitimate reason for the delay. If the prosecution wanted to they had the opportunity but failed to do so. (See People v. Cave (1978) 81 Cal.App.30 957.)

7. **Ground 2 or Ground** _____ *(if applicable):*

MC–275

Prosecutorial misconduct during a Penal Code 1381 hearing.

a. Supporting facts:

The prosecution knew they were beyond 90 days in bringing the Petitioner to trial but still fought the 1381 motion.

b. Supporting cases, rules, or other authority:

MC–275

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes. ☒ No.  If yes, give the following information:

   a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): _____

   b.  Result _____  c. Date of decision: _____

   d.  Case number or citation of opinion, if known: _____

   e.  Issues raised:  (1) _____

                (2) _____

                (3) _____

   f.  Were you represented by counsel on appeal?  ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

       _____

9. Did you seek review in the California Supreme Court?  ☐ Yes ☒ No.  If yes, give the following information:

   a.  Result _____  b. Date of decision: _____

   c.  Case number or citation of opinion, if known: _____

   d.  Issues raised:  (1) _____

                (2) _____

                (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

    Awaiting trial.

    _____

11. Administrative Review:

   a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].)  Explain what administrative review you sought or explain why you did not seek such review:

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

   b.  Did you seek the highest level of administrative review available?  ☒ Yes.  ☐ No.
    *Attach documents that show you have exhausted your administrative remedies.*

**PETITION FOR WRIT OF HABEAS CORPUS**

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes. If yes, continue with number 13. ☒☒ No. If no, skip to number 15.    MC–275

13. a.  (1) Name of court: _____

        (2) Nature of proceeding (for example, "habeas corpus petition"): _____

        (3) Issues raised: (a) _____

              (b) _____

        (4) Result (Attach order or explain why unavailable): _____

        (5) Date of decision: _____

    b.  (1) Name of court: _____

        (2) Nature of proceeding: _____

        (3) Issues raised: (a) _____

              (b) _____

        (4) Result (Attach order or explain why unavailable): _____

        (5) Date of decision: _____

    c.  For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
    _____
    _____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
    _____
    _____

16. Are you presently represented by counsel? ☐ Yes. ☒☒ No. If yes, state the attorney's name and address, if known:
    _____
    _____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒☒ No. If yes, explain:
    _____
    _____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
    I have submitted the motion three times to Superior Court (See transcript Exhibit E and attached motion)

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: MAy 4, 2007            ▶ _____
                                    (SIGNATURE OF PETITIONER)

MC-275 [Rev. January 1, 2007]        PETITION FOR WRIT OF HABEAS CORPUS            Page 6 of 6

## **Attached Penal Code 1381 Motion**

CHRISTOPHER CARRE

V715918    SD

173 FRONT STREET

SAN DIEGO, CALIFORNIA

92101

PRO PER

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

THE PEOPLE OF THE STATE
CALIFORNIA,

                    PLAINTIFF,

VS.

CARREA CHRISTOPHER JR,

                    DEFENDANT.

CASE NO.:

NOTICE OF MOTION
AND MOTION TO AND
FOR DISMISSAL OF
CASE
Date: April 20, 2007
Time: 9:30 Am
Dept D-11

TO THE COURT AND THE CLERK OF
THE COURT AND THE COUNTY OF SAN
DIEGO DISTRICT ATTORNEY, BONNIE
M. DUMANIS;

    THE DEFENDANT, CARREA CHRISTOPHER JR,
HEREBY MOVES THE COURT AND WILL MOVE THE
THE COURT FOR THE DISMISSAL OF THIS CASE ON OR
ABOUT APRIL 5, 2007, LOCATED AT 250 EAST MAIN
STREET, EL CAJON, CALIFORNIA AT 8:45 A.M.
PURSUANT TO PENAL CODE 1381, CALIFORNIA
CONSTITUTION ARTICLE 1:15 AND THE UNITED STATES

PAGE ONE

F I L E D
Clerk of the Superior Court

APR 0 5 2007

By: M. AGUILAR, Deputy
EAST COUNTY DIVISION

CONSTITUTION VI AMENDMENT RIGHT TO A
SPEEDY TRIAL. THE DEFENDANT, CARREA CHRISTOPHER
WAS ARRESTED AND CHARGED WITH PENAL CODE
273.5, 236, 422. DECEMBER 5, 2006.
(SEE SAN DIEGO COUNTY SHERIFF DEPARTMENT
BOOKING SHEET EXHIBIT 1) THE DEFENDANT,
CARREA CHRISTOPHER JR., SUBSEQUENTLY FILED
A PENAL CODE 1381, NOTICE OF DEMAND FOR
TRIAL DECEMBER 20, 2006. (SEE EXHIBIT 2
PENAL CODE 1381 NOTICE AND DEMAND FOR TRIAL)
THE COUNTY OF SANDIEGO DISTRICT ATTORNEY
OFFICE RECIEVED THE 1381. DECEMBER 27,
2006 AND THE SAN DIEGO COUNTY DISTRICT
ATTORNEY, BONNIE M. DUMANIS SENT A LETTER
OF ACKNOWLEDGE OF THE RECIEPT OF THE DEMAND
LETTER. (SEE EXHIBIT 3 THE LETTER OF RECIPT
OF THE PENAL CODE 1381) THE COUNTY OF
SAN DIEGO DISTRICT ATTORNEY HAS WAITED
WELL OVER 90 DAYS TO BRING THIS CASE
TO TRIAL AND THE PLAINTIFF STILL AS OF
THIS APRIL 5TH DATE OF 2007, DOES NOT HAVE
A TRIAL DATE. THIS CASE MUST BE DISMISSED.
                    THE RIGHT OF ONE SERVING A
PRISON SENTENCE TO A SPEEDY TRIAL ON A CHARGE PENDING
AT THE TIME HIS TERM BEGINS OR FILED DURING
HIS TERM IS GOVERNED BY 1381 OF THE PENAL CODE,
PROVIDING THAT HE MUST BE BROUGHT TO TRIAL
WITHIN 90 DAYS AFTER HE GIVES WRITTEN NOTICE

TO THE DISTRICT ATTORNEY, AND NOT BY PENAL
CODE 1382, PROVIDING GENERALLY FOR DISMISSAL
OF CASES NOT BROUGHT TO TRIAL WITHIN 60 DAYS
OF THE FINDING OF THE INDICTMENT OR THE FILING OF
THE INFORMATION.

THIS MOTION IS BASED UPON THIS
MOTION, PENAL CODE 1381 THE UNITED STATES
CONSTITUTION VI AMENDMENT AND ANY ORAL ARGUMENT.
DATED: APRIL 5, 2007

RESPECTFULLY SUBMITTED,

BY: _____

CARREA CHRISTOPHER JR.

PAGE THREE

## DECLARATION OF PERSONAL SERVICE

Case Name:  Carrea Christopher Jr.                    Case Number: CE269321

I, Brittany Rothdeutsch, do hereby declare:

1.   That I am employed by the San Diego County Bar Association, Private Conflicts Counsel.
2.   That I am over 18 years of age and not a party to the within entitled case.
3.   That my business address is 1333 7th Avenue, San Diego, California 92101.
That on ___May 7th___ , 2007, I served a copy of the following documents to the following agencies by enclosing them in an envelope and depositing the sealed envelope with the United States Postal Service with the postage fully prepared.


San Diego District Attorney               Attorney General
District Attorney Bonnie Dumanis          Bill Lockyer
250 East Main Street                      110 West "A" Street, Suite 600
El Cajon, California 92020                 San Diego, California 92101

Honorable Herbert J. Exarhos
Judge of the Superior Court, Department 11
250 East Main Street
El Cajon, CA 92020

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ___May 7th___ , 2007, at San Diego County, San Diego, California 92101.


Brittany Rothdeutsch
Legal Assistant
(619) 702-6199

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

exhibit g

S153340

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re CHRISTOPHER CARREA on Habeas Corpus

---

The application for stay and petition for writ of habeas corpus are denied.

SUPREME COURT
FILED

JUL 1 8 2007

Frederick K. Ohlrich Clerk

---
Deputy

**GEORGE**

---
Chief Justice

MC–275

Name  Christopher Carrea

Address  1173 Front Street

San Diego, California 92101

CDC or ID Number  7718918

SUPREME COURT
**FILED**

JUN 1 1 2007

Frederick K. Ohlrich Clerk

_____
Deputy

CALIFORNIA SUPREME COURT

_____
(Court)

CARREA CHRISTOPHER, JR.
Petitioner

vs.

SUPERIOR COURT OF SAN DIEGO COUNTY
Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No.  **S153340**

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

*www.accesslaw.com*

MC–275

**This petition concerns:**

☐ A conviction                    ☐ Parole

☐ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☑ Other *(specify):* The denial of speedy trial and Penal Code section 1381 Motion

1. Your name: Carrea Christopher, Jr.

2. Where are you incarcerated? San Diego County Jail

3. Why are you in custody?  ☑ Criminal Conviction    ☐ Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

      Penal Code Section 273.5

   b. Penal or other code sections: Penal Code Section 273.5

   c. Name and location of sentencing or committing court: San Diego County Superior Court

   d. Case number: CE269321

   e. Date convicted or committed: December 5, 2006

   f. Date sentenced:

   g. Length of sentence:

   h. When do you expect to be released? I want to be released now

   i. Were you represented by counsel in the trial court?  ☐ Yes.  ☑ No. If yes, state the attorney's name and address:

4. What was the LAST plea you entered? *(check one)*

   ☑ Not guilty  ☐ Guilty  ☐ Nolo Contendere  ☐ Other:

5. If you pleaded not guilty, what kind of trial did you have?

   ☑ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

MC–275

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

The Petitioner is entitled to a Writ of Mandate dismissing the charges, due to denying the Petitioner the right to

Speedy Trial, pursuant to the Sixth and Fourteenth Amendment of United States Consitution, and Penal Code 1381.

The Petitioner was not in trial after a notice and demand for speedy trial within 90 days.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at *what time (when)* or place *(where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

The United States Constitution Sixth Amendment and the State of California Penal Code Section 1381 contains

requisite substantive predicates and explicitly mandatory language and there is a deprivation of substantive right

protection by the United States Constitution. The right of speedy trial and the due process clauses are

fundamental rights guaranteed by the Fourteenth Amendment of the United States Constitution. The length of

delay was in bad faith and negligence. The investigation of the Police Department was completed in December,

2006 but the District Attorney office refused to file until March 22, 2007, despite a December 5, 2006 arrest. The

Prosecution has failed to give a reason for delay. The Petitioner asserted his speedy trial rights over and over.

The delay caused serious prejudice to the Petitioner. There was memory loss with all witnesses. The Petitioner

was denied video of the alleged incident because it is only kept two weeks in most cases. Most witness had moved

due to the area being mostly homeless (see the attached denial of appeal court).

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

Bonin v. Calderon 59 F.3d 815, Doggett v. U.S. 112 S.Ct. 2686

7. **Ground 2 or Ground** _____ *(if applicable):*                                    MC–275

Prosecutorial misconduct during a Penal Code 1381 hearing.  Denial of Due Process.

_____

_____

_____

a. Supporting facts:

The Prosecution knew they were beyond 90 days in bringing the Petitioner to trial but still fought the 1381 motion,

they knew they had taken so long there was memory loss and witness loss and the video could not be obtained

after such a long delay.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b. Supporting cases, rules, or other authority:

_____

_____

_____

_____

_____

7. **Ground 2 or Ground** 3 _____  *(if applicable):*                           MC–275

The Petitioner was denied the Sixth Amendment right of the U.S. Constitution to have an impartial Judge, a Judge

that would not deprive the Petitioner of Liberty, without Due Process of law, the Fifth Amendment of the United States

Constitution.

a. Supporting facts:

The State of California Constitution and Penal Code 1381 of California, legislated by the State of California,

contains mandatory language due to the deprivation of a substantive right protected by the United States

Constitution speedy trial right. The fact that the trial Judges ignored mandator, and statutory law, the trial Judges

violated the Fifth Amendment of the United States Constitution right of due process, which is the violation of the

Sixth Amendment right of the United States Constitution for the Petitioner to have an impartial Judge. The trial

Judges in Petitioner case was biased and ignored statutory State and Federal Law of speedy trial rights. It was as

if no Judge was in the court room.

b. Supporting cases, rules, or other authority:

The Fifth Amendment of the United States Constitution, the Sixth Amendment of the United States Constitution,

The State of California Constitution, Penal Code 1381, Bonin v. Calderon, 59 F. 3d 815, 116 S.Ct. 718

7. **Ground 2 or Ground  4 _____** *(if applicable):*                                    MC–275

The Petitioner was denied the Fourteenth Amendment of the United States Constitution right not to be

deprived of Liberty without Due Process of the Law; nor deny any person within its Jurisdiction the Equal Protection of

the Law.

_____

a.  Supporting facts:

The Trial court denial of the Petitioner speedy Trial Penal Code 1381 motion, was a denial of a fundamental right

guaranteed the Petitioner by the Sixth Amendment of the United States Constitution, and imposed by the Due

Process clause of the Fourteenth Amendment on the States.  The fact Penal Code 1381 is the Law for all

California.  To deny the Penal Code 1381 motion of the Petitioner by the Trial Court is a denial of equal protection

of the law.

b.  Supporting cases, rules, or other authority:

The Sixth Amendment of the United States Constitution, the Fourteenth Amendment of the United States

Constitution, The State of California Constitution, Penal Code 1381, Klopfer v. North Carolina, 386 US 213, 223.

MC–275

8. Did you appeal from the conviction, sentence, or commitment?    ☐ Yes.    ☑ No.    If yes, give the following information:

   a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
   _____

   b.  Result _____    c.  Date of decision: _____

   d.  Case number or citation of opinion, if known: _____

   e.  Issues raised:  (1) _____

       (2) _____

       (3) _____

   f.  Were you represented by counsel on appeal?    ☐ Yes.    ☑ No. If yes, state the attorney's name and address, if known:
   _____

9. Did you seek review in the California Supreme Court?    ☐ Yes    ☑ No.    If yes, give the following information:

   a.  Result _____    b.  Date of decision: _____

   c.  Case number or citation of opinion, if known: _____

   d.  Issues raised:  (1) _____

       (2) _____

       (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

    Petitioner has not been sentenced.  Petitioner is requesting for a stay of all actions until the review of this court.
    _____

11. Administrative Review:

   a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____

   b.  Did you seek the highest level of administrative review available?    ☑ Yes.    ☐ No.
   *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction,   **MC–275**
commitment, or **issue** in any court?   ☒ Yes. If yes, continue with number 13.   ☐ No. If no, skip to number 15.

13. .a. (1) Name of court: __State of California Appeal Court__

 (2) Nature of proceeding (for example, "habeas corpus petition"): __Writ of Mandate__

 (3) Issues raised: (a) __Speedy Trial__

 ˏ (b) __Denial of 1381 Motion   (c) Prosecutorial misconduct__

 (4) Result *(Attach order or explain why unavailable)*: __Denied__

 (5) Date of decision: __May 14, 2007__

 b. (1) Name of court: _____

 (2) Nature of proceeding: _____

 (3) Issues raised: (a) _____

 (b) _____

 (4) Result *(Attach order or explain why unavailable)*: _____

 (5) Date of decision: _____

 c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
__Fourth Appellate, Division One__

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

16. Are you presently represented by counsel?   ☐ Yes.   ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court?   ☐ Yes.   ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: Ｊｕｎｅ 4, 2007        ▶ _____
                                                                (SIGNATURE OF PETITIONER)

MC-275 [Rev. January 1, 2007]          **PETITION FOR WRIT OF HABEAS CORPUS**          Page 6 of 6

## DECLARATION OF PROOF OF SERVICE BY MAIL

Case Name: Carrea Christopher                                     Case Number:  CE269321

I, Brittany Rothdeutsch, do hereby declare:

1. That I am employed by the San Diego County Bar Association, Private Conflicts Counsel.
2. That I am over 18 years of age and not a party to the within entitled case.
3. That my business address is 1333 7th Avenue, San Diego, California 92101, where the mailing occurred.

The following document:

1. Petition for Writ of Habeas Corpus

Was mailed by placing a true copy of each document in a separate envelope addressed to each addressee, respectively, as follows:

Supreme Court of California                         Court of Appeals of the State of California
350 McAllister Street                               Fourth Appellate District – Division One
San Francisco, CA 94102-4797                        750 "B" Street, Suite 300
                                                    San Diego, CA 92101

San Diego District Attorney                         Attorney General
District Attorney Bonnie Dumanis                    Bill Lockyer
250 East Main Street                                110 West "A" Street, Suite 600
El Cajon, CA 92020                                  San Diego, California 92101

Honorable Laura W. Halgren
Judge of the Superior Court, Department 8
250 East Main Street
El Cajon, CA 92020

I then sealed each envelope and with postage thereon fully prepaid, I placed each for deposit in the United States Postal Service, the same day, at my business address shown above, following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 7th, 2007, at San Diego County, San Diego, California 92101.

Brittany Rothdeutsch
Legal Assistant
(619) 702-6199

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILED

**I (a) PLAINTIFFS**

**Carrea Christopher Jr.**

**DEFENDANTS**

**Director of the State of California Depart et al**

07 NOV 16 PM 4:19

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Tuolumne
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Tuolumne
(IN U.S. PLAINTIFF CASES ONLY)

BY: _____ DEPUTY

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**Carrea Christopher Jr. P77287**
**5150 O'Byrnes Ferry Rd**
**Jamestown, CA 95327**

**ATTORNEYS (IF KNOWN)**

'07 CV 2197 JLS (NLS)

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

**28 U.S.C. 2254**

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Electmant | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE

Docket Number

DATE **11/16/07**





$144 616  $5.00
12  11/16/07

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 144616        — SR
* * C O P Y * *
November 16. 2007
16:25:56

**Habeas Corpus**
USAO #.: 07CV2197 HABEAS
Judge..: JANIS L. SANMARTINO
Amount.:
                              $5.00 CA

Total—>   $5.00

FROM: CHRISTOPHER V. DIRECTOR OF
      THE STATE OF CALIFORNIA. ET AL
      HABEAS