1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  DANIEL ROGERS
   Deputy Attorney General
5  MATTHEW MULFORD, State Bar No. 184000
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-2227
    Fax: (619) 645-2271
9   Email: Matthew.Mulford@doj.ca.gov

10 Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CARREA CHRISTOPHER, Jr.**, | 07cv2197 JLS (NLS) |
| Petitioner, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PETITION** |
| v. | |
| **JAMES E. TILTON, Secretary,** | |
| Respondent. | |

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  DANIEL ROGERS
   Deputy Attorney General
5  MATTHEW MULFORD, State Bar No. 184000
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-2227
    Fax: (619) 645-2271
9   Email: Matthew.Mulford@doj.ca.gov

10  Attorneys for Respondent

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

| CARREA CHRISTOPHER, Jr., | 07cv2197 JLS (NLS) |
|---|---|
| Petitioner, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PETITION** |
| v. | |
| JAMES E. TILTON, Secretary, | |
| Respondent. | |

        Christopher currently has appointed appellate counsel in state court, who is representing him in an ongoing appeal from his July 20, 2007, criminal conviction. His efforts to seek interlocutory and extraordinary relief from the California courts did not properly exhaust his claim. His Petition should be dismissed without prejudice.

**Procedural History**

        According to Christopher's pleading, on July 20, 2007, he received a seven-year sentence after his conviction by a San Diego County jury in case CE269321. (Pet. at 1.) State court records indicate that Christopher filed a notice of appeal from this decision on July 31, 2007, and that

///

appellate counsel Laurel Nelson was appointed to represent him in October 2007. (Ex. A.) To date, Nelson had not filed an opening brief on appeal.

## ARGUMENT

### I.

**BECAUSE CHRISTOPHER CURRENTLY HAS A PENDING DIRECT APPEAL CONCERNING HIS CONVICTION, THIS COURT SHOULD ABSTAIN FROM RULING ON HIS PETITION**

Christopher has an ongoing appeal pending in the California Court of Appeal. (Ex. A.) Since this pending state-court proceeding, not to mention any subsequent state habeas corpus proceedings, will permit Christopher to raise claims concerning his conviction, this Court should dismiss his Petition under the abstention doctrine. This Court should not now require a responsive pleading from the Warden because the California Court of Appeal may take action that would render the federal claims moot.

Federal habeas corpus is generally not available to review issues that are currently pending in state court. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980) (citing *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1970)). Federal courts should refrain from interfering with state-court proceedings unless there are unusual circumstances, such as an alleged Double Jeopardy violation or "extraordinary delay." *See e.g.*, *Santamaria v. Horsely*, 133 F.3d 1242, 1243-44 (9th Cir. 1998) (en banc) (regarding Double Jeopardy claim), *amended by* 138 F.3d 1280; *Phillips v. Vasquez*, 56 F.3d 1030, 1035-36 (9th Cir. 1995) (holding that a fifteen-year delay in a capital case's penalty-phase retrial permitted federal review of the underlying guilt-phase conviction).

Although Christopher's federal Petition raises a claim regarding his speedy trial rights, nothing about the claim suggests that it could not be resolved in the ordinary course of California's appellate procedures. Christopher has not yet completed his efforts to seek state court relief, and so this Court should abstain from reaching his claims and dismiss the Petition.

///

///

## II.

### Christopher Has Not Properly Exhausted His Claims

Christopher's prior efforts to receive relief on his claims in the California Court of Appeal and in the California Supreme Court are not sufficient to have properly exhausted his claims because he sought interlocutory and extraordinary relief and has not yet completed an appeal. (*See* Ex. B (requesting Mandamus relief).

To properly exhaust a claim, a federal petitioner must raise it in the manner provided by the state courts, including every level of direct review. *See Casey v. Moore*, 386 F.3d 896, 915-18 (9th Cir. 2004). Presenting a claim to a state court in a manner in which it is unlikely that its merits will be considered, particularly where other avenues remain available as a matter of right, does not exhaust a claim. *See Castille v. Peoples*, 489 U.S. 346, 350-51, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); *also O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (requiring presentation of direct-appeal claims to both an intermediate appellate court and the state's highest court).

In California the trial "is the main arena for determining the guilt or innocence of an accused defendant," and a direct appeal "provides the basic and primary means for raising challenges to the fairness of the trial." *In re Robbins*, 18 Cal. 4th 770, 777, 77 Cal. Rptr. 2d 153, 959 P. 2d 311 (1998); *see* Cal. Ct. R. 8.304 (regarding the notice of appeal). When a direct appeal is inadequate, California permits habeas corpus to act as another avenue for relief. *See In re Harris*, 5 Cal. 4th 813, 828, 855 P.2d 391, 21 Cal. Rptr. 2d 373 (1993).

Nothing about Christopher's claims suggest that direct appeal will be inadequate for him to fairly raise them. Indeed, Christopher will be entitled to receive transcripts from his trial, which should help him flesh out and support his claims. His claims should not be deemed exhausted until after he completes his direct appeal. His statute of limitations, moreover, should not begin to run until after the completion of his direct appeal.

///

///

///

His claims are not properly exhausted and should be dismissed.

### III.

### GROUND THREE APPARENTLY SEEKS MONETARY DAMAGES, BUT NOT RELIEF FROM CUSTODY

In Ground Three, Christopher seems to argue that he is entitled to relief under 42 U.S.C. § 1983 on the grounds of malicious prosecution. (Pet. at 8.) But such a claim does not seek relief from custody and should be dismissed from his Petition, which he filed under 28 U.S.C. § 2254. (Pet. at 1.) Ground Three should be dismissed.

### CONCLUSION

The Petition should be dismissed.

Dated: January 10, 2008

    Respectfully submitted,

    EDMUND G. BROWN JR.
    Attorney General of the State of California

    DANE R. GILLETTE
    Chief Assistant Attorney General

    GARY W. SCHONS
    Senior Assistant Attorney General

    DANIEL ROGERS
    Deputy Attorney General

    s/Matthew Mulford

    MATTHEW MULFORD
    Deputy Attorney General

    Attorneys for Respondent

MM:adc
80195162.wpd
SD2007803105

**EXHIBIT LIST**

  A. Online Docket Printout and Assorted Records From California Court of Appeal, case number D051337.

  B. Petition for Writ of Mandate, California Court of Appeal, case number D050828 (*see* Pet. at 3 of 126).

  C. Petition for Writ of Habeas Corpus, California Supreme Court, case number S153340 (*see* Pet. at 2 of 126).