**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARREA CHRISTOPHER JR., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> JAMES E. TILTON, SECRETARY, ET AL. ) <br> ) <br> Respondents. ) <br> ) | Civil No.07cv2197 BTM (NLS) <br><br> **REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENTS' MOTION TO DISMISS** |

Carrea Christopher ("Petitioner"), a California prisoner proceeding pro se, filed a Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254. Petitioner contests his confinement on the bases that the trial court violated (1) the Equal Protection Clause of the Fourteenth Amendment by denying Petitioner's speedy trial motion because of his race; and (2) the Sixth Amendment by denying Petitioner a fair trial because the judge was not impartial. [Doc. No. 1.] The Petitioner also alleges the prosecution deprived him of his constitutional rights through malicious prosecution. *Id.* Respondents filed a motion to dismiss the Petition on grounds that Petitioner failed to fully exhaust these claims in state court. [Doc. No. 5.] Petitioner filed an Opposition. [Doc. No. 6.]

Upon a complete review of the record and careful consideration of the arguments presented, the Court **RECOMMENDS** that Respondents' motion to dismiss be **GRANTED** in its entirety, and that the Petition be dismissed without prejudice.

///

///

**PROCEDURAL BACKGROUND**

Petitioner was arrested on December 5, 2006 for inflicting corporal injury on a current or former spouse or co-habitant and other charges. (Petitioner's Ex. A.) On December 20, 2006, Petitioner filed a notice and demand for a speedy trial. (Petitioner's Memorandum of Points and Authorities in Opposition to Motion to Dismiss "Opposition" at 2.) On January 5, 2007, the Office of the District Attorney sent a letter of acknowledgment to Petitioner stating the office received the notice and demand for a speedy trial. (Petitioner's Ex. C.)

As of April 5, 2007, a trial date was not set for Petitioner. (Petitioner's Ex. F.) By April 20, 2007, Petitioner's motion to dismiss for lack of a speedy trial was denied three different times by the trial court. (Petitioner's Ex. E.) Petitioner appealed the trial court's denial of his motion to dismiss for lack of a speedy trial by filing a writ of habeas corpus with the California Court of Appeal, Fourth Appellate District, Division One. (Petitioner's Ex. F.) The California Court of Appeal denied the Petition on May 14, 2007. *Id.* Petitioner appealed the denial to the California Supreme Court. (Petitioner's Ex. G.) On July 18, 2007 the California Supreme Court also denied the Petition. *Id.*

On July 20, 2007, Petitioner was convicted by a jury in California Superior Court for the County of San Diego for inflicting corporal injury on a current or former spouse or co-habitant. (Pet. at 1-2.) The trial court sentenced Petitioner to a term of seven years in state prison. (Pet. at 1.) Petitioner filed a notice of appeal of this conviction in the California Court of Appeal, Fourth Appellate District, Division One on July 31, 2007. (Respondents' Ex. A.) Appellate counsel Laurel Nelson was appointed for Petitioner on October 11, 2007. *Id.* As of the date of this order, Petitioner has not filed an opening brief regarding the appeal of his conviction.

**DISCUSSION**

"The . . . district court shall entertain an application for a writ of habeas corpus in behalf of a **person in custody pursuant to the judgment of a State court** only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Before filing a federal habeas petition, a prisoner in state custody pursuant to a state court judgment must first exhaust state judicial remedies through either a direct appeal or collateral proceedings. *See* 28 U.S.C. § 2254(b),(c); *Reiger v. Christensen*, 789 F.2d 1425, 1427 (9th Cir. 1986).

"The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). A federal court is generally not available to review issues within a habeas corpus petition that are currently pending in state court. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983).

For a petitioner to successfuly exhaust state judicial remedies, the petitioner must provide the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Then the petitioner has the burden of pleading exhaustion in the federal habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir.1981) (citations omitted).

Further, any person in custody pursuant to the judgment of a State court receives a one year period of limitation to apply for a writ of habeas corpus in a federal court. 28 U.S.C. § 2244(d)(1). The time that passes during review of a State conviction or other collateral review regarding the pertinent judgment shall not be counted towards the period of limitation. 28 U.S.C. § 2244(d)(2).

Here, Petitioner appealed the denial of his speedy trial motion. He relies on that appeal as the basis for this habeas corpus petition. The ruling on the speedy trial motion, however, was not a judgment that caused Petitioner's incarceration. Even though Petitioner appealed the ruling on the speedy trial motion up to the California Supreme Court, that appeal did not challenge a conviction or judgment of a state court, as required by 28 U.S.C. § 2254(a). Petitioner was not even convicted until two days after the California Supreme Court denied his appeal regarding the speedy trial motion. In other words, Petitioner's pursuit of his speedy trial motion was a proceeding completely separate from his trial and conviction. The court's ruling on his speedy trial motion is not the basis of his current confinement.

Currently, Petitioner has a direct appeal of his conviction pending in state court. Federal review is not generally available to issues within a habeas petition pending in state court. Petitioner's pending direct appeal in state court shows Petitioner has not fully exhausted his state judicial remedies. Further, Petitioner does not argue the pending direct appeal is an inadequate forum for him to raise his claims.

///

**CONCLUSION**

Because Petitioner's underlying state court proceedings on which he bases this habeas petition is not founded on a state court judgment, and because Petitioner has not exhausted the claims stemming from his conviction, this Court **RECOMMENDS** the district court **GRANT** Respondents' motion to dismiss and dismiss this Petition without prejudice.

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than *April 15, 2008*, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than *April 25, 2008*. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 24, 2008

Hon. Nita L. Stormes
U.S. Magistrate Judge