CHRISTOPHER CARREA JR.
P77287    15-12
5150 O'BYRNES FERRY ROAD
JAMESTOWN, CALIFORNIA
               95327

PRO PER

FILED
2008 APR 14 PM 3:36
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CARREA CHRISTOPHER JR.,            )    CASE NO.:CV07-2197JLS(NLS)
                                   )
                                   )    OBJECTION TO REPORT AND
              PETITIONER,          )    RECOMENDATION MEMORANDUM
                                   )    OF POINTS AND AUTHORITIES
                                   )
VS.                                )    HON. BARRY TED MOSKOWITZ
                                   )    COURTROOM:    15
JAMES E. TILTON, SECRETARY,        )    DATE:         MAY 2, 2008
                                   )    TIME:         11:00 A.M.
                                   )
              RESPONDENTS.         )
                                   )
_____)

OBJECTION TO REPORT AND RECOMMENDATION      CARREA V. TILTON, ET AL.,
                                            CASE NO.:CV07-2197BTM(NLS)

CHRISTOPHER CARREA JR.
P77287     15-12
5150 O'BYRNES FERRY ROAD
JAMESTOWN, CALIFORNIA
           95327

PRO PER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARREA CHRISTOPHER JR., ) | CASE NO.:CV07-2197JLS(NLS) |
| ) | |
| PETITIONER, ) | OBJECTION TO REPORT AND |
| ) | RECOMENDATION MEMORANDUM |
| ) | OF POINTS AND AUTHORITIES |
| VS. ) | |
| ) | HON. BARRY TED MOSKOWITZ |
| JAMES E. TILTON, SECRETARY, ) | COURTROOM:  15 |
| ) | DATE:       MAY 2, 2008 |
| ) | TIME:       11:00 A.M. |
| RESPONDENTS. ) | |

THE PETITIONER, CARREA CHRISTOPHER JR., FILED A DEMAND FOR SPEEDY TRIAL DECEMBER 20, 2006. THE SAN DIEGO COUNTY DISTRICT ATTORNEY OFFICE SENT A NOTICE OF ACKNOWLEDGMENT STATING THEY RECIEVED THE DEMAND FOR SPEEDY TRIAL DECEMBER 29, 2006. THE SAN DIEGO COUNTY DISTRICT ATTORNEY OFFICE, DECIETFULY, FALSLY AND THROUGH FRAUDULENT MISREPRESENTATION STATED, THEY HAD NOTHING

PAGE ONE

OBJECTION TO REPORT AND RECOMMENDATION     CARREA V. TILTON, ET AL.,
                                            CASE NO.:CV07-2197BTM(NLS)

1  TO DO WITH PROSECUTING ANY FELONY CASE,(SEE EXHIBIT A)ALTHOUGH

2  THEY HAD FULL INTENTION OF PROSECUTING, BUT ALSO HAD FULL INTENTION

3  OF DEPRIVING THE PETITIONER OF HIS PROCEDURAL DUE PROCESS OF

4  PRPARING AT THE SAME TIME FOR THE CASE, BY MISLEADING THE

5  PETITIONER, CARREA CHRISTOPHER JR., THAT THERE WAS NO FELONY CASE

6  TO PREPARE FOR.  THEY STATED ONLY THE CITY ATTORNEY HAD A CASE.

7  (MISDEMEANER TRAFFIC VIOLATION)

8          THE DISTRICT ATTORNEY OFFICE IN WILFUL MISCONDUCT

9  FILED THE CASE AFTER THEY KNEW EVIDENCE IN PETITIONER, CARREA

10 CHRISTOPHER JR., BEHALF WAS NO LONGER AVAILABLE.(THE ACTUAL

11 VIDEO TAPE OF ALL ENCOUNTERS OF THE ALLEGED EVENT THAT PROVED

12 THE ALLEGED VICTIM WAS WITH SOMEONE ELSE, THAT WAS ONLY HELD

13 TWENTY DAYS) AND WITNESSES TO THE EFFECT. THUS DENYING THE

14 PETITIONER, CARREA CHRISTOPHER JR., A FAIR TRIAL DELIBRATELY.

15         THE PETITIONER, CARREA CHRISTOPHER JR., PROMPTLY

16 MOTION THE COURT FOR DISMISSIAL, DUE TO THE SAN DIEGO COUNTY

17 DISTRICT ATTORNEY AND TRIAL COURT GOING BEYOND THE MANDATED

18 DISMISSIAL OF A CASE 90 DAYS AFTER A DEMAND FOR A TRIAL IS

19 RECIEVED.

20         IN ALL CASES THE IS DISMISSED AFTER THE 90 DAYS PERIOD.

21 THE TRIAL JUDGE, DUE TO THE PETITIONER, RACE,(BLACK)REFUSED THE

22 MANDATED DISMISSIAL DUE TO HIM SEEING THE PETITIONER WAS A

23 MINORITY AND PRO PER. THE RECORD OF THE TRIAL JUDGE REFLECTS,

24 THE TRIAL JUDGE HAS NEVER REFUSED ANY WHITE MAN A DISMISSIAL

25 UNDER THE SAME RECORD.  THE TRIAL JUDGE IN HIS PURPOSFUL

26                    PAGE TWO

27

28 OBJECTION TO REPORT AND RECOMMENDATION    CARREA V. TILTON, ET AL.,
                                            CASE NO.:CV07-2197BTM(NLS)

1  DISCRIMINATION IN A TRIAL COURT, SENT THE PETITIONER TO AN
2  ILLEGAL TRIAL IN VIOLATION OF LAWS, HE WAS SWORN TO UPHOLD, THAT
3  RESULTED IN A CUSTODY IN VIOLATION OF THE UNITED STATES
4  CONSTITUTION.(1)GROUND ONE, DENIAL OF FOURTEENTH AMENDMENT OF
5  THE UNITED STATES EQUAL PROTECTION OF THE LAW AND PURPOSFUL
6  DISCRIMINATION;(2)GROUND TWO, SIXTH AMENDMENT OF THE UNITED STATES
7  OF A FAIR AND IMPARTIAL JUDGE;(3)GROUND THREE, THE DELIBRATE
8  VIOLATION OF THE UNITED STATES CONSTITUTION BY A PROSECUTING
9  AGENCY KNOWINGLY.

ARGUMENT

I

IF IT IS UNCLEAR WHETHER STATE
FINDER OF FACTS APPLIED CORRECT
CONSTITUTIONAL CLAIM FEDERAL
DISTRICT COURT MUST HOLD HEARING

IF IT IS UNCLEAR WHTHER STATE FINDER OF FACTS APPLIED
CORRECT CONSTITUTIONAL STANDARDS IN DISPOSING OF CONSTITUTIONAL
CLAIMS, FEDERAL DISTRICT COURT MUST HOLD HEARING. THE UNITED
STATES SUPREME COURT HAS RULED THAT IN SOME CIRCUMSTANCES(6
DIFRENT ISSUES)THE FEDERAL DISTRICT COURT MUST HOLD A HEARING.
THIS CASE QUALIFIES UNDER ALL LISTED CIRCUMSTANCES OF TOWNSEND.

PAGE THREE

OBJECTION TO REPORT AND RECOMMENDATION        CARREA V. TILTON, ET AL.,
                                              CASE NO.:CV07-2197BTM(NLS)

1  (SEE TOWNSEND V. SAIN, 372 U.S. 293, 83 S.CT. 745; 28 USCA 2243;
2  28 USCA 2245; 28 USCA 2247; 28 USCA 2249)
3       WHERE, AS HERE, THE HIGHEST STATE COURT GIVES NO REASONED
4  EXPLANATION OF ITS DECISION ON THE FEDERAL CLAIMS, IN FACT IT GAVE
5  ABSOLUTLY NO REASON AT ALL,(SEE EXHIBIT B THE SUPREME COURT DECISION)
6  AND THERE IS NO REASONED LOWER COURT DECISION ON THE CLAIM, IN
7  FACT THE RECORD SHOWS IT GAVE NO REASON AT ALL, A REVIEW OF THE
8  RECORD IS THE ONLY MEANS OF DECIDING WHETHER THE STATE COURT'S
9  DECISION WAS OBJECTIVELY REASONABLE.(SEE HIMES V. THOMPSON, 336
10 F.3D 848, 853(9TH CIR. 2003)
11       WHEN CONFRONTED WITH SUCH A DECISION, A FEDERAL COURT CONDUTS
12 "AN INDEPENDENT REVIEW OF THE RECORD" TO DETERMINE WHETHER THE
13 state court'S DECISION WAS AN UNREASONABLE APPLICATION OF CLEARLY
14 ESTABLISHED FEDERAL LAW(SEE ID, ACCORD LAMBERT V. BLODGETT, 393
15 F.3D 943, 970 N. 16(9TH CIR. 2004)A CASE MORE THAN FIVE MONTHS
16 DELAY, EVEN BY FEDERAL STANDARDS, DELAY BETWEEN ARREST AND TRIAL
17 CONSTITUTES A CASE.(SEE UNITED STATES V. LAM, 251 F. 3D 852, 856,
18 ; UNITED STATES V. VALENTINE, 783 F.2D 1413)A PETITIONER MUST
19 ASSERT HIS SPEEDY TRIAL RIGHTS BEFORE TRIAL. THE PETITIONER,
20 CARREA CHRISTOPHER JR., ASSERTED HIS SPEEDY TRIAL RIGHTS PRIOR
21 TO TRIAL.
22   IN THIS CASE EVEN MORE SO THAN SPEEDY TRIAL, THE TRIAL COURT
23 INTENTIONALY DISCRIMINATED THE PETITIONER AND SENT THE PETITIONER,
24 CARREA CHRISTOPHER JR., TO AN ILLEGAL HELD TRIAL, DUE TO RACIAL
25 ANIMUS. THE SUPREME COURT HAS HELD THAT AN INDIVIDUAL MAY STATE
26 A "CLASS OF ONE" EQUAL PROTECTION" CLAIM IF ONE HAS WERE
27                 PAGE FOUR
28 OBJECTION TO REPORT AND RECOMMENDATION    CARREA V. TILTON, ET AL.,
                                            CASE NO.:CV07-2197BTM(NLS)

1  INTENTIONALLY TREATED DIFFRENTLY FROM OTHJERS SIMILARILY SITUATED

2  AND THAT THERE IS NO RATIONAL BASIS FOR THE DIFRENCE IN

3  TREATMENT.(SEE VILLAGE OF WILLOWBROOK V. OLECH 120 S. CT. 1073)

4         AN EQUAL PROTECTION CLAIM FOCUSES ON THE DENIAL OF

5  PERSONS OF A PROTECTED CLASIFICATION. THE PETITIONER IN THIS CASE

6  IS A PERSON OF A PROTECTED CLASSIFICATION, HE IS BLACK.

7  TYPICALLY THEN THE EXAMINER OF SUCH CLAIMS ARE UNDER A MORE

8  EXACTING STRICT SCRUTINY TEST.(SEE MARTIN V. GRESHAM SCHOOL

9  DISTRICT, 295 F.3D 701; DAVID V. LANE 839 F.2D 1265, 1270)

10

11                         ARGUMENT

12                            II

13

14                   THERE IS AN ABSENCE OF

15                   STATE CORRECTIVE PROCESS

16

17    THE PETITIONER, CARREA CHRISTOPHER JR., HAS PRESENTED THE

18  ISSUE THREE TIMES IN THE TRIAL COURT, HAS PRESENTED THE ISSUE

19  TO APPELLATE SUPREME COURT, THE APPLLATE COURT HAS AN APPEAL

20  THAT STARTED ABOUT A YEAR AGO AND THERE IS NO OPENING BRIEF

21  YET IN THE HAND OF THE PETITIONER AND THE APPELLATE APOINTED

22  ATTORNEY STATES WHEN EVER HE GETS AROUND TO AN OPENING BRIEF,

23  SHE WILL MORE THEN LIKLY NOT PRESENT THE ISSUES ALREADY PRESENT

24  IN THIS PETITION. THE MAGISTRATE JUDGE WANTS THE PETITIONER

25  TO BOUNCE AROUND IN STATE COURTS FOR YEARS, THAT HAVE SHOWN

26                         PAGE FIVE

27

28  OBJECTION TO REPORT AND RECOMMENDATION    CARREA V. TILTON, ET AL.,
                                              CASE NO.:CV07-2197BTM(NLS)

THEY WILL NOT FAIRLY GIVE THE PETITIONER A FAIR HEARING AND SHE DOES NOT RECOMMEND A COURT ORDER TO FORCE THE STATE APPELLATE COURT TO HAVE A FAIR HEARING. TO DENY THE PETITIONER A FAIR HEARING AT THIS POINT, IS NOT THE INTENT OF CONGRESS. THERE IS AN ABSENCE OF STATE CORRECTIVE PROCESS.

   PURSUANT TO 28 USCSA 2254, THERE IS AN ABSENCE OF AVAILABLE STATE CORRECTTIVE PROCESS IF:

(1)ii)CIRCUMSTANCES EXIST THAT RENDER SUCH PROCESS INEFFECTIVE TO PROTECT THE RIGHTS OF THE APPLICANT.(WHICH HAS HAPPEN TO THE PETITIONER)

(2)IF THE STATE ADJUDICATION IN STATE COURT RESULTED IN A DECISION THAT WAS CONTRARY TO, OR INVOLVED AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAWS AS DETERMINED BY THE SUPREME COURT OF THE UNITED STATES.(WHICH HAS HAPPENED TO THE PETITIONER)

(3)IF THE STATE ADJUDICATION RESULTED IN AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN THE STATE COURT PROCEEDING.(WHICH HAS HAPPEN TO THE PETITIONER)

   THE UNITED STATES SUPREME COURT HAS ALREADY DECIDED THAT THE FAILURE TO EXHAUST STATE REMEIDIES DOES NOT DEPRIVE AN APPELLATE COURT OF JURISDICTION TO CONSIDER THE MERITS OF A HABEAS CORPUS.((SEE STRIKLAND V. WASHINGTON, 104 S. CT. 2054; ROSE V. LUNDY, 102 S.CT. 1198; FRISBIE V. COLLINS 72 S.CT. 509)

PAGE SIX

OBJECTION TO REPORT AND RECOMMENDATION        CARREA V. TILTON, ET AL.,
                                              CASE NO.:CV07-2197BTM(NLS)

## CONCLUSION

IN THE INTREST OF JUSTICE THE PETITION SHOULD BE REVIEWED.

DATED: APRIL 8, 2008

RESPECTFULLY SUBMITTED,

BY: _____
CARREA CHRISTOPHER JR.

PAGE SEVEN

OBJECTION TO REPORT AND RECOMMENDATION      CARREA V. TILTON, ET AL.,
                                            CASE NO.:CV07-2197BTM(NLS)