1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11 | CHRISTOPHER CARREA, Jr.

12 |                                    Petitioner,

13 |          vs.

14

15

16 | MATTHEW CATE, Secretary of the
California Department of Corrections and
17 | Rehabilitation,

18 |                                    Respondent.[1]

Civil No. 07cv2197-BTM (NLS)

**ORDER:**

**(1) DECLINING TO ADOPT THE
FINDINGS AND CONCLUSIONS OF
UNITED STATES MAGISTRATE
JUDGE;**

**(2) GRANTING RESPONDENT'S
MOTION TO DISMISS; AND,**

**(3) DISMISSING PETITION FOR A
WRIT OF HABEAS CORPUS WITHOUT
PREJUDICE**

19    Petitioner is a California prisoner proceeding pro se with a Petition for a Writ of Habeas

20 Corpus pursuant to 28 U.S.C. § 2254.   (Doc. No. 1.)   Petitioner contends his federal

21 Constitutional rights were violated because: (1) he was denied his speedy trial rights due to his

22 race; (2) his challenges to the denial of his speedy trial rights in the state courts were not heard

23 by impartial judges: and (3) the San Diego District Attorney and California Attorney General

24 have engaged in purposeful discrimination in connection to the denial of his speedy trial rights

25 amounting to malicious prosecution actionable under 42 U.S.C. § 1983.  (Pet. at 6-8.)  Petitioner

26 presented his speedy trial claim in a motion to dismiss filed in the trial court, presented the same

27

28    [1]  The Court substitutes Matthew Cate, the Secretary of the California Department of Corrections
and Rehabilitation as Respondent in place of his predecessor and former Respondent James E. Tilton.

claim to the state appellate court in a habeas petition in which he requested mandamus relief, and presented claims one and two raised here, along with a prosecutorial misconduct claim, in the state supreme court in a habeas petition in which he also requested mandamus relief.  (Doc. No. 5, Exs. B-C.)  It does not appear that Petitioner has presented claim three to any state court specifically as a section 1983 claim.  (See id.)  Several days after the state supreme court denied his habeas petition, Petitioner was convicted of inflicting corporal injury on a current or former spouse or co-habitant, and was sentenced to seven years in state prison.  (Id. at 1-2.)  His direct appeal is currently pending in the state appellate court.  (See http://www.courtinfo.ca.gov (last visited May 23, 2008).)  Petitioner filed a notice of appeal of his conviction and sentence on July 20, 2007, before filing the instant federal habeas Petition on November 1, 2007, and filed his opening brief on appeal on April 10, 2008.  (Id.)

Respondent has filed a Motion to Dismiss the Petition.  (Doc. No. 5.)  Respondent contends that Petitioner did not properly exhaust claims one and two because they were presented through interlocutory and mandamus actions, and that this Court should in any case dismiss those claims without prejudice under the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1970) because Petitioner is currently proceeding with his direct appeal. (Resp.'s Mem. at 2-3.)  Respondent contends that claim three "does not seek relief from custody" and should be dismissed from the Petition on that basis.  (Id. at 4.)

Presently before the Court is a Report and Recommendation ("R&R") submitted by United States Magistrate Judge Nita Stormes which finds that the Petitioner is not in custody as a result of the ruling he is challenging in this action, and that he has not exhausted his state court remedies because his direct appeal is still pending.  (R&R at 3.)  The Magistrate Judge recommended granting the Motion to Dismiss for those reasons.  (R&R at 4.)  Petitioner has filed objections to the R&R.  (Doc. No. 11.)

The Court has reviewed the R&R and the Objections thereto pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  For the following reasons, the Court declines to adopt the findings and conclusions of the Magistrate Judge, grants the Motion to Dismiss, and dismisses the Petition without prejudice.

The Court declines to adopt the Magistrate Judge's finding, for which no authority is cited, that Petitioner has not satisfied the "in custody" requirement of section 2254 because he is not in custody as a result of the denial of his speedy trial motion.  (R&R at 3.)  The Supreme Court has held that a federal habeas petitioner satisfies the "in custody" requirement of section 2254 by directly attacking a sentence he is currently serving.  Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02 (2001).  Petitioner here is directly attacking his conviction and sentence, and has satisfied the "in custody" requirement.

The Court need not reach the issue regarding whether Petitioner has properly exhausted his state court remedies.  The Ninth Circuit has held that district courts should abstain under Younger from adjudicating federal constitutional claims when a federal habeas petitioner's state appeal is pending, irrespective of whether state court remedies have been exhausted.  Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983).  Under Younger, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances.  Younger, 401 U.S. at 45-46; see Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) (Younger "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.")  These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot.  Sherwood, 716 F.2d at 634.

Absent extraordinary circumstances, abstention under Younger is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue.  Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001).  All three of these criteria are satisfied here.  At the time he filed the instant Petition, Petitioner had already filed a notice of appeal of his conviction.  There is no question that the state criminal proceedings involve important state interests.  It is the third criteria upon which Petitioner relies.  He

1   contends that he has presented the claims at issue here to the state trial, appellate and supreme

2   courts, without success, and that he has been told by his appellate attorney that she will more

3   than likely not present the issue on direct appeal.  (Objections at p. 5.)

4       Petitioner does not support his contention that the state courts do not provide him an

5   adequate opportunity to raise his claims, and this Court specifically rejects such an argument.

6   Petitioner's claims are the type of claims that the state courts afford Petitioner an adequate

7   opportunity to raise on direct appeal, and abstention is therefore required.  See Huffman v.

8   Pursue, Ltd., 420 U.S. 592, 608 (1975) (Younger applies to state appellate proceedings as well

9   as ongoing proceedings in state trial court); see also Drury v. Cox, 457 F.2d 764, 764-65 (9th

10  Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal

11  interposition by way of injunction or habeas corpus until after the jury comes in, judgment has

12  been appealed from and the case concluded in the state courts.")

13      Because Petitioner has failed to demonstrate that extraordinary circumstances exist which

14  would relieve this Court of its obligation to abstain from interfering with ongoing state criminal

15  proceedings, his habeas claims are subject to dismissal without prejudice.  Juidice v. Vail, 430

16  U.S. 327, 337 (1977) (holding that if Younger abstention applies, a court may not retain

17  jurisdiction but should dismiss the action.)

18      With respect to claim three, brought pursuant to 42 U.S.C. § 1983, Respondent contends

19  this claim should be dismissed from the Petition because it "does not seek relief from custody."

20  (MTD at 4.)  In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Court considered the potential

21  overlap between federal habeas actions under 28 U.S.C. § 2254 and challenges to the conditions

22  of confinement pursuant to 42 U.S.C. § 1983.  The Court held that habeas is the exclusive

23  remedy for a state prisoner challenging the fact or duration of his confinement and the relief he

24  seeks is a determination that he is entitled to immediate release or a speedier release from that

25  confinement, even though the claim may also come within the literal terms of section 1983.  Id.

26  at 488-500.  On the other hand, a section 1983 action is a proper avenue for a state prisoner who

27  is making a constitutional challenge to the conditions of his prison life, but not to the fact or

28  length of his custody.  Id. at 499.

1    The Supreme Court has therefore concluded that state prisoners must use habeas corpus

2    "when they seek to invalidate the duration of their confinement – either directly through an

3    injunction compelling speedier release or indirectly through a judicial determination that

4    necessarily implies the unlawfulness of the State's custody," Wilkinson v. Dotson, 544 U.S. 74,

5    81 (2005), and that claims which, if successful, would not entitle Petitioner to release from

6    custody, are cognizable under section 1983. Edwards v. Balisok, 520 U.S. 641, 646-48 (1997);

7    see also Mayle v. Felix, 545 U.S. 644. 671 n.4 (2005) ("the single, defining feature setting

8    habeas cases apart from other tort claims against the State is that they 'necessarily demonsrat(e)

9    the invalidity of the conviction.'") (quoting Heck v. Humphrey, 512 U.S. 477, 481-82 (1994).)

10    It is clear that claim three in the Petition challenges the fact of Petitioner's current

11    incarceration. The court finds that Younger abstention is appropriate as to claim three for the

12    same reasons as claims one and two. The Court declines to construe the Petition as a complaint

13    filed pursuant to 42 U.S.C. § 1983 because Petitioner is not challenging the conditions of his

14    confinement but is attacking the validity of his continuing incarceration. See Willwording v.

15    Swenson, 404 U.S. 249, 251 (1971) (holding that district courts have discretion to construe a

16    habeas petition attacking conditions of confinement as a complaint under section 1983 despite

17    deliberate choice by petitioner to proceed on habeas), superceded by statute on other grounds

18    as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006).

19

20    **CONCLUSION AND ORDER**

21    The Court **DECLINES** to adopt the findings and conclusions of the Magistrate Judge,

22    **GRANTS** Respondent's Motion to Dismiss [Doc. No. 5], and **DISMISSES** the Petition pursuant

23    to Younger v. Harris, 401 U.S. 37 (1970) without prejudice to Petitioner to present his claims

24    in a separate federal habeas petition filed after the conclusion of his direct appeal. The Court

25    advises Petitioner that he must exhaust the claims he wishes to pursue in the state supreme court.

26    Thus, if he is seeking relief based on the trial record, he must reraise the claims even though he

27    ///

28    ///

1  sought relief pretrial, because the record on the claims may now be different – e.g., the issue of

2  actual prejudice at trial from the delay.

3      **IT IS SO ORDERED.**

4

5  DATED:  June 3, 2008

6                                              _____

7                                              Honorable Barry Ted Moskowitz
                                               United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28